1  SHAW VALENZA LLP
   Kelcie M. Gosling, Bar No. 142225
2  kgosling@shawvalenza.com
   Katie L. Patterson, Bar No. 266023
3  kpatterson@shawvalenza.com
   980 Ninth Street, Suite 2300
4  Sacramento, California  95814
   Telephone:  (916) 326-5150
5  Facsimile:   (916) 497-0708

6  Attorneys for Defendant
   Target Corporation
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 CAILYNN PHAM,                        Case No.

12           Plaintiff,
                                        **NOTICE OF REMOVAL OF ACTION
13    v.                                TO THE UNITED STATES DISTRICT
                                        COURT FOR THE CENTRAL
14 TARGET CORPORATION, a                DISTRICT OF CALIFORNIA
   Corporation; KEVIN HOLLOWAY,         PURSUANT TO 28 U.S.C. §§ 1332,
15 an individual, and DOES 1 through    1441(b) (DIVERSITY)**
   25, Inclusive,
16
             Defendants.
17

18       TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR

19 THE CENTRAL DISTRICT OF CALIFORNIA:

20       PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332 and 1441(b),

21 defendant Target, Corporation ("Target") hereby removes to this Court the state

22 court action described below:

23       1.    On December 23, 2013, an action was commenced in the Superior

24 Court of the State of California for the County of Orange entitled *Cailynn Pham,*

25 *Plaintiff vs. Target Corporation, a Corporation; Kevin Holloway, an individual;*

26 *and Does 1 through 25, Inclusive, Defendants*, Case No. 30-2013-00694890-CU-

27 WT-CJC ("complaint").

28

SHAW VALENZA LLP
ATTORNEYS AT LAW
SACRAMENTO

NOTICE OF REMOVAL

2.     On January 2, 2014, plaintiff Cailynn Pham ("plaintiff") served a copy of the summons and complaint on Target.  True and correct copies of the summons and complaint served on Target are attached as **Exhibit 1**.

3.     On January 28, 2014, Target filed an answer in Orange County Superior Court.  A true and correct copy of the answer is attached as **Exhibit 2**.

4.     On March 12, 2014, plaintiff filed a Case Management Statement.  On March 17, 2014, Target filed its Case Management Statement.  A true and correct copy of plaintiff's Case Management Statement is attached as **Exhibit 3**.  A true and correct copy of Target's Case Management Statement is attached as **Exhibit 4.**

5.     On April 1, 2014, the parties appeared at a case management conference.  The court set the trial for January 12, 2015. As of the case management conference, defendant Kevin Holloway ("Holloway") had not yet been served with a copy of the summons and complaint.  Plaintiff requested that Holloway be dismissed from the action, which the court agreed to do. A true and correct copy of the Superior Court's minute order, stating that Holloway was dismissed at plaintiff's request, is attached as **Exhibit 5**.

6.     On April 8, 2014, plaintiff purported to serve a copy of the summons and complaint on Holloway, even though she had previously dismissed him from the action.  True and correct copies of the summons and complaint served on Holloway are attached as **Exhibit 6**.

7.     On May 5, 2014, Holloway attempted to electronically file an answer in Orange County Superior Court.  On May 7, 2014, Holloway received a Notice of Rejection of Electronic Filing, which stated:  "This electronic filing was rejected based on the following reason(s) . . . Per minute order 4/1/14 Defendant Kevin Halloway [sic] was dismissed without prejudice."  A true and correct copy of the Notice of Rejection of Electronic Filing is attached as **Exhibit 7**.

8.     On April 28, 2014, defendant received Plaintiff's responses to Target Corporation's First Set of Form Interrogatories – General and Objections and

Responses to Defendant Target Corporation's First Set of Form Interrogatories – Employment.  A true and correct copy of plaintiff's Objections and Responses to Defendant Target Corporation's First Set of Form Interrogatories – General is attached as **Exhibit 8**.  A true and correct copy of plaintiff's Objections and Responses to Defendant Target Corporation's First Set of Form Interrogatories – Employment is attached as **Exhibit 9**.

9.     On April 30, 2014, plaintiff served her responses to Defendant Target Corporation's First Demand for Inspection of Documents and Things and produced documents in response.  A true and correct copy of the document Plaintiff produced with a Bates-stamp number of C00006 is attached as **Exhibit 10** (the plaintiff's social security number was redacted in the copy produced by plaintiff).

10.     This is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to the Court by Target pursuant to the provisions of 28 U.S.C. § 1441(b), because it is a civil action in which the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

11.     Plaintiff was a resident and citizen of the State of California at the time of filing of this action, and still is.  Plaintiff alleges in Paragraph 1 of her complaint that she is a resident of Orange County, California.  She lived in Anaheim, California, and worked for Target's Anaheim store during all relevant times alleged in the complaint.

12.     At the time of the filing of this action, and as of the date of this notice, Target was and is a Minnesota corporation with its principal place of business in Minnesota. There is complete diversity of citizenship between Plaintiff and Defendant Target Corporation, the only defendant remaining in this action.

13.     Plaintiff voluntarily dismissed Holloway from the action without prejudice.  He is therefore not a party to the action.  *See* **Exhibit 7**, *see also Kuperman v. Great Republic Life Ins. Co.*, 195 Cal. App. 3d 943, 947 (1987).

14.     The amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs.  If Plaintiff prevails on her claims, she may recover lost wages, including back pay and front pay, as well as compensatory damages, punitive damages, and reasonable attorney's fees.  Plaintiff's complaint does not state the amount of her claimed damages.  *See* **Exhibit 1**.  Plaintiff's responses to Form Interrogatories – General and Employment establish that she has been unemployed since her termination date of April 23, 2013.   *See* **Exhibits 8, 9**.  In response to Target's requests for production, plaintiff produced W-2 forms establishing that her taxable income from Target in 2012, her last full year of employment, was $54,475.34.  <u>See</u> **Exhibit 10**.  Thus, a conservative estimate of plaintiff's monthly pay rate is $4,539.61.  Plaintiff's "back pay" lost wages alone from the termination date until the date of this removal are at least $54,475.34.  Her claim for back pay alone will reach $75,000.00 on or about September 23, 2014, well before the January 12, 2015 trial date the superior court set at the April 1 case management conference.  In addition to back pay, Plaintiff seeks damages for emotional distress, punitive damages, and attorney's fees. Given the amount of back pay, any award of front pay, compensatory damages, punitive damages, or attorney's fees will result in an award in excess of $75,000.00, exclusive of interest and costs.  Therefore, the amount in controversy in this action involves more than $75,000.00, exclusive of interest and costs.

15.     All papers filed and served in this action are attached hereto as **Exhibits 1–5, 7**.

16.     This Notice of Removal has been timely filed within the time provided by 28 U.S.C. § 1446(b), as it was filed within 30 days of April 28, 2014, the date Target first received plaintiff's responses to written discovery, the first "papers" in the case establishing the amount in controversy.

17.     Venue lies in the United States District Court for the Central District under 28 U.S.C. §§ 1441(a) and 1391(a) because the civil action was filed in a county within this District, and this is the judicial district in which the action arose.

18.     For all of these reasons, this Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441(b).

19.     All named and served defendants whom have not been voluntarily dismissed from this Action join in this notice of removal.

WHEREFORE, Defendant prays that the above action now pending against it in the Superior Court of the State of California for Orange County (Case No. 30-2013-00694890-CU-WT-CJC) be removed to this Court.

Dated:  May 19, 2014                    Respectfully submitted,

SHAW VALENZA LLP


By:/s/Kelcie M. Gosling
Kelcie M. Gosling
Katie L. Patterson
Attorneys for Defendant
Target Corporation

338011.3.00104.054

EXHIBIT  1

 **CT Corporation**

**Service of Process Transmittal**
01/02/2014
CT Log Number 524150219

**TO:**  Anne Lohmer
Target Corporation
1000 Nicollet Mall
Minneapolis, MN 55403-

**RE:**  **Process Served in California**

**FOR:**  Target Corporation (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Cailynn Pham, Pltf. vs. Target Corporation, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Instructions, Complaint, Exhibit(s) |
| **COURT/AGENCY:** | Orange County - Superior Court - Santa Ana, CA<br>Case # 30201300694890CUWTCJC |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - Wrongful termination of employment on basis of disability on November 1, 2012 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/02/2014 at 08:40 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after this summons are served on you |
| **ATTORNEY(S) / SENDER(S):** | Dolores Y. Leal<br>Allred, Maroko & Goldberg<br>6300 Wilshire Boulevard<br>Suite 1500<br>Los Angeles, CA 90048<br>323-653-6530 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/02/2014, Expected Purge Date: 01/07/2014<br>Image SOP<br>Email Notification, Employee Litigation Target CT.Service@target.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of  1 / VG

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Ex. 1
007

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:** TARGET CORPORATION, A
*(AVISO AL DEMANDADO):* CORPORATION; KEVIN HOLLOWAY, AN
INDIVIDUAL, AND DOES 1 THROUGH 25, INCLUSIVE

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**12/23/2013** at 01:04:27 PM

Clerk of the Superior Court
By Diana Cuevas, Deputy Clerk

**YOU ARE BEING SUED BY PLAINTIFF:** CAILYNN PHAM
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>ORANGE COUNTY SUPERIOR COURT<br>CENTRAL JUSTICE CENTER<br>700 CIVIC CENTER DRIVE WEST<br>SANTA ANA, CA 92701 | CASE NUMBER:<br>*(Número de)* 30-2013-00694890-CU-WT-CJC<br><br>Judge Sheila Fell |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

DOLORES Y. LEAL, SBN 134176   (323) 653-6530   (323) 653-1660
ALLRED, MAROKO & GOLDBERG
6300 WILSHIRE BOULEVARD, SUITE 1500
LOS ANGELES, CA  90048

| DATE:<br>*(Fecha)* 12/23/2013 | ALAN CARLSON, Clerk of the Court | Diana Cuevas<br>, Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*  TARGET CORPORATION, A CORPORATION

    under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |

Legal Solutions Plus

Ex. 1
008

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| DOLORES Y. LEAL, SBN 134176<br>ALLRED, MAROKO & GOLDBERG<br>6300 WILSHIRE BOULEVARD, SUITE 1500<br>LOS ANGELES, CA 90048<br><br>TELEPHONE NO.: (323) 653-6530   FAX NO.: (323) 653-1660<br>ATTORNEY FOR (Name): PLAINTIFF | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br><br>**12/23/2013** at 01:04:27 PM<br>Clerk of the Superior Court<br>By Diana Cuevas, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST
MAILING ADDRESS: SAME
CITY AND ZIP CODE: SANTA ANA, CA 92701
BRANCH NAME: CENTRAL JUSTICE CENTER

CASE NAME: PHAM v. TARGET CORPORATION

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE 30-2013-00694890-CU-WT-CJC |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE: Judge Sheila Fell<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400-3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint (not specified above) (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition (not specified above) (43) |
| [X] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive

4. Number of causes of action (specify): FIVE

5. This case [ ] is [X] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: DECEMBER 23, 2013

DOLORES Y. LEAL, SBN 134176
_____         _____
(TYPE OR PRINT NAME)                            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|

Legal Solutions Plus

Ex. 1
009

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice—
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach—Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case—Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ—Administrative Mandamus
Writ—Mandamus on Limited Court
Case Matter
Writ—Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal—Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief from Late
Claim
Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

DOLORES Y. LEAL, SBN 134176
CHRISTINA CHEUNG, SBN 280148
LAW OFFICES
**ALLRED, MAROKO & GOLDBERG**
SUITE 1500
6300 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90048-5217
Telephone No. (323) 653-6530
Fax No. (323) 653-1660

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**12/23/2013** at 01:04:27 PM

Clerk of the Superior Court
By Diana Cuevas, Deputy Clerk

**Attorneys for** Plaintiff, CAILYNN PHAM

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE

| | |
|---|---|
| CAILYNN PHAM,<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION, a Corporation;<br>KEVIN HOLLOWAY, an individual, and<br>DOES 1 through 25, Inclusive,<br><br>Defendants. | 30-2013-00694890-CU-WT-CJC<br>CASE NO. _____<br>Judge Sheila Fell<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT ("FEHA"), CA GOV'T CODE §12940 *et seq.* (failure to engage in the interactive process)**<br><br>2. **VIOLATION OF FEHA, GOV'T CODE §12940 *et seq.*(failure to accommodate)**<br><br>3. **VIOLATION OF FEHA, GOV'T CODE §12940 *et seq.*(harassment)**<br><br>4. **VIOLATION OF THE FEHA, GOV'T CODE §12940 *et seq.* (termination because of disability)**<br><br>5. **RETALIATION IN VIOLATION OF THE FEHA, GOV'T CODE §12940, *et seq***<br><br>6. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**<br><br>**JURY TRIAL DEMANDED** |

1

Ex. 1
011

## PRELIMINARY FACTUAL INTRODUCTION

1.      Plaintiff **CAILYNN PHAM** a female (hereinafter "Plaintiff" or "Ms. Pham") is a resident of Orange County, State of California.

2.      Defendant **TARGET CORPORATION** (hereinafter "Defendant" or "Target"), is now and was at all times relevant herein was a corporation duly organized and existing as a private corporation under the laws of the State of California. At all relevant times, Defendant employed more than five (5) employees within the meaning of California Government Code §12926.

3.      Defendant **Kevin Holloway** ("Mr. Holloway") is an individual, whom Plaintiff is informed and believes was at all relevant times relevant herein was a resident of the County of Orange, State of California. At all times relevant herein, Defendant Mr. Holloway was an agent of Defendant Target. Mr. Holloway was a Store Manager at Defendant Target's Anaheim store and Plaintiff's supervisor.

4.      The true names and capacities, whether individual, associate or otherwise, of Defendants sued herein as DOES 1 through 25, inclusive, are currently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the events and happenings referred to herein, and caused injury and damage proximately thereby to Plaintiff as hereinafter alleged. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities of the Defendants designated herein as DOES when the same have been ascertained. Whenever in this complaint reference is made to "Defendants," such allegation shall be deemed to mean the acts of Defendants acting individually, jointly, and/or severally.

5.      Except as hereinafter specifically described, Defendants and each of them, are and were the agents and/or employees of the other Defendants, and in acting as described herein were acting within the scope of their authority or employment as agents and/or employees thereof, and with the permission and consent of the other

Ex. 1
012

1  Defendants.

2      6.      Plaintiff Cailynn Pham was employed by Target for more than 6 years.

3  She was hired in January 2007 at Defendant's Anaheim store as an Executive Team

4  Leader for Softlines.

5      7.      Ms. Pham was a hard-working, dedicated, and loyal Supervisor who gave

6  110% to Target.  Her first Annual Review was rated "Excellent."  In fact, her then

7  Manager, Luis Mateos signed it on March 7, 2008 and hand wrote:

8          *"Cailynn, Thanks for being a total team player at the district and store level.  I*

9          *am proud of you and see many great things in store for you!! "*

10     8.      Ms. Pham became fully invested in making her Target store the best it

11  could be.  Ms. Pham continued to excel in her position not only because of her work

12  ethic and passion, but because she had the necessary support by her then manager, Mr.

13  Mateos.

14     9.      For Fiscal Year 2009, Ms. Pham received her Annual Review from Mr.

15  Mateos and was again rated "Outstanding."  Mr. Mateos' handwritten comments were:

16         *"Cailynn, Thank you for all your hard work and dedication.  I am proud of you*

17         *and your results.  I know 2421 will accomplish a lot this year and you are a*

18         *huge part of that.  Congrats in being an outstanding performer!"*

19     10.     In addition, in 2009, Ms. Pham also received the "MVP" award for store

20  "Bounce backs" at the end of 4th quarter.

21     11.     Unfortunately in January 2010, Ms. Pham who had previously been

22  diagnosed with Lupus had a flare up.  She was required to take a medical leave of

23  absence from January through May 2010.  Ms. Pham advised Mr. Mateos of her

24  disability and shared with him that as a result, she was unable to drive.

25     12.     Nonetheless, upon returning to work from her medical leave of absence,

26  Ms. Pham hit the ground running.  She was not going to let her disability prevent her

27  from working.  She believed that she was capable of overcoming any obstacle and was

28  determined to show that people with disabilities can get the job done.

Ex. 1
013

13.    For Fiscal Year 2011, Ms. Pham's Annual Review was once again rated "Excellent." Her District Team Leader, Gabrielle Savage signed the Review on April 2, 2012 and hand wrote:

>   *"Cailynn, Thanks for everything you've done at 2421. I'm so proud of you."*

14.    Again, Ms. Pham was able to accomplish the goals set by Target because she received the necessary support and if necessary, accommodation from her Store Team Leader, Mr. Mateos. Indeed during the fourth quarter of 2011, Ms. Pham had been performing the job of two Executive positions, as well as taking on additional "LOD" duties. She was overseeing the "Front-end" and "Softlines."

15.    Moreover, Mr. Mateos told Ms. Pham that his plan was to promote her from an Executive Team Leader in Soft Lines to an Executive in Hard Lines after fourth quarter in January 2012. Mr. Mateos told Plaintiff that with the support of the District Team Leader, Gabrielle Savage, Ms. Pham would be promoted and trained to be an Executive Team Leader for Hardlines.

16.    In November 2011, once Mr. Mateos promoted Ms. Karly Mumford to assume Ms. Pham's position as an Executive Team Leader for Softlines, Ms. Pham was asked to temporarily assume the Executive Team Leader - Guest Experience position, and wait for her promotion to Executive Team Leader Hardlines, by January 2012.

17.    Unfortunately circumstances changed in early 2012 when a new Manager, Kevin Holloway was transferred to Anaheim and Mr. Holloway became Ms. Pham's superior. Ms. Pham asked Mr. Holloway about the plans for her promotion to Executive Team Leader Hardlines. Mr. Holloway said he was not aware of the promotion and she needed to remain as an Executive Team Leader - Guest Experience.

18.    In April 2012, Ms. Pham suffered a Lupus related flare up causing bleeding in her eye. Since Mr. Holloway was Ms. Pham's new supervisor, she advised him of her disability and that she could not read the screen. She was having difficulty seeing faces and needed to go to the doctor. Mr. Holloway was therefore fully aware of Ms. Pham's disability.

Ex. 1
014

19.     Ms. Pham was placed on medical leave by her doctor until June 2012 during which time she underwent eye surgeries.  Immediately upon her return to work, Ms. Pham's work environment made a 180 degree turn.  Unlike Mr. Mateos who evaluated Ms. Pham highly, who supported and accommodated her as needed, Mr. Holloway was nitpicking and being overly critical of her work.  He began giving her harsh coachings telling her "you don't know what's going on at the store."

20.     Ms. Pham could not understand why Mr. Holloway was creating a hostile work environment.  She began to observe that Mr. Holloway was treating her differently in comparison to other Executive Team Leads and in particular treated those with whom he was friends to preferential treatment.

21.     Ms. Pham observed that her Executive peers were allowed to arrive late and leave the store early, and did not work the hours allotted for an Executive to work, which is 10 hours a day.

22.     When Ms. Pham was scheduled to close the store and the Friday through Monday night shift was the busiest, Mr. Holloway assigned *her* to close.  The practice was to have an Assistant Team Lead, yet Mr. Holloway, who was responsible for the schedules, did not schedule anyone to work with Ms. Pham.

23.     On an occasion when Ms. Pham complained to Mr. Holloway that she did not have anyone scheduled to work with her during the weekend closing, he assigned a Team member and not a Team Leader.  Yet, when Mr. Holloway closed the store, he assigned himself two individuals to assist him – an Executive Team Leader and a Team Leader.  Similarly when other Executive Team Leaders had closing duty, Mr. Holloway assigned Team Leaders to assist them.

24.     Ms. Pham was aware that she would have to work two weekends in one month; one weekend to close the store and the next weekend to open.  During Labor Day weekend, which was supposed to be Mr. Holloway's turn to close the store, he scheduled himself to go on vacation and left Ms. Pham to close Friday, Saturday, Sunday and Monday, when she had already closed the previous weekend.

Ex. 1
015

1     25.    The distress Ms. Pham faced was that it was a holiday weekend, no team
2 leaders were assigned to assist with managing the store, and her Manager was on
3 vacation during the busiest time of the month. After working the Labor day weekend,
4 Ms. Pham suffered joint pain and needed to take time off.

5     26.    It became evident to Ms. Pham that Mr. Holloway was on a mission to
6 force her to quit. As a single mother, Ms. Pham did not have the luxury of quitting.
7 More importantly, she knew that even with her disability, she had been able to perform
8 above and beyond the average expectations set by Target. All Ms. Pham needed was a
9 Store Manager who despite her disability treated her with respect and made efforts to
10 accommodate her. Instead, just the opposite was true.

11    27.    Mr. Holloway made several comments to Ms. Pham which were
12 undoubtedly made to embarrass her. In front of other employees, Mr. Holloway asked
13 Ms. Pham as she was walking into work, *"You still can't see!?"* Embarrassed, Ms.
14 Pham explained that she did not have her glasses with her. On another occasion on
15 "Inventory Day," Mr. Holloway saw Ms. Pham squinting while working on the PDA and
16 he remarked, *"You still haven't gotten your glasses? You're taking your time huh."*

17    28.    Not only was Mr. Holloway treating Ms. Pham disparately in comparison
18 to other managers, he intentionally embarrassed her in front of other employees, was
19 overly critical and also made demands of her that he did not ask of other Managers.
20 For example, on one occasion, Mr. Holloway told Ms. Pham that she needed to
21 complete the "Urgent News" <u>before</u> the due date. Yet when handing off LOD duties to
22 other leaders he did not clear the Urgent News before the due date, and told them that
23 it did not need to be cleared until the due date.

24    29.    The harassment by Mr. Holloway was taking a physical and emotional
25 toll on Ms. Pham. In August 2012, her doctor placed Ms. Pham on a medical leave of
26 absence for a month, returning in September 2012.

27    30.    By September 2012, Ms. Pham knew that Mr. Holloway was doing
28 everything in his power to force her to resign and she needed to ask Human Resources

1  to intervene.  Hence in September 2012, Ms. Pham called the Employee Hotline and
2  reached out to corporate to resolve her issues.  In October 2012 she reached out to
3  Human Resources Manager, Melissa Kirwood.  Ms. Pham explained to Ms. Kirwood
4  that she wanted to be treated fairly by Mr. Holloway.  Ms. Pham explained that Mr.
5  Holloway was "less patient with me because of my eye sight issues."

6       31.   Ms. Pham hoped that by reaching out to Human Resources, Mr.
7  Holloway would change his behavior.  The only accommodation Ms. Pham needed was
8  for Mr. Holloway to be patient with her – it took her longer to read.  She also asked to
9  be treated equally like any other Executive who had changed positions and to be given
10  the opportunity to be fully trained.

11       32.   Unfortunately however, after the complaint to Human Resources Mr.
12  Holloway's hostility toward Ms. Pham intensified.  During the 4th quarter weekends,
13  two Managers were required to work together to support the anticipated increase of
14  guests and work.  When Ms. Pham was scheduled to work, Mr. Holloway would
15  schedule himself to "partner" with Ms. Pham.  However instead of truly being her
16  "partner," he would follow her around and check her work trying to nitpick and find
17  fault.

18       33.   Mr. Holloway's harassment continued to take a toll on Ms. Pham's
19  physical well being.  Her doctor again placed her on medical leave for a month from
20  December 23, 2012 until January 20, 2013.

21       34.   Upon Ms. Pham's return to work, Mr. Holloway "coached" Ms. Pham that
22  she was not managing her store appropriately.  He continued to give her "counselings"
23  telling her that she "could not drive results"; she "could not manage," and she "could
24  not execute."  Ms. Pham disagreed with his criticisms, explaining that he had not
25  provided her with the necessary support and that she had not driven consistent results
26  because she had been on medical leaves of absence.

27       35.   Mr. Holloway was not deterred however.  Over the next several weeks he
28  continued to find ways to convince Ms. Pham to resign.  For example, he asked Ms.

COMPLAINT FOR DAMAGES

Pham, "are you tired of Target? Are you burnt out?" Ms. Pham replied, "I enjoy retail and my team, but I feel that I'm not part of your team." Mr. Holloway retorted, "well you spend 15 hours at work." Ms. Pham replied, "I may be slow in reading, but I get through them and get the job done." Ms. Pham explained lupus to Mr. Holloway in the hope that he would have some compassion and provide her the needed accommodation which she had been previously requesting– i.e. provide her assistance (as he did with others); not make unnecessary demands on her; and allow her the necessary time to read through the necessary documents.

36.    Mr. Holloway continued to prod Ms. Pham, "What if you go on a leave of absence?" Ms. Pham replied that she couldn't just go on a leave of absence explaining that she could work. Mr. Holloway tried to convince her in various ways asking her if the work was "stressing her out." Ms. Pham replied that the work was not stressing her out, she could handle the work. Again it was that *he* was not supporting her, yet constantly shadowing her and nitpicking her work. Mr. Holloway told Ms. Pham that he did not like giving negative feedback and suggested that it was best for Ms. Pham to put in her two weeks notice. Ms. Pham said she "was not a quitter." Ms. Pham explained that she loved her work and enjoyed working with her team. He also said he had talked to Human Resources and would allow her to put in her two weeks, and on her last two weeks, she really didn't have to do anything. If she quit he would make sure Target did not contest her unemployment benefits.

37.    After these several conversations when Ms. Pham made it clear to Mr. Holloway that she was not resigning, it became evident that he was on a mission to "paper" Ms. Pham to cause her termination. Whereas before he rarely sent Ms. Pham e-mails, he then began sending her emails almost on a daily basis. He was on a mission to make her feel slow and useless. Mr. Holloway also ordered Ms. Pham to send him emails confirming her understanding of his directives to her. Yet we are informed and believe that he did not make this directive to other Executives.

38.    In early April 2013, Mr. Holloway gave Ms. Pham a "final" written

1   warning because a transient was found left in the building.  Ms. Pham contested it by

2   asking why she was being treated differently in that another leader had also been

3   responsible for the store that evening.  Ms. Pham informed Mr. Holloway that she also

4   knew of another Executive who had not followed procedures to clear the building and

5   had left a team member in the building, and was not given a final warning.  Confronted

6   with this information, Mr. Holloway ultimately rescinded it.

7       39.    In the month of April, Mr. Holloway reorganized his schedule to shadow

8   Ms. Pham's scheduled shifts.  He said he wanted to "develop" her as a leader.  However

9   he constantly micro-managed Ms. Pham and continued to be unsupportive by not

10  giving her enough resources to accomplish projects.

11      40.    Then on April 23, 2013, Mr. Holloway called Ms. Pham to the office and

12  advised her that she was being terminated because she sent a text message to a Team

13  Lead when the Team Lead was not working.  He said that Ms. Pham also talked to a

14  Team Leader about work when the Team Lead was not at work.  Ms. Pham challenged

15  Mr. Holloway explaining that several Executives do the same, and also give directions

16  to their Team Leaders through text messages/phone when the Team Leader was not

17  working. Those Executives did not suffer the same consequence.  All Mr. Holloway said

18  was, "I'll look into it."

19      41.    Approximately one week before the event, Ms. Pham informed Human

20  Resource Manager Jamie Blanco and Mr. Holloway that she needed to take a medical

21  leave of absence due to a possible eye surgery. Ms. Blanco gave an ADA questionnaire

22  for her doctor to complete.  However, Ms. Pham was fired before she had the

23  opportunity to return her ADA questionnaire.

24      42.    After Ms. Pham's termination, she called the Employee Hotline and

25  talked to "Julie" about her termination.  Julie never responded to Ms. Pham's

26  complaint of discrimination/harassment.

27      43.    Ms. Pham was devastated.  She did not deserve to be treated in this

28  fashion by Mr. Holloway.  For five years she had demonstrated that she was a team

Ex. 1
019

1  player and an outstanding employee. Yet, Target brought in Mr. Holloway who was

2  not only insensitive to Ms. Pham's disability, but refused to accommodate her

3  disability. This was not a performance issue. It was about Mr. Holloway's refusal to

4  accept Ms. Pham's need for accommodation.

5      44.   Ms. Pham is suffering from significant physical and psychological

6  injuries. Target's actions have dealt a serious blow to Ms. Pham's self worth. Not only

7  is Ms. Pham suffering financially, but she is depressed, anxious, she has difficulty

8  sleeping and eating, and the stress associated with her termination has had a

9  deleterious effect on her disability.

10

11                      **FIRST CAUSE OF ACTION**

12    **(Failure to Engage in the Interactive Process in Violation of**
  **FEHA Cal. Gov't Code §12940 *et seq.* Against Defendant**

13               **Target Corporation; and DOES 1-25)**

14      45.   Plaintiff repeats and realleges by reference each and every allegation

15  contained in paragraphs 1 through 44 and incorporates the same herein as though fully

16  set forth.

17      46.   Defendant is an employer in the State of California, as defined in the

18  California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §12926.

19      47.   At all times material to this complaint, Plaintiff has been a person with a

20  disability or perceived disability within the meaning of the FEHA, California

21  Government Code §§12940 and 12926.

22      48.   Gov't Code §12940(n) makes it an unlawful employment practice for an

23  employer to fail to engage in a timely, good faith, interactive process with the employee

24  to determine an effective reasonable accommodation, if any, in response to a request

25  for reasonable accommodation by an employee with a known physical disability. By

26  failing to engage in the interactive process, Defendant has violated Plaintiff's rights

27  under the FEHA.

28      49.   Plaintiff Pham is informed and believes and based thereon alleges that in

1   addition to the practices enumerated above, Defendants may have engaged in other

2   discriminatory practices against her which are not yet fully known.  At such time as

3   such discriminatory practices become known to her, Plaintiff will seek leave of Court to

4   amend this Complaint in that regard.

5        50.    On November 1, 2012, Plaintiff Pham filed a timely complaint of

6   discrimination against Defendant with the California Department of Fair Employment

7   and Housing (hereinafter referred to as "DFEH").  A true and correct copy of which is

8   attached hereto as Exhibit "A."  Within one year of the filing of this Complaint, the

9   California Department of Fair Employment and Housing issued a right to sue notice to

10  Plaintiff authorizing this lawsuit, a true and correct copy of which is attached hereto as

11  Exhibit "B." Plaintiff has therefore exhausted her administrative remedies.

12       51.    As a direct and proximate result of Defendants' willful, knowing and

13  intentional discrimination against her, Plaintiff Pham has suffered and will continue to

14  suffer pain and suffering, extreme and severe mental anguish, emotional distress, and

15  personal physical injuries.  Plaintiff is thereby entitled to general and compensatory

16  damages in amounts to be proven at trial.

17       52.    As a direct and proximate result of Defendants' willful, knowing and

18  intentional discrimination against her, Plaintiff Pham has further suffered and will

19  continue to suffer a loss of earnings and other employment benefits and job

20  opportunities.  Plaintiff is thereby entitled to general and compensatory damages in

21  amounts to be proven at trial.

22       53.    As a further, direct and proximate result of Defendants' violation of

23  California Government Code § 12900, et. seq., as heretofore described, Plaintiff Pham

24  has been compelled to retain the services of counsel in an effort to enforce the terms

25  and conditions of his employment relationship with Defendants, and has thereby

26  incurred, and will continue to incur, legal fees and costs, the full nature and extent of

27  which are presently unknown to her. Plaintiff will therefore seek leave of Court to

28  amend this Complaint in that regard when the same shall be fully and finally

1   ascertained.  Plaintiff requests that attorney's fees be awarded pursuant to California

2   Government Code § 12965.

3       54.    Plaintiff Pham is informed and believes, and based thereon alleges, that

4   the outrageous conduct of Defendants described above was done with malice, fraud

5   and oppression and with conscious disregard for her rights and with the intent, design

6   and purpose of injuring her.  By reason thereof, Plaintiff is entitled to punitive or

7   exemplary damages from all Defendants in a sum according to proof at trial.

8

9   **SECOND CAUSE OF ACTION**

10  **(Failure to Accommodate in violation of FEHA Cal. Govt. Code §§12940 et. seq. Against Defendants Target Corporation and DOES 1-25)**

11      55.    Plaintiff Pham repeats and realleges the allegations set forth in

12  paragraphs 1 through 44 and incorporates the same by reference as though fully set

13  forth herein.

14      56.    Defendant is an employer in the State of California, as defined in the

15  California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §12926.

16      57.    At all times material to this complaint, Plaintiff has been a person with

17  disability or perceived disability within the meaning of the FEHA, California

18  Government Code §§12940 and 12926.

19      58.    At all times herein mentioned,  FEHA Government Code §12940(m), was

20  in full force and effect and binding on Defendant.  This statute affirmed Defendants'

21  duty to make reasonable accommodations for the known physical disabilities of

22  Plaintiff.

23      59.    Defendant failed to accommodate Plaintiff Pham's disability.  By failing

24  to provide Plaintiff with an accommodation as set forth above, Defendant has violated

25  Plaintiff's rights under the FEHA.

26      60.    Plaintiff is informed and believes and based thereon alleges that in

27  addition to the practices enumerated above, Defendants may have engaged in other

28  discriminatory practices against her which are not yet fully known.  At such time as

Ex. 1
022

1  such discriminatory practices become known to her, Plaintiff will seek leave of Court to
2  amend this Complaint in that regard.

3       61.    On November 1, 2012, Plaintiff Pham filed a timely complaint of
4  discrimination against Defendant with the California Department of Fair Employment
5  and Housing (hereinafter referred to as "DFEH"). A true and correct copy of which is
6  attached hereto as Exhibit "A." Within one year of the filing of this Complaint, the
7  California Department of Fair Employment and Housing issued a right to sue notice to
8  Plaintiff authorizing this lawsuit, a true and correct copy of which is attached hereto as
9  Exhibit "B." Plaintiff has therefore exhausted her administrative remedies.

10      62.    As a direct and proximate result of Defendants' willful, knowing and
11  intentional discrimination against her, Plaintiff has suffered and will continue to suffer
12  pain and suffering, extreme and severe mental anguish, emotional distress, and
13  personal physical injuries. Plaintiff is thereby entitled to general and compensatory
14  damages in amounts to be proven at trial.

15      63.    As a direct and proximate result of Defendants' willful, knowing and
16  intentional discrimination/harassment against her, Plaintiff has further suffered and
17  will continue to suffer a loss of earnings and other employment benefits and job
18  opportunities. Plaintiff is thereby entitled to general and compensatory damages in
19  amounts to be proven at trial.

20      64.    As a further, direct and proximate result of Defendants' violation of
21  California Government Code § 12900, et. seq., as heretofore described, Plaintiff has
22  been compelled to retain the services of counsel in an effort to enforce the terms and
23  conditions of her employment relationship with Defendants, and has thereby incurred,
24  and will continue to incur, legal fees and costs, the full nature and extent of which are
25  presently unknown to her. Plaintiff will therefore seek leave of Court to amend this
26  Complaint in that regard when the same shall be fully and finally ascertained. Plaintiff
27  requests that attorney's fees be awarded pursuant to California Government Code §
28  12965.

65.     Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of Defendants described above was done with malice, fraud and oppression and with conscious disregard for her rights and with the intent, design and purpose of injuring her.   By reason thereof, Plaintiff is entitled to punitive or exemplary damages from all Defendants in a sum according to proof at trial.

### THIRD CAUSE OF ACTION
**(Harassment in Violation of California Gov't Code §12940, *et seq*. Against All Defendants)**

66.     Plaintiff Pham repeats and realleges by reference each and every allegation contained in paragraphs 1 through 44 and incorporates the same herein as though fully set forth.

67.     Defendant is an employer in the State of California, as defined in the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §12926.

68.     At all times material to this complaint, Plaintiff has been a person with disability or perceived disability within the meaning of the FEHA, California Government Code §§12940 and 12926.

69.     Plaintiff Pham was subjected to harassment on the basis of her disability in violation of the FEHA, Government Code §12940 *et seq*.

70.     Plaintiff Pham is informed and believes and based thereon alleges that in addition to the practices enumerated above, Defendants may have engaged in other discriminatory practices against her which are not yet fully known.  At such time as such discriminatory practices become known to her, Plaintiff will seek leave of Court to amend this Complaint in that regard.

71.     On November 1, 2012, Plaintiff Pham filed a timely complaint of discrimination against Defendant with the California Department of Fair Employment and Housing (hereinafter referred to as "DFEH").  A true and correct copy of which is attached hereto as Exhibit "A."  Within one year of the filing of this Complaint, the California Department of Fair Employment and Housing issued a right to sue notice to

14

**COMPLAINT FOR DAMAGES**

1  Plaintiff authorizing this lawsuit, a true and correct copy of which is attached hereto as

2  Exhibit "B." Plaintiff has therefore exhausted her administrative remedies.

3       72.    As a direct and proximate result of Defendants' willful, knowing and

4  intentional discrimination against her, Plaintiff has suffered and will continue to suffer

5  pain and suffering, extreme and severe mental anguish, emotional distress, and

6  personal physical injuries.  Plaintiff is thereby entitled to general and compensatory

7  damages in amounts to be proven at trial.

8       73.    As a direct and proximate result of Defendants' willful, knowing and

9  intentional discrimination/harassment against her, Plaintiff has further suffered and

10 will continue to suffer a loss of earnings and other employment benefits and job

11 opportunities.  Plaintiff is thereby entitled to general and compensatory damages in

12 amounts to be proven at trial.

13      74.    As a further, direct and proximate result of Defendants' violation of

14 California Government Code § 12900, et. seq., as heretofore described, Plaintiff has

15 been compelled to retain the services of counsel in an effort to enforce the terms and

16 conditions of her employment relationship with Defendants, and has thereby incurred,

17 and will continue to incur, legal fees and costs, the full nature and extent of which are

18 presently unknown to her. Plaintiff will therefore seek leave of Court to amend this

19 Complaint in that regard when the same shall be fully and finally ascertained.  Plaintiff

20 requests that attorney's fees be awarded pursuant to California Government Code §

21 12965.

22

23                    **FOURTH CAUSE OF ACTION**

24 **(Termination because of Disability or Perceived Disability in Violation of
   California Gov't Code §12940, *et seq.* Against Defendants Target
   Corporation and DOES 1-25)**

25

26      75.    Plaintiff Pham repeats and realleges by reference each and every

27 allegation contained in paragraphs 1 through 44 and incorporates the same herein as

28 though fully set forth.

                                  15

Ex. 1
025

76.     Defendant is an employer in the State of California, as defined in the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §12926.

77.     At all times material to this complaint, Plaintiff has been a person with disability or perceived disability within the meaning of the FEHA, California Government Code §§12940 and 12926.

78.     At all times herein mentioned, FEHA Government Code §12940(m), was in full force and effect and binding on Defendant. This statute affirmed Defendants' duty to engage in an interactive process and make reasonable accommodations for the known physical disabilities of Plaintiff.

79.     Defendants did not engage in the statutorily required interactive process and did not make a reasonable accommodation for Plaintiff Pham's disability. Instead Defendant effectively terminated Plaintiff Pham's employment in violation of the California Fair Employment and Housing Act, California Government Code §12940, *et seq.* as set forth hereinabove.

80.     Plaintiff Pham is informed and believes and based thereon alleges that in addition to the practices enumerated above, Defendants may have engaged in other discriminatory practices against her which are not yet fully known. At such time as such discriminatory practices become known to her, Plaintiff will seek leave of Court to amend this Complaint in that regard.

81.     On November 1, 2012, Plaintiff Pham filed a timely complaint of discrimination against Defendant with the California Department of Fair Employment and Housing (hereinafter referred to as "DFEH"). A true and correct copy of which is attached hereto as Exhibit "A." Within one year of the filing of this Complaint, the California Department of Fair Employment and Housing issued a right to sue notice to Plaintiff authorizing this lawsuit, a true and correct copy of which is attached hereto as Exhibit "B." Plaintiff has therefore exhausted her administrative remedies.

82.     As a direct and proximate result of Defendants' willful, knowing and intentional discrimination against her, Plaintiff has suffered and will continue to suffer

1   pain and suffering, extreme and severe mental anguish, emotional distress, and

2   personal physical injuries.  Plaintiff is thereby entitled to general and compensatory

3   damages in amounts to be proven at trial.

4        83.   As a direct and proximate result of Defendants' willful, knowing and

5   intentional discrimination/harassment against her, Plaintiff has further suffered and

6   will continue to suffer a loss of earnings and other employment benefits and job

7   opportunities.  Plaintiff is thereby entitled to general and compensatory damages in

8   amounts to be proven at trial.

9        84.   As a further, direct and proximate result of Defendants' violation of

10   California Government Code § 12900, et. seq., as heretofore described, Plaintiff has

11   been compelled to retain the services of counsel in an effort to enforce the terms and

12   conditions of her employment relationship with Defendants, and has thereby incurred,

13   and will continue to incur, legal fees and costs, the full nature and extent of which are

14   presently unknown to her. Plaintiff will therefore seek leave of Court to amend this

15   Complaint in that regard when the same shall be fully and finally ascertained.  Plaintiff

16   requests that attorney's fees be awarded pursuant to California Government Code §

17   12965.

18        85.   Plaintiff is informed and believes, and based thereon alleges, that the

19   outrageous conduct of Defendants described above was done with malice, fraud and

20   oppression and with conscious disregard for her rights and with the intent, design and

21   purpose of injuring her.  By reason thereof, Plaintiff is entitled to punitive or

22   exemplary damages from all Defendants in a sum according to proof at trial.

23

24                       **FIFTH CAUSE OF ACTION**

25   **(Retaliation in Violation of California Gov't Code §12940, *et seq*. Against Defendants Target Corporation and DOES 1-25)**

26        86.   Plaintiff Pham repeats and realleges by reference each and every

27   allegation contained in paragraphs 1 through 44 and incorporates the same herein as

28   though fully set forth.

17
COMPLAINT FOR DAMAGES

87.     Defendant is an employer in the State of California, as defined in the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §12926.

88.     At all times material to this complaint, Plaintiff has been a person with disability or perceived disability within the meaning of the FEHA, California Government Code §§12940 and 12926.

89.     Plaintiff Pham engaged in protected activity by opposing what she believed to be discriminatory treatment by Defendant Holloway to Defendants' Human Resources personnel.  Plaintiff is informed and believes that the harassment intensified thereafter.  Plaintiff is further informed and believes that she was terminated in retaliation for her complaints to Human Resources.

90.     Plaintiff Pham is informed and believe and based thereon alleges that in addition to the practices enumerated above, Defendants may have engaged in other discriminatory practices against her which are not yet fully known.  At such time as such discriminatory practices become known to her, Plaintiff will seek leave of Court to amend this Complaint in that regard.

91.     On November 1, 2012, Plaintiff Pham filed a timely complaint of discrimination against Defendant with the California Department of Fair Employment and Housing (hereinafter referred to as "DFEH").  A true and correct copy of which is attached hereto as Exhibit "A." Within one year of the filing of this Complaint, the California Department of Fair Employment and Housing issued a right to sue notice to Plaintiff authorizing this lawsuit, a true and correct copy of which is attached hereto as Exhibit "B." Plaintiff has therefore exhausted her administrative remedies.

92.     As a direct and proximate result of Defendants' willful, knowing and intentional retaliation against her, Plaintiff Pham has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress.  Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

93.     As a direct and proximate result of Defendants' willful, knowing and

1   intentional retaliation against her, Plaintiff has further suffered and will continue to

2   suffer a loss of earnings and other employment benefits and job opportunities.

3   Plaintiff is thereby entitled to general and compensatory damages in amounts to be

4   proven at trial.

5        94.    As a further, direct and proximate result of Defendants' violation of

6   California Government Code §12900, *et. seq.*, as heretofore described, Plaintiff has

7   been compelled to retain the services of counsel in an effort to enforce the terms and

8   conditions of her employment relationship with Defendants, and has thereby incurred,

9   and will continue to incur, legal fees and costs, the full nature and extent of which are

10   presently unknown to her.  Plaintiff will therefore seek leave of Court to amend this

11   Complaint in that regard when the same shall be fully and finally ascertained.  Plaintiff

12   requests that attorney's fees be awarded pursuant to California Government Code

13   §12965.

14        95.    Plaintiff is informed and believes, and based thereon alleges, that the

15   outrageous conduct of Defendants described above was done with malice, fraud and

16   oppression and with conscious disregard for her rights and with the intent, design and

17   purpose of injuring her.  Defendants, authorized, condoned, participated,  and/or

18   ratified the unlawful conduct.  By reason thereof, Plaintiff is entitled to punitive or

19   exemplary damages from Defendants in a sum according to proof at trial.

20

21   

**SIXTH CAUSE OF ACTION**
**(Wrongful Termination in Violation of Public Policy Against Defendants**
**Target Corporation and DOES 1-25)**

22

23        96.    Plaintiff Pham repeats and realleges the allegations contained in

24   paragraphs 1 through 44 and incorporates the same by reference as though fully set

25   forth herein.

26        97.    Plaintiff Pham is informed and believes that she was terminated because

27   of her disability and/or in retaliation for opposing discrimination/harassment in

28   violation of the California Fair Employment and Housing Act Government Code

19
COMPLAINT FOR DAMAGES

§12900 *et seq.*

98.     It is the public policy of the State of California, as expressed in the California Fair Employment and Housing Act, California Government Code §12900 *et seq.*, that employees shall not be subjected to discrimination and that employees shall not be terminated for requesting accommodation of their disability.

99.     It is the public policy of the State of California, as expressed in the California Fair Employment and Housing Act, California Government Code §12900 *et seq.*, that employees shall not be terminated in retaliation for opposing employment practices believed to be discriminatory.

100.     Plaintiff Pham is informed and believes and based thereon alleges that in addition to the practices enumerated above, Defendants may have engaged in other discriminatory practices against her which are not yet fully known. At such time as such discriminatory practices become known to her, Plaintiff will seek leave of Court to amend this Complaint in that regard.

101.     As a direct and proximate result of Defendants' willful, knowing and intentional discrimination against her, Plaintiff has suffered and will continue to suffer pain and suffering, extreme and severe mental anguish, emotional distress, and personal physical injuries. Plaintiff Pham is thereby entitled to general and compensatory damages in amounts to be proven at trial.

102.     As a direct and proximate result of Defendants' willful, knowing and intentional discrimination/harassment against her, Plaintiff Pham has further suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

103.     As a further, direct and proximate result of Defendants' violation of California <u>Government Code</u> § 12900, <u>et.</u> <u>seq.</u>, as heretofore described, Plaintiff Pham has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of her employment relationship with Defendants, and has thereby

Ex. 1
030

incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to her. Plaintiff will therefore seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained.  Plaintiff requests that attorney's fees be awarded pursuant to California Government Code § 12965.

104.    Plaintiff Pham is informed and believes, and based thereon alleges, that the outrageous conduct of Defendants described above was done with malice, fraud and oppression and with conscious disregard for her rights and with the intent, design and purpose of injuring her.  By reason thereof, Plaintiff is entitled to punitive or exemplary damages from all Defendants in a sum according to proof at trial.

**WHEREFORE**, Plaintiff prays judgment be entered in her favor and against Defendants as follows:

**AS TO THE FIRST CAUSE OF ACTION:**

1.    That Plaintiff be awarded general and compensatory damages, including prejudgment interest, in an amount according to proof at trial;

2.    That Plaintiff be awarded punitive damages in an amount according to proof at trial;

3.    That Plaintiff be awarded reasonable attorneys' fees and costs of suit; and

4.    That this Court award such other and further relief as the Court deems just and proper.

**AS TO THE SECOND CAUSE OF ACTION:**

1.    That Plaintiff be awarded general and compensatory damages, including prejudgment interest, in an amount according to proof at trial;

2.    That Plaintiff be awarded punitive damages in an amount according to proof at trial;

3.    That Plaintiff be awarded reasonable attorneys' fees and costs of suit; and

4.    That this Court award such other and further relief as the Court deems just and proper.

**AS TO THE THIRD CAUSE OF ACTION:**

    1.    That Plaintiff be awarded general and compensatory damages, including prejudgment interest, in an amount according to proof at trial;

    2.    That Plaintiff be awarded punitive damages in an amount according to proof at trial;

    3.    That Plaintiff be awarded reasonable attorneys' fees and costs of suit; and

    4.    That this Court award such other and further relief as the Court deems just and proper.

**AS TO THE FOURTH CAUSE OF ACTION:**

    1.    That Plaintiff be awarded general and compensatory damages, including prejudgment interest, in an amount according to proof at trial;

    2.    That Plaintiff be awarded punitive damages in an amount according to proof at trial;

    3.    That Plaintiff be awarded reasonable attorneys' fees and costs of suit; and

    4.    That this Court award such other and further relief as the Court deems just and proper.

**AS TO THE FIFTH CAUSE OF ACTION:**

    1.    That Plaintiff be awarded general and compensatory damages, including prejudgment interest, in an amount according to proof at trial;

    2.    That Plaintiff be awarded punitive damages in an amount according to proof at trial;

    3.    That Plaintiff be awarded reasonable attorneys' fees and costs of suit; and

    4.    That this Court award such other and further relief as the Court deems just and proper.

**AS TO THE SIXTH CAUSE OF ACTION:**

    1.    That Plaintiff be awarded general and compensatory damages, including prejudgment interest, in an amount according to proof at trial;

    2.    That Plaintiff be awarded punitive damages in an amount according to

COMPLAINT FOR DAMAGES

Ex. 1
032

1    proof at trial;

2          3.      That Plaintiff be awarded costs of suit and interest incurred; and

3          4.      That this Court award such other and further relief as the Court deems

4    just and proper.

5

6    DATED: December 23, 2013          ALLRED, MAROKO & GOLDBERG

7

8                                       By: _____

9                                          DOLORES Y. LEAL
                                           Attorneys for Plaintiff,
10                                         **CAILYNN PHAM**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# "EXHIBIT A"



STATE OF CALIFORNIA | Department of Fair Employment and Housing          EMPLOYMENT RIGHT TO SUE

## COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH MATTER NUMBER
182781-77169

COMPLAINANT
Cailynn Pham

NAMED IS THE EMPLOYER, PERSON, AGENCY, ORGANIZATION OR GOVERNMENT ENTITY WHO DISCRIMINATED AGAINST ME

| RESPONDENT | ADDRESS | PHONE |
|---|---|---|
| TARGET CORPORATION TARGET CORPORATION | 101 S. Euclid St  Anaheim CA 92802 | (714) 422-1120 |

| NO. OF EMPLOYEES | MOST RECENT DISCRIMINATION TOOK PLACE | TYPE OF EMPLOYER |
|---|---|---|
| 1000 | Apr 23, 2013 | Private Employer |

CO-RESPONDENT(S)                                                          ADDRESS

Kevin Holloway                                    101 S. Euclid St.  Anaheim  CA 92802

DATE FILED  Nov 01, 2013
MODIFIED     Nov 01, 2013

REVISED JULY 2013
PAGE 1/3



STATE OF CALIFORNIA | Department of Fair Employment and Housing                                          EMPLOYMENT RIGHT TO SUE

## COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE
## CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH MATTER NUMBER
182781-77169

| | |
|---|---|
| I ALLEGE THAT I EXPERIENCED | Discrimination, Harassment, Retaliation |
| ON OR BEFORE | Apr 23, 2013 |
| BECAUSE OF MY | Disability, Other Retaliation for complaining to Human Resources |
| AS A RESULT, I WAS | Denied a good faith interactive process, Denied a work environment free of discrimination and/or retaliation, Denied reasonable accommodation, Terminated |

**STATEMENT OF FACTS**

I was employed by Target Corporation from January 2007 until April 23, 2013 when I was terminated from my position as Executive Team Leader at Respondent's Anaheim store. In early 2012, a new Manager, Kevin Holloway, was transferred to the Anaheim store. In or about April 2012, I suffered another Lupus related flare up in my eye. As such I advised Mr. Holloway that I was having difficulty seeing faces and reading needed to go to the doctor. I was placed on medical leave until June 2012 and underwent eye surgeries. Upon my return to work, Mr. Holloway began subjecting me to a hostile work environment , for example he nitpicked my work, was overly critical of my work, he began giving me harsh coachings telling me "you don't know what's going on at the store." I began to observe that Mr. Holloway was treating me differently in comparison to other executives. Mr. Holloway similarly refused to accommodate my disability. By September 2012, I believed Mr. Holloway was trying to force me to resign. I called the Employee Hotline and in October 2012 I spoke with Human Resources. I explained that I wanted to be treated fairly by Mr. Holloway and that he was "less patient with me because of my eye sight issues." After my complaint to Human Resources, Mr. Holloway's hostility toward me intensified. The harassment took a toll on my physical well being and my doctor placed me on medical leave from December 23, 2012 until January 20, 2013. Upon my return to work, Mr. Holloway gave me performance "counselings." Mr. Holloway also tried to find ways to convince me to resign. When I did not resign, Mr. Holloway began a "paper trail" and began sending me emails almost on a daily basis. On April 23, 2013, Mr. Holloway advised me that I was being terminated because I sent a text message to a Team Lead who was not working at the time and spoke with her when she was off the clock. I believe that I was subjected to harassment, and not accommodated because of my disability [lupus] and Respondent failed to engage in the interactive process. I further allege that I was terminated because of my disability [lupus], and/or in retaliation because of my complaints to HR, and that Respondent failed to take action in response to my complaints about Mr. Holloway and my termination.

Ex. 1
036



STATE OF CALIFORNIA I Department of Fair Employment and Housing                    EMPLOYMENT RIGHT TO SUE

**COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE
CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

DFEH MATTER NUMBER
182781-77169

SIGNED UNDER PENALTY OF PERJURY

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing
provide a right to sue. I understand that if I want a federal right to sue notice, I must visit the U.S. Equal
Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of
Case Closure and Right to Sue," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I
understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint
once the complaint has been closed on the basis of "Complainant Elected Court Action."

By submitting this complaint, I am declaring under penalty of perjury under the laws of the State of California that,
to the best of my knowledge, all information contained in this complaint is true and correct, except matters stated
on my information and belief, and I declare that those matters I believe to be true.

Verified by Cailynn Pham, , and dated on Nov 01, 2013 at Los Angeles, CA

Ex. 1
037

# "EXHIBIT B"

Ex. 1
038



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | Videophone 918-226-5285 | TTY 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR.
DIRECTOR PHYLLIS W. CHENG

Nov 01, 2013

Cailynn Pham
1652 Harcourt Avenue
Anaheim, CA 92804

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 182781-77169
Right to Sue: Pham / TARGET CORPORATION, TARGET CORPORATION

Dear Cailynn Pham:

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective Nov 01, 2013 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

**This letter is also your Right to Sue notice.** According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commision (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

Enclosures
cc: TARGET CORPORATION Kevin Holloway
Kevin Holloway

EXHIBIT  2

1

2

3

4

5

SHAW VALENZA LLP
D. Gregory Valenza, Bar No. 161250
gvalenza@shawvalenza.com
Katie L. Patterson, Bar No. 266023
kpatterson@shawvalenza.com
980 Ninth Street, Suite 2300
Sacramento, California  95814
Telephone:      (916) 326-5150
Facsimile:      (916) 497-0708

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**01/28/2014** at 09:38:00 AM
Clerk of the Superior Court
By Sarah Loose,Deputy Clerk

6

7

Attorneys for Defendant
TARGET CORPORATION

8

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

### COUNTY OF ORANGE

10

11

12

13

14

15

16

17

CAILYNN PHAM,

           Plaintiff,

      v.

TARGET CORPORATION, a
Corporation; KEVIN HOLLOWAY, an
individual, and DOES 1 through 25,
Inclusive,

           Defendants.

Case No.  30-2013-00694890-CU-WT-CJC

**ASSIGNED FOR ALL PURPOSES TO
HON. SHEILA B. FELL, DEPT. C22**

**DEFENDANT TARGET
CORPORATION'S ANSWER TO
PLAINTIFF'S UNVERIFIED COMPLAINT**

Complaint Filed:   December 23, 2013
Trial:                    None

18

19

    Defendant TARGET CORPORATION ("Defendant") hereby answers CAILYNN

PHAM's ("Plaintiff") Unverified Complaint ("Complaint") as follows:

20

### <u>GENERAL DENIAL</u>

21

22

23

24

    Pursuant to Code of Civil Procedure section 431.30(d), Defendant generally denies each

and every allegation contained in Plaintiff's Complaint and denies that Plaintiff has suffered any

injury or has been damaged in any way whatsoever as the result of any act or omission of

Defendant as alleged in Plaintiff's Complaint.

25

### <u>AFFIRMATIVE DEFENSES</u>

26

27

    By way of affirmative defense to the allegations of the Complaint herein, Defendant

alleges as follows:

28

SHAW VALENZA LLP
ATTORNEYS AT LAW
SACRAMENTO

DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

**FIRST AFFIRMATIVE DEFENSE**

The Complaint as a whole, and each purported Cause of Action alleged therein, are barred to the extent they fail to state facts sufficient to constitute a cause of action against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

To the extent Defendant would have discharged Plaintiff based on information it learns after Plaintiff's discharge, the Complaint, and the First, Second, Fourth and Fifth Causes of Action or any of them, are barred in whole or in part by the doctrine of after-acquired evidence, or the doctrine of after-acquired evidence limits and reduces Plaintiff's alleged damages.

**THIRD AFFIRMATIVE DEFENSE**

Defendant is informed and believes and thereon alleges that Plaintiff is barred from recovering any damages, or any recovery must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate her alleged damages.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for punitive damages are barred because Defendant complied in good faith with anti-discrimination/harassment laws and exercised reasonable care to prevent and promptly correct any discriminatory, harassing, or other unlawful behavior that Plaintiff complained of, if any, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or  to otherwise avoid harm or Plaintiff failed to allow Defendant to otherwise address her complaints, if any.

**FIFTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff unreasonably failed to make use of employer-provided anti-discrimination and anti-harassment remedies, the doctrine of avoidable consequences precludes Plaintiff from recovering any damages that she could have prevented by invoking those remedies.

**SIXTH AFFIRMATIVE DEFENSE**

To the extent, if any, Plaintiff comes to this Court with unclean hands, she is barred from recovery under this Complaint, or any cause of action thereof.

Shaw Valenza LLP
Attorneys At Law
Sacramento

- 2 -

DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

Ex. 2
042

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent Plaintiff is estopped by her own conduct to claim any right to damages or equitable relief against Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's First, Second, Third, Fourth, and Fifth Causes of Action are barred in whole or in part to the extent Plaintiff failed to exhaust mandatory administrative remedies as required by Government Code section 12960.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's First, Second, Third, Fourth, and Fifth Causes of Action are barred in whole or in part by the applicable statute of limitations contained in Government Code section 12965.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, and the First, Second, Third, Fourth, Fifth, and Sixth Causes of Action therein, or any of them, and Plaintiff's purported claims for emotional distress damages and other injuries are barred because the exclusive remedy for Plaintiff's alleged emotional distress and other injuries, if any, is before the California Worker's Compensation Appeals Board pursuant to the exclusive remedy provisions of the California Worker's Compensation Act. (See California Labor Code section 3600 et seq.)

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, and the First, Second, Third, Fourth, Fifth, and Sixth Causes of Action therein, or any of them, are barred because any and all actions taken by Defendant with respect to Plaintiff were just, fair, privileged, and taken in good faith for legitimate, non-discriminatory, non-retaliatory reasons.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, and the First, Second, Third, Fourth, Fifth, and Sixth Causes of Action therein, or any of them, are barred because, even assuming *arguendo* Defendant was motivated by unlawful reasons in taking adverse actions against Plaintiff, Defendant would have

SHAW VALENZA LLP
ATTORNEYS AT LAW
SACRAMENTO

- 3 -

DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

Ex. 2
043

1  made the same decisions regarding Plaintiff's employment for legitimate, non-discriminatory

2  business reasons.

### THIRTEENTH AFFIRMATIVE DEFENSE

4       Any recovery on Plaintiff's Complaint, or on each purported claim for relief alleged

5  therein, is barred by California Labor Code sections 2854 and 2856 to the extent that Plaintiff

6  failed to use ordinary care and diligence in the performance of her duties and failed to comply

7  substantially with the reasonable directions of her employer.

### FOURTEENTH AFFIRMATIVE DEFENSE

9       Plaintiff's Fourth, Fifth, and Sixth Causes of Action, and each of them, are barred by

10  Labor Code section 2922 in that Plaintiff's employment was for no specified term and could be

11  terminated at will of either party with or without cause.

### FIFTEENTH AFFIRMATIVE DEFENSE

13      Plaintiff's Complaint and each purported cause of action alleged therein are barred to the

14  extent any proposed reasonable accommodation would have posed an undue hardship on

15  Defendant.

16      WHEREFORE, Defendant prays for judgment as follows:

17      1.      That Plaintiff take nothing by her Complaint;

18      2.      For cost of suits incurred herein, including reasonable attorneys' fees pursuant to

19  Government Code section 12965(b); and

20      3.      For such other and further relief as the Court deems just and equitable.

21  Dated: January 28, 2014                         Respectfully submitted,

22                                                  SHAW VALENZA LLP

23

24                                          By:  _____

25                                                  D. Gregory Valenza
                                                    Katie L. Patterson
26                                                  Attorneys for Defendant
                                                    TARGET CORPORATION

27  322156.4.00104.054

28

SHAW VALENZA LLP
ATTORNEYS AT LAW
SACRAMENTO

- 4 -

DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

Ex. 2
044

## PROOF OF SERVICE

1

2

3       I, Kathryn A. DeLisle, declare that I am employed with the law firm of Shaw Valenza LLP, whose address is 980 9th Street, Sacramento, California 95814; I am over the age of eighteen (18) years and am not a party to this action.

4

5       On January 28, 2014, I served the attached **DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT** in this action by placing a true and correct copy thereof, enclosed in sealed envelope(s) addressed as follows:

6

7

8               Dolores Y. Leal, Esq.
                Christina Cheung, Esq.

9               Law Offices of Allred, Maroko & Goldberg
                6300 Wilshire Blvd., Suite 1500

10              Los Angeles, CA 90048-5217
                Tele:  323-653-6530

11              Fax: 323-653-1660

12              Attorneys for Plaintiff

13

14  **[ X ]   BY MAIL**:  United States Postal Service by placing sealed envelopes with the postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at Sacramento, California.

15

16  [ ]     BY HAND DELIVERY:  I caused such envelope(s) to be delivered by hand to the above address (via _____).

17

18  [ ]     BY HAND DELIVERY:  I delivered by hand to the address below.

19  [ ]     BY OVERNIGHT DELIVERY:  I enclosed the documents in an envelope or package provided by an overnight delivery carrier, FEDEX, and addressed to the persons at the addresses list above.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery.

20

21

22  [ ]     BY FACSIMILE:  I caused such documents to be transmitted by facsimile from fax number (916) 497-0708 to the fax number(s) indicated above.

23

24      I declare under penalty of perjury under the laws of the State of California that the above is true and correct; executed on January 28, 2014, at Sacramento, California.

25

26                                          _____

27  322311.1.00104.054                              Kathryn A. DeLisle

28

---

PROOF OF SERVICE                                    Case No. 30-2013-00694890-CU-WT-CJC

EXHIBIT 3

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| DOLORES Y. LEAL, SBN 134176<br>ALLRED, MAROKO & GOLDBERG<br>6300 WILSHIRE BOULEVARD, SUITE 1500<br>LOS ANGELES, CA  90048 | |

TELEPHONE NO: (323) 653-6530  FAX NO. *(Optional):* (323) 653-1660
E-MAIL ADDRESS *(Optional):* dleal@amglaw.com
ATTORNEY FOR *(Name):* PLAINTIFF

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST
MAILING ADDRESS: SAME
CITY AND ZIP CODE: SANTA ANA, CA 92701
BRANCH NAME: CENTRAL JUSTICE CENTER

PLAINTIFF/PETITIONER: CAILYNN PHAM

DEFENDANT/RESPONDENT: TARGER CORPORATION

| CASE MANAGEMENT STATEMENT | | CASE NUMBER: |
|---|---|---|
| *(Check one):*  ☒ UNLIMITED CASE<br>(Amount demanded<br>exceeds $25,000) | ☐ LIMITED CASE<br>(Amount demanded is $25,000<br>or less) | 30-2013-00694890-CU-WT-CJC |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: APRIL 1, 2014     Time: 8:45 A.M.     Dept.: C22     Div.:     Room:

Address of court *(if different from the address above):*

☐ Notice of Intent to Appear by Telephone, by *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☒ This statement is submitted by party *(name):* PLAINTIFF, CAILYNN PHAM
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*  DECEMBER 23, 2013
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☒ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☒ complaint ☐ cross-complaint *(Describe, including causes of action):*
      (1) Violation of the Fair Employment & Housing Act (Failure to engage in the interactive process; (2) Violation of FEHA, Gov't Code Section 12940 et seq. (failure to accommodate), (3) Violation of FEHA (harassment); (4) Violation of FEHA (termination because of disability); (5) Retaliation; and (6) Wrongful termination in violation of public policy.

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Legal
Solutions
Plus

Cal. Rules of Court,
rules 3.720–3.730

Ex. 3
047

CM-110

| PLAINTIFF/PETITIONER: CAILYNN PHAM | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: TARGER CORPORATION | 30-2013-00694890-CU-WT-CJC |

4.   b.   Provide a brief statement of the case, including any damages. (If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)

Plaintiff was employed by defendant from 1/07 until 4/23/13 as an Executive Team Leader.  Despite her disability (Lupus), Plaintiff excelled the first 5 years.  However in early 2012, Plaintiff received a new Manager who harassed, failed to accommodate and terminated her because of her disability.  Plaintiff has suffered economic damages, personal, psychological injuries; attorneys fees and costs.  Plaintiff will also seek punitive damages.

☐ (If more space is needed, check this box and attach a page designated as Attachment 4b.)

5.   **Jury or nonjury trial**

The party or parties request   ☒ a jury trial   ☐ a nonjury trial.   (If more than one party, provide the name of each party requesting a jury trial):

6.   **Trial date**

a.   ☐   The trial has been set for (date):

b.   ☒   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint (if not, explain):

c.   Dates on which parties or attorneys will not be available for trial (specify dates and explain reasons for unavailability):
7/28/14 - 8/22/14 (vacation); 11/10/14 - 11/21/14 (trial); 12/5/14 - 12/12/14 (trial)

7.   **Estimated length of trial**

The party or parties estimate that the trial will take (check one):

a.   ☒   days (specify number): 10 DAYS

b.   ☐   hours (short causes) (specify):

8.   **Trial representation** (to be answered for each party)

The party or parties will be represented at trial   ☐ by the attorney or party listed in the caption   ☒ by the following:

a.   Attorney: DOLORES Y. LEAL; NATHAN GOLDBERG

b.   Firm: ALLRED, MAROKO & GOLDBERG

c.   Address: 6300 WILSHIRE BOULEVARD, #1500, LOS ANGELES, CA 90048

d.   Telephone number: (323) 653-6530        f.   Fax number: (323) 653-1660

e.   E-mail address: dleal@amglaw.com        g.   Party represented: PLAINTIFF

☐ Additional representation is described in Attachment 8.

9.   **Preference**

☐ This case is entitled to preference (specify code section):

10.   **Alternative dispute resolution (ADR)**

a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1)   For parties represented by counsel: Counsel   ☒ has   ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)   For self-represented parties: Party   ☐ has   ☐ has not   reviewed the ADR information package identified in rule 3.221.

b.   **Referral to judicial arbitration or civil action mediation** (if available):

(1)   ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2)   ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3)   ☐   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. (specify exemption):

**CM-110**

| PLAINTIFF/PETITIONER: CAILYNN PHAM | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: TARGER CORPORATION | 30-2013-00694890-CU-WT-CJC |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☒ | ☒ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

Ex. 3
049

CM-110

| PLAINTIFF/PETITIONER: CAILYNN PHAM | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: TARGER CORPORATION | 30-2013-00694890-CU-WT-CJC |

**11. Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐ Bankruptcy ☐ Other *(specify):*
   Status:

**13. Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 13a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
   ☒ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
   Depending on discovery responses, Plaintiff may have to file motions to compel; motions in limine may be filed, depending on discovery.

**16. Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | 1st set of req. for production of documents & interrogatories | 3/17/14 |
| Plaintiff | 2nd set of written discovery | 7/31/14 |
| Plaintiff | Deposition of defense witnesses | 12/31/14 |

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

Ex. 3
050

CM-110

| PLAINTIFF/PETITIONER: CAILYNN PHAM | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: TARGER CORPORATION | 30-2013-00694890-CU-WT-CJC |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20.** Total number of pages attached *(if any):*   0

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: MARCH 11, 2014

| DOLORES Y. LEAL | ▶ _(signature)_ |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

| | ▶ |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

☐ Additional signatures are attached.

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  6300 Wilshire Boulevard, Suite 1500, Los Angeles, California 90048.

     On **March 12, 2014,** I served the foregoing document described as **CASE MANAGEMENT STATEMENT** on interested parties in this action

[ ]    by placing true copies thereof enclosed in sealed  envelopes addressed as stated on the attached mailing list:

[X]    by placing [ ] the original [X] a true copy thereof enclosed in sealed envelopes at Los Angeles, California addressed as follows:

            D. Gregory Valenza, Esq.
            Katie L. Patterson, Esq.
            **SHAW VALENZA LLP**
            980 Ninth Street, Suite 2300
            Sacramento, CA 95814

[X]    **BY MAIL:**  I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California.

[ ]    **BY E-MAIL:**  I caused such document to be electronically served via email to the email address of the addressee(s).

[ ]    **BY FAX:**  by transmitting a true copy via facsimile transmission from telecopier number (323) 653-1660 located at 6300 Wilshire Blvd., Ste. 1500, Los Angeles, California  90048, to the following fax number:

[ ]    **BY PERSONAL SERVICE:**  I caused such envelope to be personally served on the Addressee(s) to the offices of the addressee(s).

     Executed on **March 12, 2014,** at Los Angeles, California.

[X]    **State**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ]    **Federal**   I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

ANGIE O. PAZ

Ex. 3
052

# EXHIBIT  4

**CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Kelcie M. Gosling (SBN 142225); Katie L. Patterson (SBN 266023)<br>SHAW VALENZA LLP<br>980 9th Street, Suite 2300, Sacramento, CA 95814<br>TELEPHONE NO.: (916) 326-5150     FAX NO. *(Optional):* (916) 497-0708<br>E-MAIL ADDRESS *(Optional):* kgosling@shawvalenza.com<br>ATTORNEY FOR *(Name):* Defendant TARGET CORPORATION | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br>**03/17/2014** at 10:52:00 AM<br>Clerk of the Superior Court<br>By e Clerk,Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 West Civic Center Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: Central Justice Center

PLAINTIFF/PETITIONER: Cailynn Pham

DEFENDANT/RESPONDENT: Target Corporation, et al.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):* [✓] **UNLIMITED CASE**<br>(Amount demanded exceeds $25,000)   [ ] **LIMITED CASE**<br>(Amount demanded is $25,000 or less) | 30-2013-00694890 CU-WT-CJC |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:  April 1, 2014          Time: 8:45 a.m.          Dept: C-22          Div.:          Room:

Address of court *(if different from the address above):*

[✓] **Notice of Intent to Appear by Telephone,** by *(name):*  Katie L. Patterson, Esq.

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [✓]  This statement is submitted by party *(name):*  Target Corporation
   b. [ ]  This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. [ ]  The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ]  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ]  The following parties named in the complaint or cross-complaint
      (1) [ ]  have not been served *(specify names and explain why not):*
      (2) [ ]  have been served but have not appeared and have not been dismissed *(specify names):*
      (3) [ ]  have had a default entered against them *(specify names):*
   c. [ ]  The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in  [✓]  complaint       [ ]  cross-complaint       *(Describe, including causes of action):*
      Plaintiff asserts claims for disability discrimination and harassment, failure to accommodate her disability and wrongful termination in violation of public policy.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov |
|---|---|---|

Ex. 4
054

**CM-110**

| PLAINTIFF/PETITIONER: Cailynn Pham | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Target Corporation, et al. | 30-2013-00694890 CU-WT-CJC |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

    Plaintiff was a department manager at a Target store in Anaheim.  She alleges she was terminated because of her disability.  Defendant contends it engaged in the interactive process, accommodated Plaintiff's alleged disability, and terminated her for legitimate business reasons, specifically, condoning "off the clock" work by her subordinates.

    ☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**

    The party or parties request  ☐  a jury trial  ☑  a nonjury trial.  *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**

    a.  ☐  The trial has been set for *(date):*

    b.  ☑  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

    c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

        July 4-13, 2014 vacation; Sept. 8-16, 2014 trial; Oct. 21-Nov. 7, 2014 trial; Nov. 17-25, 2014 trial; February 24-March 17, 2015 trial; and June 8-19, 2015 trial

7.  **Estimated length of trial**

    The party or parties estimate that the trial will take *(check one):*

    a.  ☑  days *(specify number):* 5-7

    b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*

    The party or parties will be represented at trial  ☑  by the attorney or party listed in the caption  ☐  by the following:

    a.  Attorney:

    b.  Firm:

    c.  Address:

    d.  Telephone number:                     f.  Fax number:

    e.  E-mail address:                      g.  Party represented:

    ☐  Additional representation is described in Attachment 8.

9.  **Preference**

    ☐  This case is entitled to preference *(specify code section):*

10.  **Alternative dispute resolution (ADR)**

    a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

        (1)  For parties represented by counsel: Counsel ☐ has  ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

        (2)  For self-represented parties: Party ☐ has  ☐ has not  reviewed the ADR information package identified in rule 3.221.

    b.  **Referral to judicial arbitration or civil action mediation** (if available).

        (1)  ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

        (2)  ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

        (3)  ☑  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

        Amount in controversy exceeds $50,000.00.

Ex. 4
055

**CM-110**

| PLAINTIFF/PETITIONER: Cailynn Pham | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Target Corporation, et al. | 30-2013-00694890 CU-WT-CJC |

10. c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

CM-110 [Rev. July 1, 2011]                 **CASE MANAGEMENT STATEMENT**                 Page 3 of 5

Ex. 4
056

CM-110

| | |
|---|---|
| PLAINTIFF/PETITIONER:  Cailynn Pham | CASE NUMBER: |
| DEFENDANT/RESPONDENT:  Target Corporation, et al. | 30-2013-00694890 CU-WT-CJC |

**11. Insurance**

   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

   b. Reservation of rights: ☐ Yes ☐ No

   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

   ☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

   a. ☐ There are companion, underlying, or related cases.

      (1) Name of case:

      (2) Name of court:

      (3) Case number:

      (4) Status:

      ☐ Additional cases are described in Attachment 13a.

   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

   ☑ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

      Discovery motions as needed; Motion for Summary Judgment/Adjudication; Motions in Limine

**16. Discovery**

   a. ☐ The party or parties have completed all discovery.

   b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendant | Interrogatories; Request for Docs & Admissions | September 2014 |
| Defendant | Subpoenas for Records | September 2014 |
| Defendant | Depositions of Parties/Witnesses | December 2014 |
| Defendant | Expert discovery | Per Code |

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

Ex. 4
057

CM-110

| | | |
|---|---|---|
| PLAINTIFF/PETITIONER: | Cailynn Pham | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | Target Corporation, et al. | 30-2013-00694890 CU-WT-CJC |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90–98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: March 17, 2014

Katie L. Patterson
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

Ex. 4
058

**PROOF OF SERVICE**

I, Kathryn A. DeLisle, declare that I am employed with the law firm of Shaw Valenza LLP, whose address is 980 9th Street, Sacramento, California 95814; I am over the age of eighteen (18) years and am not a party to this action.

On March 17, 2014, I served the attached **DEFENDANT TARGET CORPORATION'S CASE MANAGEMENT STATEMENT** in this action by placing a true and correct copy thereof, enclosed in sealed envelope(s) addressed as follows:

> Dolores Y. Leal, Esq.
> Christina Cheung, Esq.
> Law Offices of Allred, Maroko & Goldberg
> 6300 Wilshire Blvd., Suite 1500
> Los Angeles, CA 90048-5217
> Tele: 323-653-6530
> Fax: 323-653-1660
> **Attorneys for Plaintiff**

[ X ]   **BY MAIL**: United States Postal Service by placing sealed envelopes with the postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at Sacramento, California.

[ ]   **BY HAND DELIVERY**: I caused such envelope(s) to be delivered by hand to the above address (via _____).

[ ]   **BY HAND DELIVERY**: I delivered by hand to the address below.

[ ]   **BY OVERNIGHT DELIVERY**: I enclosed the documents in an envelope or package provided by an overnight delivery carrier, FEDEX, and addressed to the persons at the addresses list above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery.

[ ]   **BY FACSIMILE**: I caused such documents to be transmitted by facsimile from fax number (916) 497-0708 to the fax number(s) indicated above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct; executed on March 17, 2014, at Sacramento, California.

_Kathryn A. DeLisle_
Kathryn A. DeLisle

329281.1.00104.054

---

PROOF OF SERVICE                                                Case No. 30-2013-00694890-CU-WT-CJC

EXHIBIT  5

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF ORANGE**
**CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 04/01/2014                    TIME: 08:45:00 AM          DEPT: C22

JUDICIAL OFFICER PRESIDING: Sheila Fell
CLERK:  Rick Burns
REPORTER/ERM: Theresa Jones CSR# 12760
BAILIFF/COURT ATTENDANT:  Carolyn J Reza

CASE NO: **30-2013-00694890-CU-WT-CJC** CASE INIT.DATE: 12/23/2013
CASE TITLE: **Pham vs. Target Corporation, a Corporation**
CASE CATEGORY: Civil - Unlimited          CASE TYPE: Wrongful Termination

EVENT ID/DOCUMENT ID: 71878176
**EVENT TYPE**: Case Management Conference

**APPEARANCES**
Dolores Y. Leal, from ALLRED MAROKO & GOLDBERG, present for Plaintiff(s).
Kathryn L. Patterson, from Shaw Valenza LLP, present for Defendant(s) telephonically.

Case Management Conference commenced.

At the request of the Plaintiff,

The Court orders Kevin Holloway  be dismissed without prejudice on Complaint.

The Court set a Jury Trial on 1-12-15.  Time estimate: 10 days.  Jury requested.  The Court further set a Pre-Trial Readiness Conference on 1-9-15.

Both Trial and Pre-Trial Readiness Conference are scheduled at 9:00 a.m. in Department C22.  Court advised counsel that the Court's Trial Orders are posted online.

All rule 3.17 documents, including but not limited to jury instructions, verdict, witness list, joint statement of the case, exhibits list and motions in limine, are to be filed prior to the Pre-trial Readiness Conference.

Plaintiff will give notice.  Entered: 1/APR/2014/4

Ex. 5
061

EXHIBIT  6

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:** TARGET CORPORATION, A
*(AVISO AL DEMANDADO):* CORPORATION; KEVIN HOLLOWAY, AN
INDIVIDUAL, AND DOES 1 THROUGH 25, INCLUSIVE

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**12/23/2013** at 01:04:27 PM
Clerk of the Superior Court
By Diana Cuevas,Deputy Clerk

**YOU ARE BEING SUED BY PLAINTIFF:** CAILYNN PHAM
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* 30-2013-00694890-CU-WT-CJC |
|---|---|
| ORANGE COUNTY SUPERIOR COURT CENTRAL JUSTICE CENTER 700 CIVIC CENTER DRIVE WEST SANTA ANA, CA 92701 | Judge Sheila Fell |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
DOLORES Y. LEAL, SBN 134176          (323) 653-6530   (323) 653-1660
ALLRED, MAROKO & GOLDBERG
6300 WILSHIRE BOULEVARD, SUITE 1500
LOS ANGELES, CA 90048

DATE: 12/23/2013    ALAN CARLSON, Clerk of the Court    _____ , Deputy
*(Fecha)*                                                                   Diana Cuevas    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [✓] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

[SEAL]

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | SUMMONS | Legal Solutions Plus | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|---|

Ex. 6
063

1    DOLORES Y. LEAL, SBN 134176
     CHRISTINA CHEUNG, SBN 280148
2      LAW OFFICES
     **ALLRED, MAROKO & GOLDBERG**
3      SUITE 1500
     6300 WILSHIRE BOULEVARD
4      LOS ANGELES, CALIFORNIA 90048-5217
     Telephone No. (323) 653-6530
5      Fax No. (323) 653-1660

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**12/23/2013** at 01:04:27 PM
Clerk of the Superior Court
By Diana Cuevas, Deputy Clerk

6    **Attorneys for** Plaintiff, CAILYNN PHAM

7

8       IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9         FOR THE COUNTY OF ORANGE

10

11    CAILYNN PHAM,         )   CASE NO.    30-2013-00694890-CU-WT-CJC

12                   )         Judge Sheila Fell

         Plaintiff,      )   **COMPLAINT FOR DAMAGES**

13                   )   **1.**    **VIOLATION OF THE FAIR**

14       vs.             )         **EMPLOYMENT AND**
                  )         **HOUSING ACT ("FEHA"),**

15                   )         **CA GOV'T CODE §12940** *et*
                  )         *seq.* **(failure to engage in the**

16    TARGET CORPORATION, a Corporation; )         **interactive process)**

17    KEVIN HOLLOWAY, an individual, and )   **2.**    **VIOLATION OF FEHA,**
     DOES 1 through 25, Inclusive,      )         **GOV'T CODE §12940** *et*

18                   )         *seq.***(failure to**
                  )         **accommodate)**

19          Defendants.      )   **3.**    **VIOLATION OF FEHA,**
                  )         **GOV'T CODE §12940** *et*

20    _____ )         *seq.***(harassment)**

21

22                          **4.**    **VIOLATION OF THE FEHA,**
                         **GOV'T CODE §12940** *et seq.*

23                          **(termination because of**
                         **disability)**

24                          **5.**    **RETALIATION IN**
                         **VIOLATION OF THE FEHA,**

25                          **GOV'T CODE §12940,** *et seq*

26                          **6.**    **WRONGFUL**
                         **TERMINATION IN**

27                          **VIOLATION OF PUBLIC**
                         **POLICY**

28                          **JURY TRIAL DEMANDED**

1

COMPLAINT FOR DAMAGES

## PRELIMINARY FACTUAL INTRODUCTION

1.      Plaintiff **CAILYNN PHAM** a female (hereinafter "Plaintiff" or "Ms. Pham") is a resident of Orange County, State of California.

2.      Defendant **TARGET CORPORATION** (hereinafter "Defendant" or "Target"), is now and was at all times relevant herein was a corporation duly organized and existing as a private corporation under the laws of the State of California.  At all relevant times, Defendant employed more than five (5) employees within the meaning of California Government Code §12926.

3.      Defendant **Kevin Holloway** ("Mr. Holloway") is an individual, whom Plaintiff is informed and believes was at all relevant times relevant herein was a resident of the County of Orange, State of California.  At all times relevant herein, Defendant Mr. Holloway was an agent of Defendant Target.  Mr. Holloway was a Store Manager at Defendant Target's Anaheim store and Plaintiff's supervisor.

4.      The true names and capacities, whether individual, associate or otherwise, of Defendants sued herein as DOES 1 through 25, inclusive, are currently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the events and happenings referred to herein, and caused injury and damage proximately thereby to Plaintiff as hereinafter alleged.  Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities of the Defendants designated herein as DOES when the same have been ascertained.  Whenever in this complaint reference is made to "Defendants," such allegation shall be deemed to mean the acts of Defendants acting individually, jointly, and/or severally.

5.      Except as hereinafter specifically described, Defendants and each of them, are and were the agents and/or employees of the other Defendants, and in acting as described herein were acting within the scope of their authority or employment as agents and/or employees thereof, and with the permission and consent of the other

Ex. 6
065

1    Defendants.

2       6.      Plaintiff Cailynn Pham was employed by Target for more than 6 years.

3    She was hired in January 2007 at Defendant's Anaheim store as an Executive Team

4    Leader for Softlines.

5       7.      Ms. Pham was a hard-working, dedicated, and loyal Supervisor who gave

6    110% to Target.  Her first Annual Review was rated "Excellent."  In fact, her then

7    Manager, Luis Mateos signed it on March 7, 2008 and hand wrote:

8           *"Cailynn, Thanks for being a total team player at the district and store level.  I*

9           *am proud of you and see many great things in store for you!! "*

10      8.      Ms. Pham became fully invested in making her Target store the best it

11   could be.  Ms. Pham continued to excel in her position not only because of her work

12   ethic and passion, but because she had the necessary support by her then manager, Mr.

13   Mateos.

14      9.      For Fiscal Year 2009, Ms. Pham received her Annual Review from Mr.

15   Mateos and was again rated "Outstanding."  Mr. Mateos' handwritten comments were:

16          *"Cailynn, Thank you for all your hard work and dedication.  I am proud of you*

17          *and your results.  I know 2421 will accomplish a lot this year and you are a*

18          *huge part of that.  Congrats in being an outstanding performer!"*

19      10.     In addition, in 2009, Ms. Pham also received the "MVP" award for store

20   "Bounce backs" at the end of 4th quarter.

21      11.     Unfortunately in January 2010, Ms. Pham who had previously been

22   diagnosed with Lupus had a flare up.  She was required to take a medical leave of

23   absence from January through May 2010.  Ms. Pham advised Mr. Mateos of her

24   disability and shared with him that as a result, she was unable to drive.

25      12.     Nonetheless, upon returning to work from her medical leave of absence,

26   Ms. Pham hit the ground running.  She was not going to let her disability prevent her

27   from working.  She believed that she was capable of overcoming any obstacle and was

28   determined to show that people with disabilities can get the job done.

Ex. 6
066

13.     For Fiscal Year 2011, Ms. Pham's Annual Review was once again rated "Excellent."  Her District Team Leader, Gabrielle Savage signed the Review on April 2, 2012 and hand wrote:

*"Cailynn, Thanks for everything you've done at 2421.  I'm so proud of you."*

14.     Again, Ms. Pham was able to accomplish the goals set by Target because she received the necessary support and if necessary, accommodation from her Store Team Leader, Mr. Mateos.  Indeed during the fourth quarter of 2011, Ms. Pham had been performing the job of two Executive positions, as well as taking on additional "LOD" duties.  She was overseeing the "Front-end" and "Softlines."

15.     Moreover, Mr. Mateos told Ms. Pham that his plan was to promote her from an Executive Team Leader in Soft Lines to an Executive in Hard Lines after fourth quarter in January 2012.  Mr. Mateos told Plaintiff that with the support of the District Team Leader, Gabrielle Savage, Ms. Pham would be promoted and trained to be an Executive Team Leader for Hardlines.

16.     In November 2011, once Mr. Mateos promoted Ms. Karly Mumford to assume Ms. Pham's position as an Executive Team Leader for Softlines, Ms. Pham was asked to temporarily assume the Executive Team Leader - Guest Experience position, and wait for her promotion to Executive Team Leader Hardlines, by January 2012.

17.     Unfortunately circumstances changed in early 2012 when a new Manager, Kevin Holloway was transferred to Anaheim and Mr. Holloway became Ms. Pham's superior.  Ms. Pham asked Mr. Holloway about the plans for her promotion to Executive Team Leader Hardlines.  Mr. Holloway said he was not aware of the promotion and she needed to remain as an Executive Team Leader - Guest Experience.

18.     In April 2012, Ms. Pham suffered a Lupus related flare up causing bleeding in her eye.  Since Mr. Holloway was Ms. Pham's new supervisor, she advised him of her disability and that she could not read the screen.  She was having difficulty seeing faces and needed to go to the doctor.  Mr. Holloway was therefore fully aware of Ms. Pham's disability.

Ex. 6
067

19.     Ms. Pham was placed on medical leave by her doctor until June 2012 during which time she underwent eye surgeries.  Immediately upon her return to work, Ms. Pham's work environment made a 180 degree turn.  Unlike Mr. Mateos who evaluated Ms. Pham highly, who supported and accommodated her as needed, Mr. Holloway was nitpicking and being overly critical of her work.  He began giving her harsh coachings telling her "you don't know what's going on at the store."

20.     Ms. Pham could not understand why Mr. Holloway was creating a hostile work environment.  She began to observe that Mr. Holloway was treating her differently in comparison to other Executive Team Leads and in particular treated those with whom he was friends to preferential treatment.

21.     Ms. Pham observed that her Executive peers were allowed to arrive late and leave the store early, and did not work the hours allotted for an Executive to work, which is 10 hours a day.

22.     When Ms. Pham was scheduled to close the store and the Friday through Monday night shift was the busiest, Mr. Holloway assigned *her* to close.  The practice was to have an Assistant Team Lead, yet Mr. Holloway, who was responsible for the schedules, did not schedule anyone to work with Ms. Pham.

23.     On an occasion when Ms. Pham complained to Mr. Holloway that she did not have anyone scheduled to work with her during the weekend closing, he assigned a Team member and not a Team Leader.  Yet, when Mr. Holloway closed the store, he assigned himself two individuals to assist him – an Executive Team Leader and a Team Leader.  Similarly when other Executive Team Leaders had closing duty, Mr. Holloway assigned Team Leaders to assist them.

24.     Ms. Pham was aware that she would have to work two weekends in one month; one weekend to close the store and the next weekend to open.  During Labor Day weekend, which was supposed to be Mr. Holloway's turn to close the store, he scheduled himself to go on vacation and left Ms. Pham to close Friday, Saturday, Sunday and Monday, when she had already closed the previous weekend.

Ex. 6
068

25.    The distress Ms. Pham faced was that it was a holiday weekend, no team leaders were assigned to assist with managing the store, and her Manager was on vacation during the busiest time of the month. After working the Labor day weekend, Ms. Pham suffered joint pain and needed to take time off.

26.    It became evident to Ms. Pham that Mr. Holloway was on a mission to force her to quit. As a single mother, Ms. Pham did not have the luxury of quitting. More importantly, she knew that even with her disability, she had been able to perform above and beyond the average expectations set by Target. All Ms. Pham needed was a Store Manager who despite her disability treated her with respect and made efforts to accommodate her. Instead, just the opposite was true.

27.    Mr. Holloway made several comments to Ms. Pham which were undoubtedly made to embarrass her. In front of other employees, Mr. Holloway asked Ms. Pham as she was walking into work, *"You still can't see!?"* Embarrassed, Ms. Pham explained that she did not have her glasses with her. On another occasion on "Inventory Day," Mr. Holloway saw Ms. Pham squinting while working on the PDA and he remarked, *"You still haven't gotten your glasses? You're taking your time huh."*

28.    Not only was Mr. Holloway treating Ms. Pham disparately in comparison to other managers, he intentionally embarrassed her in front of other employees, was overly critical and also made demands of her that he did not ask of other Managers. For example, on one occasion, Mr. Holloway told Ms. Pham that she needed to complete the "Urgent News" before the due date. Yet when handing off LOD duties to other leaders he did not clear the Urgent News before the due date, and told them that it did not need to be cleared until the due date.

29.    The harassment by Mr. Holloway was taking a physical and emotional toll on Ms. Pham. In August 2012, her doctor placed Ms. Pham on a medical leave of absence for a month, returning in September 2012.

30.    By September 2012, Ms. Pham knew that Mr. Holloway was doing everything in his power to force her to resign and she needed to ask Human Resources

Ex. 6
069

1    to intervene.  Hence in September 2012, Ms. Pham called the Employee Hotline and

2    reached out to corporate to resolve her issues.  In October 2012 she reached out to

3    Human Resources Manager, Melissa Kirwood.  Ms. Pham explained to Ms. Kirwood

4    that she wanted to be treated fairly by Mr. Holloway.  Ms. Pham explained that Mr.

5    Holloway was "less patient with me because of my eye sight issues."

6         31.    Ms. Pham hoped that by reaching out to Human Resources, Mr.

7    Holloway would change his behavior.  The only accommodation Ms. Pham needed was

8    for Mr. Holloway to be patient with her – it took her longer to read.  She also asked to

9    be treated equally like any other Executive who had changed positions and to be given

10   the opportunity to be fully trained.

11        32.    Unfortunately however, after the complaint to Human Resources Mr.

12   Holloway's hostility toward Ms. Pham intensified.  During the 4th quarter weekends,

13   two Managers were required to work together to support the anticipated increase of

14   guests and work.  When Ms. Pham was scheduled to work, Mr. Holloway would

15   schedule himself to "partner" with Ms. Pham.  However instead of truly being her

16   "partner," he would follow her around and check her work trying to nitpick and find

17   fault.

18        33.    Mr. Holloway's harassment continued to take a toll on Ms. Pham's

19   physical well being.  Her doctor again placed her on medical leave for a month from

20   December 23, 2012 until January 20, 2013.

21        34.    Upon Ms. Pham's return to work, Mr. Holloway "coached" Ms. Pham that

22   she was not managing her store appropriately.  He continued to give her "counselings"

23   telling her that she "could not drive results"; she "could not manage," and she "could

24   not execute."  Ms. Pham disagreed with his criticisms, explaining that he had not

25   provided her with the necessary support and that she had not driven consistent results

26   because she had been on medical leaves of absence.

27        35.    Mr. Holloway was not deterred however.  Over the next several weeks he

28   continued to find ways to convince Ms. Pham to resign.  For example, he asked Ms.

Ex. 6
070

Pham, "are you tired of Target? Are you burnt out?" Ms. Pham replied, "I enjoy retail and my team, but I feel that I'm not part of your team." Mr. Holloway retorted, "well you spend 15 hours at work." Ms. Pham replied, "I may be slow in reading, but I get through them and get the job done." Ms. Pham explained lupus to Mr. Holloway in the hope that he would have some compassion and provide her the needed accommodation which she had been previously requesting– i.e. provide her assistance (as he did with others); not make unnecessary demands on her; and allow her the necessary time to read through the necessary documents.

36.     Mr. Holloway continued to prod Ms. Pham, "What if you go on a leave of absence?" Ms. Pham replied that she couldn't just go on a leave of absence explaining that she could work. Mr. Holloway tried to convince her in various ways asking her if the work was "stressing her out." Ms. Pham replied that the work was not stressing her out, she could handle the work. Again it was that *he* was not supporting her, yet constantly shadowing her and nitpicking her work. Mr. Holloway told Ms. Pham that he did not like giving negative feedback and suggested that it was best for Ms. Pham to put in her two weeks notice. Ms. Pham said she "was not a quitter." Ms. Pham explained that she loved her work and enjoyed working with her team. He also said he had talked to Human Resources and would allow her to put in her two weeks, and on her last two weeks, she really didn't have to do anything. If she quit he would make sure Target did not contest her unemployment benefits.

37.     After these several conversations when Ms. Pham made it clear to Mr. Holloway that she was not resigning, it became evident that he was on a mission to "paper" Ms. Pham to cause her termination. Whereas before he rarely sent Ms. Pham e-mails, he then began sending her emails almost on a daily basis. He was on a mission to make her feel slow and useless. Mr. Holloway also ordered Ms. Pham to send him emails confirming her understanding of his directives to her. Yet we are informed and believe that he did not make this directive to other Executives.

38.     In early April 2013, Mr. Holloway gave Ms. Pham a "final" written

8

COMPLAINT FOR DAMAGES

warning because a transient was found left in the building.  Ms. Pham contested it by asking why she was being treated differently in that another leader had also been responsible for the store that evening.  Ms. Pham informed Mr. Holloway that she also knew of another Executive who had not followed procedures to clear the building and had left a team member in the building, and was not given a final warning.  Confronted with this information, Mr. Holloway ultimately rescinded it.

39.   In the month of April, Mr. Holloway reorganized his schedule to shadow Ms. Pham's scheduled shifts.  He said he wanted to "develop" her as a leader.  However he constantly micro-managed Ms. Pham and continued to be unsupportive by not giving her enough resources to accomplish projects.

40.   Then on April 23, 2013, Mr. Holloway called Ms. Pham to the office and advised her that she was being terminated because she sent a text message to a Team Lead when the Team Lead was not working.  He said that Ms. Pham also talked to a Team Leader about work when the Team Lead was not at work.  Ms. Pham challenged Mr. Holloway explaining that several Executives do the same, and also give directions to their Team Leaders through text messages/phone when the Team Leader was not working. Those Executives did not suffer the same consequence.  All Mr. Holloway said was, "I'll look into it."

41.   Approximately one week before the event, Ms. Pham informed Human Resource Manager Jamie Blanco and Mr. Holloway that she needed to take a medical leave of absence due to a possible eye surgery.  Ms. Blanco gave an ADA questionnaire for her doctor to complete.  However, Ms. Pham was fired before she had the opportunity to return her ADA questionnaire.

42.   After Ms. Pham's termination, she called the Employee Hotline and talked to "Julie" about her termination.  Julie never responded to Ms. Pham's complaint of discrimination/harassment.

43.   Ms. Pham was devastated.  She did not deserve to be treated in this fashion by Mr. Holloway.  For five years she had demonstrated that she was a team

1  player and an outstanding employee.  Yet, Target brought in Mr. Holloway who was

2  not only insensitive to Ms. Pham's disability, but refused to accommodate her

3  disability. This was not a performance issue.  It was about Mr. Holloway's refusal to

4  accept Ms. Pham's need for accommodation.

5       44.    Ms. Pham is suffering from significant physical and psychological

6  injuries.  Target's actions have dealt a serious blow to Ms. Pham's self worth.  Not only

7  is Ms. Pham suffering financially, but she is depressed, anxious, she has difficulty

8  sleeping and eating, and the stress associated with her termination has had a

9  deleterious effect on her disability.

10

11              **FIRST CAUSE OF ACTION**
       **(Failure to Engage in the Interactive Process in Violation of**
12      **FEHA Cal. Gov't Code §12940 *et seq.* Against Defendant**
              **Target Corporation; and DOES 1-25)**
13

14      45.    Plaintiff repeats and realleges by reference each and every allegation

15  contained in paragraphs 1 through 44 and incorporates the same herein as though fully

16  set forth.

17      46.    Defendant is an employer in the State of California, as defined in the

18  California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §12926.

19      47.    At all times material to this complaint, Plaintiff has been a person with a

20  disability or perceived disability within the meaning of the FEHA, California

21  Government Code §§12940 and 12926.

22      48.    Gov't Code §12940(n) makes it an unlawful employment practice for an

23  employer to fail to engage in a timely, good faith, interactive process with the employee

24  to determine an effective reasonable accommodation, if any, in response to a request

25  for reasonable accommodation by an employee with a known physical disability.  By

26  failing to engage in the interactive process, Defendant has violated Plaintiff's rights

27  under the FEHA.

28      49.    Plaintiff Pham is informed and believes and based thereon alleges that in

1  addition to the practices enumerated above, Defendants may have engaged in other

2  discriminatory practices against her which are not yet fully known.  At such time as

3  such discriminatory practices become known to her, Plaintiff will seek leave of Court to

4  amend this Complaint in that regard.

5      50.    On November 1, 2012, Plaintiff Pham filed a timely complaint of

6  discrimination against Defendant with the California Department of Fair Employment

7  and Housing (hereinafter referred to as "DFEH").  A true and correct copy of which is

8  attached hereto as Exhibit "A."  Within one year of the filing of this Complaint, the

9  California Department of Fair Employment and Housing issued a right to sue notice to

10 Plaintiff authorizing this lawsuit, a true and correct copy of which is attached hereto as

11 Exhibit "B." Plaintiff has therefore exhausted her administrative remedies.

12     51.    As a direct and proximate result of Defendants' willful, knowing and

13 intentional discrimination against her, Plaintiff Pham has suffered and will continue to

14 suffer pain and suffering, extreme and severe mental anguish, emotional distress, and

15 personal physical injuries.  Plaintiff is thereby entitled to general and compensatory

16 damages in amounts to be proven at trial.

17     52.    As a direct and proximate result of Defendants' willful, knowing and

18 intentional discrimination against her, Plaintiff Pham has further suffered and will

19 continue to suffer a loss of earnings and other employment benefits and job

20 opportunities.  Plaintiff is thereby entitled to general and compensatory damages in

21 amounts to be proven at trial.

22     53.    As a further, direct and proximate result of Defendants' violation of

23 California Government Code § 12900, et. seq., as heretofore described, Plaintiff Pham

24 has been compelled to retain the services of counsel in an effort to enforce the terms

25 and conditions of his employment relationship with Defendants, and has thereby

26 incurred, and will continue to incur, legal fees and costs, the full nature and extent of

27 which are presently unknown to her. Plaintiff will therefore seek leave of Court to

28 amend this Complaint in that regard when the same shall be fully and finally

11

COMPLAINT FOR DAMAGES

Ex. 6
074

1    ascertained.  Plaintiff requests that attorney's fees be awarded pursuant to California

2    Government Code § 12965.

3        54.    Plaintiff Pham is informed and believes, and based thereon alleges, that

4    the outrageous conduct of Defendants described above was done with malice, fraud

5    and oppression and with conscious disregard for her rights and with the intent, design

6    and purpose of injuring her.  By reason thereof, Plaintiff is entitled to punitive or

7    exemplary damages from all Defendants in a sum according to proof at trial.

8

9                          **SECOND CAUSE OF ACTION**
     **(Failure to Accommodate in violation of FEHA Cal. Govt. Code §§12940 et.**
10              **seq. Against Defendants Target Corporation and DOES 1-25)**

11       55.    Plaintiff Pham repeats and realleges the allegations set forth in

12   paragraphs 1 through 44 and incorporates the same by reference as though fully set

13   forth herein.

14       56.    Defendant is an employer in the State of California, as defined in the

15   California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §12926.

16       57.    At all times material to this complaint, Plaintiff has been a person with

17   disability or perceived disability within the meaning of the FEHA, California

18   Government Code §§12940 and 12926.

19       58.    At all times herein mentioned,  FEHA Government Code §12940(m), was

20   in full force and effect and binding on Defendant.  This statute affirmed Defendants'

21   duty to make reasonable accommodations for the known physical disabilities of

22   Plaintiff.

23       59.    Defendant failed to accommodate Plaintiff Pham's disability.  By failing

24   to provide Plaintiff with an accommodation as set forth above, Defendant has violated

25   Plaintiff's rights under the FEHA.

26       60.    Plaintiff is informed and believes and based thereon alleges that in

27   addition to the practices enumerated above, Defendants may have engaged in other

28   discriminatory practices against her which are not yet fully known.  At such time as

                                      12

Ex. 6
075

1   such discriminatory practices become known to her, Plaintiff will seek leave of Court to

2   amend this Complaint in that regard.

3         61.   On November 1, 2012, Plaintiff Pham filed a timely complaint of

4   discrimination against Defendant with the California Department of Fair Employment

5   and Housing (hereinafter referred to as "DFEH").  A true and correct copy of which is

6   attached hereto as Exhibit "A."  Within one year of the filing of this Complaint, the

7   California Department of Fair Employment and Housing issued a right to sue notice to

8   Plaintiff authorizing this lawsuit, a true and correct copy of which is attached hereto as

9   Exhibit "B." Plaintiff has therefore exhausted her administrative remedies.

10        62.   As a direct and proximate result of Defendants' willful, knowing and

11   intentional discrimination against her, Plaintiff has suffered and will continue to suffer

12   pain and suffering, extreme and severe mental anguish, emotional distress, and

13   personal physical injuries.  Plaintiff is thereby entitled to general and compensatory

14   damages in amounts to be proven at trial.

15        63.   As a direct and proximate result of Defendants' willful, knowing and

16   intentional discrimination/harassment against her, Plaintiff has further suffered and

17   will continue to suffer a loss of earnings and other employment benefits and job

18   opportunities.  Plaintiff is thereby entitled to general and compensatory damages in

19   amounts to be proven at trial.

20        64.   As a further, direct and proximate result of Defendants' violation of

21   California Government Code § 12900, et. seq., as heretofore described, Plaintiff has

22   been compelled to retain the services of counsel in an effort to enforce the terms and

23   conditions of her employment relationship with Defendants, and has thereby incurred,

24   and will continue to incur, legal fees and costs, the full nature and extent of which are

25   presently unknown to her. Plaintiff will therefore seek leave of Court to amend this

26   Complaint in that regard when the same shall be fully and finally ascertained.  Plaintiff

27   requests that attorney's fees be awarded pursuant to California Government Code §

28   12965.

13

Ex. 6
076

65.     Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of Defendants described above was done with malice, fraud and oppression and with conscious disregard for her rights and with the intent, design and purpose of injuring her.   By reason thereof, Plaintiff is entitled to punitive or exemplary damages from all Defendants in a sum according to proof at trial.

### THIRD CAUSE OF ACTION
**(Harassment in Violation of California Gov't Code §12940, *et seq*. Against All Defendants)**

66.     Plaintiff Pham repeats and realleges by reference each and every allegation contained in paragraphs 1 through 44 and incorporates the same herein as though fully set forth.

67.     Defendant is an employer in the State of California, as defined in the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §12926.

68.     At all times material to this complaint, Plaintiff has been a person with disability or perceived disability within the meaning of the FEHA, California Government Code §§12940 and 12926.

69.     Plaintiff Pham was subjected to harassment on the basis of her disability in violation of the FEHA, Government Code §12940 *et seq*.

70.     Plaintiff Pham is informed and believes and based thereon alleges that in addition to the practices enumerated above, Defendants may have engaged in other discriminatory practices against her which are not yet fully known.   At such time as such discriminatory practices become known to her, Plaintiff will seek leave of Court to amend this Complaint in that regard.

71.     On November 1, 2012, Plaintiff Pham filed a timely complaint of discrimination against Defendant with the California Department of Fair Employment and Housing (hereinafter referred to as "DFEH").   A true and correct copy of which is attached hereto as Exhibit "A."   Within one year of the filing of this Complaint, the California Department of Fair Employment and Housing issued a right to sue notice to

14

1  Plaintiff authorizing this lawsuit, a true and correct copy of which is attached hereto as

2  Exhibit "B." Plaintiff has therefore exhausted her administrative remedies.

3      72.   As a direct and proximate result of Defendants' willful, knowing and

4  intentional discrimination against her, Plaintiff has suffered and will continue to suffer

5  pain and suffering, extreme and severe mental anguish, emotional distress, and

6  personal physical injuries.  Plaintiff is thereby entitled to general and compensatory

7  damages in amounts to be proven at trial.

8      73.   As a direct and proximate result of Defendants' willful, knowing and

9  intentional discrimination/harassment against her, Plaintiff has further suffered and

10  will continue to suffer a loss of earnings and other employment benefits and job

11  opportunities.  Plaintiff is thereby entitled to general and compensatory damages in

12  amounts to be proven at trial.

13      74.   As a further, direct and proximate result of Defendants' violation of

14  California Government Code § 12900, et. seq., as heretofore described, Plaintiff has

15  been compelled to retain the services of counsel in an effort to enforce the terms and

16  conditions of her employment relationship with Defendants, and has thereby incurred,

17  and will continue to incur, legal fees and costs, the full nature and extent of which are

18  presently unknown to her. Plaintiff will therefore seek leave of Court to amend this

19  Complaint in that regard when the same shall be fully and finally ascertained.  Plaintiff

20  requests that attorney's fees be awarded pursuant to California Government Code §

21  12965.

22

23  **FOURTH CAUSE OF ACTION**
24  **(Termination because of Disability or Perceived Disability in Violation of California Gov't Code §12940, et seq. Against Defendants Target Corporation and DOES 1-25)**

25

26      75.   Plaintiff Pham repeats and realleges by reference each and every

27  allegation contained in paragraphs 1 through 44 and incorporates the same herein as

28  though fully set forth.

15
COMPLAINT FOR DAMAGES

76.    Defendant is an employer in the State of California, as defined in the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §12926.

77.    At all times material to this complaint, Plaintiff has been a person with disability or perceived disability within the meaning of the FEHA, California Government Code §§12940 and 12926.

78.    At all times herein mentioned,  FEHA Government Code §12940(m), was in full force and effect and binding on Defendant.  This statute affirmed Defendants' duty to engage in an interactive process and make reasonable accommodations for the known physical disabilities of Plaintiff.

79.    Defendants did not engage in the statutorily required interactive process and did not make a reasonable accommodation for Plaintiff Pham's disability.  Instead Defendant effectively terminated Plaintiff Pham's employment in violation of  the California Fair Employment and Housing Act, California Government Code §12940, *et seq.* as set forth hereinabove.

80.    Plaintiff Pham is informed and believes and based thereon alleges that in addition to the practices enumerated above, Defendants may have engaged in other discriminatory practices against her which are not yet fully known.  At such time as such discriminatory practices become known to her, Plaintiff will seek leave of Court to amend this Complaint in that regard.

81.    On November 1, 2012, Plaintiff Pham filed a timely complaint of discrimination against Defendant with the California Department of Fair Employment and Housing (hereinafter referred to as "DFEH").  A true and correct copy of which is attached hereto as Exhibit "A." Within one year of the filing of this Complaint, the California Department of Fair Employment and Housing issued a right to sue notice to Plaintiff authorizing this lawsuit, a true and correct copy of which is attached hereto as Exhibit "B." Plaintiff has therefore exhausted her administrative remedies.

82.    As a direct and proximate result of Defendants' willful, knowing and intentional discrimination against her, Plaintiff has suffered and will continue to suffer

pain and suffering, extreme and severe mental anguish, emotional distress, and personal physical injuries.  Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

83.     As a direct and proximate result of Defendants' willful, knowing and intentional discrimination/harassment against her, Plaintiff has further suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.  Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

84.     As a further, direct and proximate result of Defendants' violation of California Government Code § 12900, et. seq., as heretofore described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of her employment relationship with Defendants, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to her. Plaintiff will therefore seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained.  Plaintiff requests that attorney's fees be awarded pursuant to California Government Code § 12965.

85.     Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of Defendants described above was done with malice, fraud and oppression and with conscious disregard for her rights and with the intent, design and purpose of injuring her.  By reason thereof, Plaintiff is entitled to punitive or exemplary damages from all Defendants in a sum according to proof at trial.

### FIFTH CAUSE OF ACTION
**(Retaliation in Violation of California Gov't Code §12940, *et seq.* Against Defendants Target Corporation and DOES 1-25)**

86.     Plaintiff Pham repeats and realleges by reference each and every allegation contained in paragraphs 1 through 44 and incorporates the same herein as though fully set forth.

17

COMPLAINT FOR DAMAGES

87.    Defendant is an employer in the State of California, as defined in the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §12926.

88.    At all times material to this complaint, Plaintiff has been a person with disability or perceived disability within the meaning of the FEHA, California Government Code §§12940 and 12926.

89.    Plaintiff Pham engaged in protected activity by opposing what she believed to be discriminatory treatment by Defendant Holloway to Defendants' Human Resources personnel.  Plaintiff is informed and believes that the harassment intensified thereafter.  Plaintiff is further informed and believes that she was terminated in retaliation for her complaints to Human Resources.

90.    Plaintiff Pham is informed and believe and based thereon alleges that in addition to the practices enumerated above, Defendants may have engaged in other discriminatory practices against her which are not yet fully known.  At such time as such discriminatory practices become known to her, Plaintiff will seek leave of Court to amend this Complaint in that regard.

91.    On November 1, 2012, Plaintiff Pham filed a timely complaint of discrimination against Defendant with the California Department of Fair Employment and Housing (hereinafter referred to as "DFEH").  A true and correct copy of which is attached hereto as Exhibit "A." Within one year of the filing of this Complaint, the California Department of Fair Employment and Housing issued a right to sue notice to Plaintiff authorizing this lawsuit, a true and correct copy of which is attached hereto as Exhibit "B." Plaintiff has therefore exhausted her administrative remedies.

92.    As a direct and proximate result of Defendants' willful, knowing and intentional retaliation against her, Plaintiff Pham has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress.  Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

93.    As a direct and proximate result of Defendants' willful, knowing and

18
COMPLAINT FOR DAMAGES

Ex. 6
081

intentional retaliation against her, Plaintiff has further suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

94.   As a further, direct and proximate result of Defendants' violation of California Government Code §12900, *et. seq.*, as heretofore described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of her employment relationship with Defendants, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to her.  Plaintiff will therefore seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained.  Plaintiff requests that attorney's fees be awarded pursuant to California Government Code §12965.

95.   Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of Defendants described above was done with malice, fraud and oppression and with conscious disregard for her rights and with the intent, design and purpose of injuring her.  Defendants, authorized, condoned, participated,  and/or ratified the unlawful conduct.  By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendants in a sum according to proof at trial.

## SIXTH CAUSE OF ACTION
### (Wrongful Termination in Violation of Public Policy Against Defendants Target Corporation and DOES 1-25)

96.   Plaintiff Pham repeats and realleges the allegations contained in paragraphs 1 through 44 and incorporates the same by reference as though fully set forth herein.

97.   Plaintiff Pham is informed and believes that she was terminated because of her disability and/or in retaliation for opposing discrimination/harassment in violation of the California Fair Employment and Housing Act Government Code

19
COMPLAINT FOR DAMAGES

1 §12900 *et seq.*

2    98.    It is the public policy of the State of California, as expressed in the

3 California Fair Employment and Housing Act, California Government Code §12900 *et*

4 *seq.*, that employees shall not be subjected to discrimination and that employees shall

5 not be terminated for requesting accommodation of their disability.

6    99.    It is the public policy of the State of California, as expressed in the

7 California Fair Employment and Housing Act, California Government Code §12900 *et*

8 *seq.*, that employees shall not be terminated in retaliation for opposing employment

9 practices believed to be discriminatory.

10    100.    Plaintiff Pham is informed and believes and based thereon alleges that in

11 addition to the practices enumerated above, Defendants may have engaged in other

12 discriminatory practices against her which are not yet fully known.  At such time as

13 such discriminatory practices become known to her, Plaintiff will seek leave of Court to

14 amend this Complaint in that regard.

15    101.    As a direct and proximate result of Defendants' willful, knowing and

16 intentional discrimination against her, Plaintiff has suffered and will continue to suffer

17 pain and suffering, extreme and severe mental anguish, emotional distress, and

18 personal physical injuries.  Plaintiff Pham is thereby entitled to general and

19 compensatory damages in amounts to be proven at trial.

20    102.    As a direct and proximate result of Defendants' willful, knowing and

21 intentional discrimination/harassment against her, Plaintiff Pham has further suffered

22 and will continue to suffer a loss of earnings and other employment benefits and job

23 opportunities.  Plaintiff is thereby entitled to general and compensatory damages in

24 amounts to be proven at trial.

25    103.    As a further, direct and proximate result of Defendants' violation of

26 California Government Code § 12900, et. seq., as heretofore described, Plaintiff Pham

27 has been compelled to retain the services of counsel in an effort to enforce the terms

28 and conditions of her employment relationship with Defendants, and has thereby

COMPLAINT FOR DAMAGES

Ex. 6
083

incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to her. Plaintiff will therefore seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained.  Plaintiff requests that attorney's fees be awarded pursuant to California Government Code § 12965.

104.    Plaintiff Pham is informed and believes, and based thereon alleges, that the outrageous conduct of Defendants described above was done with malice, fraud and oppression and with conscious disregard for her rights and with the intent, design and purpose of injuring her.  By reason thereof, Plaintiff is entitled to punitive or exemplary damages from all Defendants in a sum according to proof at trial.

**WHEREFORE**, Plaintiff prays judgment be entered in her favor and against Defendants as follows:

**AS TO THE FIRST CAUSE OF ACTION:**

1.    That Plaintiff be awarded general and compensatory damages, including prejudgment interest, in an amount according to proof at trial;

2.    That Plaintiff be awarded punitive damages in an amount according to proof at trial;

3.    That Plaintiff be awarded reasonable attorneys' fees and costs of suit; and

4.    That this Court award such other and further relief as the Court deems just and proper.

**AS TO THE SECOND CAUSE OF ACTION:**

1.    That Plaintiff be awarded general and compensatory damages, including prejudgment interest, in an amount according to proof at trial;

2.    That Plaintiff be awarded punitive damages in an amount according to proof at trial;

3.    That Plaintiff be awarded reasonable attorneys' fees and costs of suit; and

4.    That this Court award such other and further relief as the Court deems just and proper.

Ex. 6
084

**AS TO THE THIRD CAUSE OF ACTION:**

1.     That Plaintiff be awarded general and compensatory damages, including prejudgment interest, in an amount according to proof at trial;

2.     That Plaintiff be awarded punitive damages in an amount according to proof at trial;

3.     That Plaintiff be awarded reasonable attorneys' fees and costs of suit; and

4.     That this Court award such other and further relief as the Court deems just and proper.

**AS TO THE FOURTH CAUSE OF ACTION:**

1.     That Plaintiff be awarded general and compensatory damages, including prejudgment interest, in an amount according to proof at trial;

2.     That Plaintiff be awarded punitive damages in an amount according to proof at trial;

3.     That Plaintiff be awarded reasonable attorneys' fees and costs of suit; and

4.     That this Court award such other and further relief as the Court deems just and proper.

**AS TO THE FIFTH CAUSE OF ACTION:**

1.     That Plaintiff be awarded general and compensatory damages, including prejudgment interest, in an amount according to proof at trial;

2.     That Plaintiff be awarded punitive damages in an amount according to proof at trial;

3.     That Plaintiff be awarded reasonable attorneys' fees and costs of suit; and

4.     That this Court award such other and further relief as the Court deems just and proper.

**AS TO THE SIXTH CAUSE OF ACTION:**

1.     That Plaintiff be awarded general and compensatory damages, including prejudgment interest, in an amount according to proof at trial;

2.     That Plaintiff be awarded punitive damages in an amount according to

22

COMPLAINT FOR DAMAGES

Ex. 6
085

1   proof at trial;

2       3.    That Plaintiff be awarded costs of suit and interest incurred; and

3       4.    That this Court award such other and further relief as the Court deems

4   just and proper.

5

6   DATED: December 23, 2013       ALLRED, MAROKO & GOLDBERG

7

8                       By:

9                         DOLORES Y. LEAL

Attorneys for Plaintiff,

10                        **CAILYNN PHAM**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

23

**COMPLAINT FOR DAMAGES**

# "EXHIBIT A"

 STATE OF CALIFORNIA | Department of Fair Employment and Housing                                                        EMPLOYMENT RIGHT TO SUE

## COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH MATTER NUMBER
182781-77169

COMPLAINANT
Cailynn Pham

NAMED IS THE EMPLOYER, PERSON, AGENCY, ORGANIZATION OR GOVERNMENT ENTITY WHO DISCRIMINATED AGAINST ME

| RESPONDENT | ADDRESS | PHONE |
|---|---|---|
| TARGET CORPORATION | 101 S. Euclid St  Anaheim CA 92802 | (714) 422-1120 |
| TARGET CORPORATION | | |

| NO. OF EMPLOYEES | MOST RECENT DISCRIMINATION TOOK PLACE | TYPE OF EMPLOYER |
|---|---|---|
| 1000 | Apr 23, 2013 | Private Employer |

CO-RESPONDENT(S)                                                                                                    ADDRESS

Kevin Holloway                                                    101 S. Euclid St.  Anaheim  CA 92802

DATE FILED  Nov 01, 2013                                                        REVISED JULY 2013
MODIFIED    Nov 01, 2013                                                                    PAGE 1/3

Ex. 6
088



STATE OF CALIFORNIA | Department of Fair Employment and Housing                                    EMPLOYMENT RIGHT TO SUE

## COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE
## CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH MATTER NUMBER
182781-77169

| | |
|---|---|
| I ALLEGE THAT I EXPERIENCED | Discrimination, Harassment, Retaliation |
| ON OR BEFORE | Apr 23, 2013 |
| BECAUSE OF MY | Disability, Other Retaliation for complaining to Human Resources |
| AS A RESULT, I WAS | Denied a good faith interactive process, Denied a work environment free of discrimination and/or retaliation, Denied reasonable accommodation, Terminated |

STATEMENT OF FACTS

I was employed by Target Corporation from January 2007 until April 23, 2013 when I was terminated from my position as Executive Team Leader at Respondent's Anaheim store. In early 2012, a new Manager, Kevin Holloway, was transferred to the Anaheim store. In or about April 2012, I suffered another Lupus related flare up in my eye. As such I advised Mr. Holloway that I was having difficulty seeing faces and reading needed to go to the doctor. I was placed on medical leave until June 2012 and underwent eye surgeries. Upon my return to work, Mr. Holloway began subjecting me to a hostile work environment , for example he nitpicked my work, was overly critical of my work, he began giving me harsh coachings telling me "you don't know what's going on at the store." I began to observe that Mr. Holloway was treating me differently in comparison to other executives. Mr. Holloway similarly refused to accommodate my disability. By September 2012, I believed Mr. Holloway was trying to force me to resign. I called the Employee Hotline and in October 2012 I spoke with Human Resources. I explained that I wanted to be treated fairly by Mr. Holloway and that he was "less patient with me because of my eye sight issues." After my complaint to Human Resources, Mr. Holloway's hostility toward me intensified. The harassment took a toll on my physical well being and my doctor placed me on medical leave from December 23, 2012 until January 20, 2013. Upon my return to work, Mr. Holloway gave me performance "counselings." Mr. Holloway also tried to find ways to convince me to resign. When I did not resign, Mr. Holloway began a "paper trail" and began sending me emails almost on a daily basis. On April 23, 2013, Mr. Holloway advised me that I was being terminated because I sent a text message to a Team Lead who was not working at the time and spoke with her when she was off the clock. I believe that I was subjected to harassment, and not accommodated because of my disability [lupus] and Respondent failed to engage in the interactive process. I further allege that I was terminated because of my disability [lupus], and/or in retaliation because of my complaints to HR, and that Respondent failed to take action in response to my complaints about Mr. Holloway and my termination.

 STATE OF CALIFORNIA I Department of Fair Employment and Housing                    EMPLOYMENT RIGHT TO SUE

## COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE
## CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH MATTER NUMBER
182781-77169

SIGNED UNDER PENALTY OF PERJURY

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right to sue. I understand that if I want a federal right to sue notice, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure and Right to Sue," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

By submitting this complaint, I am declaring under penalty of perjury under the laws of the State of California that, to the best of my knowledge, all information contained in this complaint is true and correct, except matters stated on my information and belief, and I declare that those matters I believe to be true.

Verified by Cailynn Pham, , and dated on Nov 01, 2013 at Los Angeles, CA

DATE FILED  Nov 01, 2013                                          REVISED JULY 2013
MODIFIED    Nov 01, 2013                                          PAGE 3/3

Ex. 6
090

# "EXHIBIT B"



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                DIRECTOR PHYLLIS W. CHENG
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | Videophone 916-228-5285 | TTY 800-700-2320
www.dfeh.ca.gov | email contact.center@dfeh.ca.gov

Nov 01, 2013

Cailynn Pham
1652 Harcourt Avenue
Anaheim, CA 92804

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 182781-77169
Right to Sue: Pham / TARGET CORPORATION, TARGET CORPORATION

Dear Cailynn Pham:

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective Nov 01, 2013 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

**This letter is also your Right to Sue notice.** According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commision (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

Enclosures

cc: TARGET CORPORATION Kevin Holloway
Kevin Holloway

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| DOLORES Y. LEAL, SBN 134176<br>ALLRED, MAROKO & GOLDBERG<br>6300 WILSHIRE BOULEVARD, SUITE 1500<br>LOS ANGELES, CA 90048 | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange |

TELEPHONE NO.: (323) 653-6530   FAX NO.: (323) 653-1660
ATTORNEY FOR *(Name):* PLAINTIFF

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
 STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST
 MAILING ADDRESS: SAME
 CITY AND ZIP CODE: SANTA ANA, CA 92701
 BRANCH NAME: CENTRAL JUSTICE CENTER

**12/23/2013** at 01:04:27 PM
Clerk of the Superior Court
By Diana Cuevas, Deputy Clerk

CASE NAME: PHAM v. TARGET CORPORATION

| **CIVIL CASE COVER SHEET** | Complex Case Designation | CASE 30-2013-00694890-CU-WT-CJC |
|---|---|---|
| [X] Unlimited  [ ] Limited<br>(Amount         (Amount<br>demanded       demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE   Judge Sheila Fell<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify):*   FIVE
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: DECEMBER 23, 2013
DOLORES Y. LEAL, SBN 134176
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

Ex. 6
093

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the *primary* cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach—Seller Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint Case (*non-tort/non-complex*)
  Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

Ex. 6
094

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>STREET ADDRESS:  700 W. Civic Center DRIVE<br>MAILING ADDRESS: P.O. Box 22014<br>CITY AND ZIP CODE: Santa Ana 92702<br>BRANCH NAME: Central Justice Center | FOR COURT USE ONLY<br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br><br>Jan 10, 2014<br><br>ALAN CARLSON, Clerk of the Court<br>By: Carolyn Reza, Deputy |
|---|---|
| PLANTIFF:Cailynn Pham | |
| DEFENDANT:Target Corporation, a Corporation et.al. | |
| Short Title: Pham vs. Target Corporation, a Corporation | |
| **NOTICE OF HEARING** | CASE NUMBER:<br>30-2013-00694890-CU-WT-CJC |

Please take notice that a(n),  <u>Case Management Conference</u>  has been scheduled for hearing on <u>04/01/2014</u> at <u>08:45:00 AM</u> in Department <u>C22</u>  of this court, located at  <u>Central Justice Center</u> .

Clerk of the Court,  By: *Carolyn Reza*          , Deputy

Ex. 6<br>095

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ORANGE

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92702

**SHORT TITLE:** Pham vs. Target Corporation, a Corporation

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>30-2013-00694890-CU-WT-CJC |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Hearing has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at Santa Ana, California, on 01/10/2014. The mailing occurred at Sacramento, California on 01/13/2014.

Clerk of the Court, by: _Caesilyn Reza_ , Deputy

ALLRED MAROKO & GOLDBERG
6300 WILSHIRE BOULEVARD # 1500
LOS ANGELES, CA 90048-5217

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

V3 1013a (June 2004)                    Code of Civil Procedure , § CCP1013(a)

Ex. 6
096

SUPERIOR COURT OF CALIFORNIA
ORANGE COUNTY
P.O. Box 22014
Santa Ana 92702

254.CRT30-20140111.S11
ALLRED  MAROKO  & GOLDBERG
6300  WILSHIRE  BOULEVARD   # 1500
LOS  ANGELES,   CA 90048-5217

DOLORES Y. LEAL, SBN 134176
dleal@amglaw.com
CHRISTINA CHEUNG, SBN 280148
mspiegel@amglaw.com
**ALLRED, MAROKO & GOLDBERG**
SUITE 1500
6300 WILSHIRE BOULEVARD
LOS ANGELES, CA 90048-5217
Telephone No. (323) 653-6530
Fax No. (323) 653-1660

**Attorneys for** <u>Plaintiff, CAILYNN PHAM</u>

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE

| | |
|---|---|
| CAILYNN PHAM, | CASE NO: 30-2013-00694890 |
| Plaintiff, | Hon. Sheila Fell - Dept. C22 |
| vs. | **NOTICE OF CASE MANAGEMENT** |
| TARGET CORPORATION, a Corporation; KEVIN HOLLOWAY, an individual , and DOES 1 through 25, Inclusive | **CONFERENCE ORDER** |
| Defendants | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that a Case Management Conference was held on April 1, 2014 at 8:45 a.m. before the Honorable Sheila Fell in Department C22 of the Superior Court for the County of Orange, located at 700 Civic Center Drive West, Santa Ana, CA 92701. Counsel Dolores Y. Leal appeared on behalf of Plaintiff Cailynn Pham and counsel Katie Patterson appeared on behalf of Defendant Target Corporation.

/ / /

/ / /

1

1   The Court ordered as follows:

2          1.      Defendant Kevin Holloway who has not as yet been served is hereby

3   dismissed *without prejudice*;

4          2.      The Pre-Trial Readiness Conference is set for January 9, 2015 at

5   9:00 a.m. in department C22;

6          3.      The parties are ordered to comply with Orange County Local Rule

7   3.17; and

8          4.      The Trial is set for January 12, 2015 at 9:00 a.m. in department C22.

9

10

11   DATED: April ___, 2014                    ALLRED, MAROKO & GOLDBERG

12                                             By: _____
                                                   DOLORES Y. LEAL
13                                                 Attorneys for Plaintiff,
                                                   **CAILYNN PHAM**
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

2

NOTICE OF CASE MANAGEMENT CONFERENCE ORDER

Ex. 6
099

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 6300 Wilshire Boulevard, Suite 1500, Los Angeles, California 90048.

    On **April 1, 2014**, I served the foregoing document described as **NOTICE OF CASE MANAGEMENT CONFERENCE ORDER** on interested parties in this action

[ ]  by placing true copies thereof enclosed in sealed  envelopes addressed as stated on the attached mailing list:

[X]  by placing [ ] the original [X] a true copy thereof enclosed in sealed envelopes at Los Angeles, California addressed as follows:

        D. Gregory Valenza, Esq.
        Katie L. Patterson, Esq.
        **SHAW VALENZA LLP**
        980 Ninth Street, Suite 2300
        Sacramento, CA 95814

[X]  **BY MAIL:** I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California.

[ ]  **BY E-MAIL:** I caused such document to be electronically served via email to the email address of the addressee(s).

[ ]  **BY FAX:** by transmitting a true copy via facsimile transmission from telecopier number (323) 653-1660 located at 6300 Wilshire Blvd., Ste. 1500, Los Angeles, California  90048, to the following fax number:

[ ]  **BY PERSONAL SERVICE:** I caused such envelope to be personally served on the Addressee(s) to the offices of the addressee(s).

Executed on **April 1, 2014**, at Los Angeles, California.

[X]  **State** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ]  **Federal** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

                    ANGIE O. PAZ

DOLORES Y. LEAL, SBN 134176
dleal@amglaw.com
CHRISTINA CHEUNG, SBN 280148
ccheung@amglaw.com
LAW OFFICES
ALLRED, MAROKO & GOLDBERG
SUITE 1500
6300 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90048-5217
Telephone No. (323) 653-6530
Fax No. (323) 653-1660

Attorneys for Plaintiff, CAILYNN PHAM

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE

| | |
|---|---|
| CAILYNN PHAM,<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION, a Corporation;<br>KEVIN HOLLOWAY, an individual, and<br>DOES 1 through 25, Inclusive,<br><br>Defendants. | CASE NO. 30-2013-00694890-CU-WT-CJC<br><br>**NOTICE OF CASE MANAGEMENT<br>CONFERENCE**<br><br>Date: April 1, 2014<br>Time: 8:45 a.m.<br>Dept: C22 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that the Superior Court for the County of Orange has set

this matter for a Case Management Conference for April 1, 2014 at 8:45 a.m. in Department

C22 of the Superior Court for the County of Orange, located at 700 W. Civic Center Drive,

Santa Ana, CA 92702. A copy of the Court's Notice dated January 10, 2014, is attached hereto.

DATED: January 31, 2014                    ALLRED, MAROKO & GOLDBERG

By: _____
DOLORES Y. LEAL
Attorneys for Plaintiff,
**CAILYNN PHAM**

1
NOTICE OF CASE MANAGEMENT CONFERENCE

Ex. 6
101

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>STREET ADDRESS:  700 W. Civic Center DRIVE<br>MAILING ADDRESS: P.O. Box 22014<br>CITY AND ZIP CODE: Santa Ana 92702<br>BRANCH NAME: Central Justice Center | FOR COURT USE ONLY<br><br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE |
|---|---|
| PLANTIFF:Cailynn Pham | Jan 10, 2014 |
| DEFENDANT:Target Corporation, a Corporation et.al. | ALAN CARLSON, Clerk of the Court<br>By: Carolyn Reza, Deputy |
| Short Title: Pham vs. Target Corporation, a Corporation | |
| **NOTICE OF HEARING** | CASE NUMBER:<br>30-2013-00694890-CU-WT-CJC |

Please take notice that a(n),  <u>Case Management Conference</u>  has been scheduled for hearing on
<u>04/01/2014</u> at <u>08:45:00 AM</u> in Department <u>C22</u>  of this court, located at  <u>Central Justice Center</u> .

Clerk of the Court,  By: _Carolyn Reza_ , Deputy

**NOTICE OF HEARING**                                                                          Page: 1

Ex. 6<br>102

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92702

**SHORT TITLE:** Pham vs. Target Corporation, a Corporation

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | **CASE NUMBER:**<br>30-2013-00694890-CU-WT-CJC |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Hearing has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at Santa Ana, California, on 01/10/2014. The mailing occurred at Sacramento, California on 01/13/2014.

Clerk of the Court, by: *Carolyn Reza* , Deputy

ALLRED MAROKO & GOLDBERG
6300 WILSHIRE BOULEVARD # 1500
LOS ANGELES, CA 90048-5217

---

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

Code of Civil Procedure , § CCP1013(a)

V3 1013a (June 2004)

Ex. 6
103

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 6300 Wilshire Boulevard, Suite 1500, Los Angeles, California 90048.

     On **January 31, 2014,** I served the foregoing document described as **NOTICE OF CASE MANAGEMENT CONFERENCE** on interested parties in this action

[ ]    by placing true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

[X]    by placing [ ] the original [X] a true copy thereof enclosed in sealed envelopes at Los Angeles, California addressed as follows:

> D. Gregory Valenza, Esq.
> Katie L. Patterson, Esq.
> **SHAW VALENZA LLP**
> 980 Ninth Street, Suite 2300
> Sacramento, CA 95814

[ ]    **BY FAX:** by transmitting a true copy via facsimile transmission from telecopier number (323) 653-1660 located at 6300 Wilshire Blvd., Ste. 1500, Los Angeles, California 90048.

[X]    **BY MAIL:** I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California.

[ ]    **BY EMAIL:** I caused such document to be electronically served via email to the email address of the addressee(s).

[ ]    **BY PERSONAL SERVICE:** I caused such envelope to be personally served on the Addressee(s) to the offices of the addressee(s).

Executed on **January 31, 2014,** at Los Angeles, California.

[X]    **State** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ]    **Federal** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

ANGIE O. PAZ

# EXHIBIT  7

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 700  W. Civic Center DRIVE<br>MAILING ADDRESS:  700  W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana, CA  92701<br>BRANCH NAME:    Central Justice Center | |

| SHORT TITLE: Pham vs. Target Corporation, a Corporation | |
|---|---|
| **NOTICE OF REJECTION OF ELECTRONIC FILING** | CASE NUMBER:<br>30-2013-00694890-CU-WT-CJC |

The electronic filing described by the summary data below was reviewed and rejected by the Superior Court of California, County of Orange

## E-Filing Summary Data

Electronically Submitted By: Kevin Holloway
On Behalf of:

Transaction Number:  3141394

Court received Date:  05/05/2014

Court received Time:  01:09:06 PM

## Documents Electronically Filed

Answer to Complaint

This electronic filing was rejected based on the following reason(s):

**Reject Reason 1:**   other
Clerk's Comments to Submitter:
Per minute order 4/1/14 Defendant Kevin Halloway was dismissed without prejudice

## E-Filing Service Provider Information

Name:            OneLegal

Email:            support@onelegal.com

Contact Person:   Customer Support

Phone:            8009388815

# EXHIBIT  8

APR 2 8 2014

1   DOLORES Y. LEAL, SBN 134176
    dleal@amglaw.com
2   CHRISTINA CHEUNG, SBN 280148
    mspiegel@amglaw.com
3   **ALLRED, MAROKO & GOLDBERG**
    SUITE 1500
4   6300 WILSHIRE BOULEVARD
    LOS ANGELES, CA  90048-5217
5   Telephone No. (323) 653-6530
    Fax No. (323) 653-1660
6

7   **Attorneys for** Plaintiff, **CAILYNN PHAM**

8

9          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                  FOR THE COUNTY OF ORANGE

11

12   CAILYNN PHAM,                    )   CASE NO: 30-2013-00694890
                                      )
13          Plaintiff,                )   Hon. Sheila Fell - Dept. C22
                                      )
14   vs.                              )   **PLAINTIFF CAILYNN PHAM'S**
                                      )   **OBJECTIONS AND RESPONSES TO**
15                                    )   **DEFENDANT TARGET**
     TARGET CORPORATION, a            )   **CORPORATION'S FIRST SET OF FORM**
16   Corporation; KEVIN HOLLOWAY, an  )   **INTERROGATORIES**
     individual , and DOES 1 through 25, )
17   Inclusive                        )
                                      )
18          Defendants                )
                                      )
19   _____  )

20

21   PROPOUNDING PARTY    :    Defendant, **TARGET CORPORATION**

22   RESPONDING PARTY     :    Plaintiff, **CAILYNN PHAM**

23   SET NUMBER           :    **ONE**

24          The responses set forth below are made and based upon the information available

25   to plaintiff at the time of the preparation of these responses.  However, because discovery

26   in this matter is continuing, plaintiff's information is, or may be, incomplete.

27   Accordingly, plaintiff reserves the right to amend, supplement, correct, and/or change

28   these responses from time to time up to and including the time of trial and to introduce

                                         1

1  such additional information and/or documentation which it deems to be responsive to

2  these responses.

3      Plaintiff objects to these form interrogatories to the extent they call for information

4  relating to an unidentified and undescribed "incident," on the grounds that such

5  interrogatories are vague and ambiguous.  Insofar as the complaint alleges several causes

6  of action and several wrongful acts, Plaintiff cannot ascertain to what "incident"

7  defendant is referring.

8      These introductory comments and specific objections shall apply to each and every

9  response given herein and shall be incorporated by reference as though fully set forth in

10  full in each of the responses appearing below.

11  **INTERROGATORY NO. 1.1:**

12      State the name, **ADDRESS**, telephone number and relationship to you of each

13  **PERSON** who prepared or assisted in the preparation of the response to these

14  interrogatories.

15  **RESPONSE TO INTERROGATORY NO. 1.1:**

16      Cailynn Pham and Dolores Y. Leal, 6300 Wilshire Blvd., Ste. 1500 Los Angeles, CA

17  90048 (323) 653-6530.

18  **INTERROGATORY NO. 2.1:**

19      State:

20      (a)    your name;

21      (b)    Every name you have used in the past;

22      (c)    the dates you used each name.

23  **RESPONSE TO INTERROGATORY NO. 2.1:**

24      (a-c)   Pham Kim Ho Diep - Cailynn Pham 1999 to present.

25  **INTERROGATORY NO. 2.2:**

26      State the date and place of your birth.

27  **RESPONSE TO INTERROGATORY NO. 2.2:**

28      February 10, 1984, Vietnam, Saigon

**INTERROGATORY NO. 2.5:**

State:

    (a)    your present residence **ADDRESS**;

    (b)    your residence **ADDRESSES** for the last five years;

    (c)    the dates you lived at each **ADDRESS**.

**RESPONSE TO INTERROGATORY NO. 2.5**:

    (a)    10652 Harcourt Avenue, Anaheim, CA 92804

    (b)    same

    ( c)    2003 to present.

**INTERROGATORY NO. 2.6:**

State:

    (a)    the name, **ADDRESS**, and telephone number of your present employer or place of self-employment;

    (b)    the name, **ADDRESS**, dates of employment, job title, and nature of work for each employer or self-employment you have had from five years before the **INCIDENT** until today.

**RESPONSE TO INTERROGATORY NO. 2.6**:

    (a)    Not applicable.

    (b)    Target Corporation, January 2007 to April 23, 2013, last position: Executive Team Leader.

**INTERROGATORY NO. 2.7:**

State:

    (a)    the name and **ADDRESS** of each school or other academic or vocational institution you have attended beginning with high school;

    (b)    the dates you attended;

    (c)    the highest grade level you have completed;

    (d)    the degrees received.

**RESPONSE TO INTERROGATORY NO. 2.7**:

    (a)    (1) Costa Mesa High School; (2) California State University, Fullerton; and (3) Irvine Valley College;

    (b)    (1) August 1998 to June 2002; (2) 2002 to 2006; and (3) approximately 2005 (one semester)

    ( c)    (1) 12th grade (2) Bachelor of Arts, Marketing; and (3) real estate course - one semester;

    (d)    (1) high school diploma; (2) Bachelor of Arts, Marketing; and (3) not applicable.

**INTERROGATORY NO. 2.8:**

Have you ever been convicted of a felony?  If so, for each conviction state:

    (a)    the city and state where you were convicted;

    (b)    the date of conviction;

    (c)    the offense;

    (d)    the court and case number.

**RESPONSE TO INTERROGATORY NO. 2.8**:

No.

**INTERROGATORY NO. 11.2:**

In the last ten years have you made a written claim or demand for worker's compensation benefits?  If so, for each claim or demand state:

    (a)    the date, time, and place of the **INCIDENT** giving rise to the claim;

    (b)    the name, **ADDRESS**, and telephone number of your employer at the time of the injury;

    (c)    the name, **ADDRESS**, and telephone number of the worker's compensation insurer and the claim number;

    (d)    the period of time during which you received worker's compensation benefits;

    (e)    a description of the injury;

4

1     (f)    the name, **ADDRESS**, and telephone number of any **HEALTH CARE**

2  **PROVIDER** that provided services;

3     (g)    the case number at the Worker's Compensation Appeals Board.

4  **RESPONSE TO INTERROGATORY NO. 11.2**:

5     No.

7  DATED: April 25, 2014      ALLRED, MAROKO & GOLDBERG

9     By: _____

10         DOLORES Y. LEAL
            Attorneys for Plaintiff,
            **CAILYNN PHAM**

## **VERIFICATION**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I have read the foregoing **OBJECTIONS AND RESPONSES TO DEFENDANT'S S' FIRST SET OF FORM INTERROGATORIES - GENERAL** and know its content.

I am a party to this action.  The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matter I believe them to be true.

Executed on this ___25___ day of ___APRIL___, 2014 at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


Cailynn Pham
TYPE OR PRINT NAME                          SIGNATURE

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is: 6300 Wilshire Boulevard, Suite 1500, Los Angeles, California 90048.

On **April 25, 2014**, I served the foregoing document described as **PLAINTIFF CAILYNN PHAM'S OBJECTIONS AND RESPONSES TO DEFENDANT TARGET CORPORATION'S FIRST SET OF FORM INTERROGATORIES** on interested parties in this action

[ ]    by placing true copies thereof enclosed in sealed  envelopes addressed as stated on the attached mailing list:

**[X]**    by placing [X] the original [ ] a true copy thereof enclosed in sealed envelopes at Los Angeles, California addressed as follows:

        D. Gregory Valenza, Esq.
        Kelcie M. Gosling, Esq.
        Katie L. Patterson, Esq.
        **SHAW VALENZA LLP**
        980 Ninth Street, Suite 2300
        Sacramento, CA 95814

**[X]**    **BY MAIL:** I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California.

[ ]    **BY E-MAIL:** I caused such document to be electronically served via email to the email address of the addressee(s).

[ ]    **BY FAX:** by transmitting a true copy via facsimile transmission from telecopier number (323) 653-1660 located at 6300 Wilshire Blvd., Ste. 1500, Los Angeles, California 90048, to the following fax number:

[ ]    **BY PERSONAL SERVICE:** I caused such envelope to be personally served on the Addressee(s) to the offices of the addressee(s).

Executed on **April 25, 2014,** at Los Angeles, California.

**[X]**    **State** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ]    **Federal** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

ANGIE O. PAZ

EXHIBIT  9

APR 2 8 2014

1    DOLORES Y. LEAL, SBN 134176
         dleal@amglaw.com
2    CHRISTINA CHEUNG, SBN 280148
         mspiegel@amglaw.com
3    **ALLRED, MAROKO & GOLDBERG**
         SUITE 1500
4    6300 WILSHIRE BOULEVARD
     LOS ANGELES, CA 90048-5217
5    Telephone No. (323) 653-6530
         Fax No. (323) 653-1660
6

7    **Attorneys for** Plaintiff, **CAILYNN PHAM**

8

9            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

10               FOR THE COUNTY OF ORANGE

11

12   CAILYNN PHAM,                    )  CASE NO: 30-2013-00694890
                                      )
13           Plaintiff,               )  Hon. Sheila Fell - Dept. C22
                                      )
14       vs.                          )  **PLAINTIFF CAILYNN PHAM'S**
                                      )  **OBJECTIONS AND RESPONSES TO**
15                                    )  **DEFENDANT TARGET**
     TARGET CORPORATION, a            )  **CORPORATION'S FIRST SET OF FORM**
16   Corporation; KEVIN HOLLOWAY, an  )  **INTERROGATORIES - EMPLOYMENT**
     individual , and DOES 1 through 25, )
17   Inclusive                        )
                                      )
18                                    )
             Defendants               )
19   _____ )

20

21   PROPOUNDING PARTY   :   Defendant, **TARGET CORPORATION**

22   RESPONDING PARTY    :   Plaintiff, **CAILYNN PHAM**

23          TO DEFENDANT TARGET CORPORATION AND TO THEIR ATTORNEYS OF

24   RECORD:

25          The responses set forth below are made and based upon the information available to

26   plaintiff at the time of the preparation of these responses. However, because discovery in this

27   matter is continuing, plaintiff's information is, or may be, incomplete. Accordingly, plaintiff

28   reserves the right to amend, supplement, correct, and/or change these responses from time

                                        1
─────────────────────────────────────────────────────
         PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT TARGET CORPORATION'S
         FIRST SET OF FORM INTERROGATORIES - EMPLOYMENT                    Ex. 9
                                                                          116

1   to time up to and including the time of trial and to introduce such additional information

2   and/or documentation which it deems to be responsive to these responses.

3       These introductory comments shall apply to each and every response given herein and

4   shall be incorporated by reference as though fully set forth in full in each of the responses

5   appearing below.

6   **INTERROGATORY NO. 200.1:**

7       Do you contend that the **EMPLOYMENT** relationship was "at will"?  If so:

8       (a)    state all facts upon which you base this contention;

9       (b)    state the name, **ADDRESS,** and telephone number of each **PERSON** who has

10               knowledge of those facts; and

11       (c)    identify all **DOCUMENTS** that support your contention.

12   **RESPONSE TO INTERROGATORY NO. 200.1:**

13       Plaintiff objects to this interrogatory on the grounds that it is not relevant nor likely

14   to lead to the discovery of admissible evidence.  This Judicial Council interrogatory is based

15   on a "Contract Formation" claim, which is not alleged in the instant action.  Subject to and

16   without waiving the foregoing, Plaintiff responds:

17       Yes. (a)-( c) The California Labor Code §2922 provides *inter alia*, that "an

18   employment, having no specified term, may be terminated at the will of either party on notice

19   to the other."  However, an employer may not terminate an employee at will if to do so

20   violates a statute or constitutional provision.  Plaintiff has alleged that she was terminated

21   because of her disability and/or in retaliation for opposing what she believed to be

22   discriminatory employment practices.  California Gov't Code §12900 *et seq* prohibits

23   discrimination on the basis of a person's disability and provides that employees shall not be

24   subjected to retaliation for opposing what they believe to be unlawful employment practices.

25   **INTERROGATORY NO. 200.2:**

26       Do you contend that the **EMPLOYMENT** relationship was not "at will?"  If so:

27       (a)    state all facts upon which you base this contention;

28       (b)    state the name, **ADDRESS**, and telephone number of each **PERSON** who has

1  knowledge of those facts; and

2  (c)    identify all **DOCUMENTS** that support your contention.

3  **RESPONSE TO INTERROGATORY NO. 200.2:**

4  Plaintiff incorporates her response to interrogatory no. 200.1 above.

5  **INTERROGATORY NO. 200.3:**

6  Do you contend that the **EMPLOYMENT** relationship was governed by any

7  agreement -written, oral or implied?  If so:

8  (a)    state all facts upon which you base this contention;

9  (b)    state the name, **ADDRESS**, and telephone number of each **PERSON** who has

10  knowledge of those facts; and

11  (c)    identify all **DOCUMENTS** that support your contention.

12  **RESPONSE TO INTERROGATORY NO. 200.3:**

13  Plaintiff objects to this interrogatory on the grounds that it is not relevant nor likely

14  to lead to the discovery of admissible evidence.  This Judicial Council interrogatory is based

15  on a "Contract Formation" claim, which is not alleged in the instant action.  Subject to and

16  without waiving the foregoing, Plaintiff responds: Yes.  (a)-( c) Defendant's policies and

17  procedures provided the terms under which Plaintiff's employment relationship would be

18  governed; Plaintiff, Luis Mateos; Kevin Holloway, and Human Resources personnel with

19  knowledge of Defendant's human resources/personnel policies.

20  **INTERROGATORY NO. 200.4:**

21  Was any part of the parties' **EMPLOYMENT** relationship governed in whole or in

22  party by and written rules, guidelines, policies, or procedures established by the

23  **EMPLOYER**?  If so, for each **DOCUMENT** containing the written rules, guidelines,

24  policies, or procedures:

25  (a)    state the date and title of the **DOCUMENT** and a general description of its

26  contents;

27  (b)    state the manner in which the **DOCUMENT** was communicated to employees;

28  and

3

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT TARGET CORPORATION'S
FIRST SET OF FORM INTERROGATORIES – EMPLOYMENT                                   Ex. 9
                                                                                 118

1      (c)    state the manner, if any, in which employees acknowledged either receipt of the

2                 **DOCUMENT** or knowledge of its contents.

3  **RESPONSE TO INTERROGATORY NO. 200.4:**

4      Subject to and without waiving the foregoing, Plaintiff responds: Yes.

5      (a)    Plaintiff does not recall the specific name/title of the documents, during her

6  employment plaintiff was provided with various personnel policies.

7      (b)    Some policies were given to Plaintiff by hand; other policies were available

8  through defendant Target's intranet.

9      (c)    Plaintiff does not recall if Defendant requested she sign an acknowledgment

10 of receipt or acknowledgment of knowledge of its contents.

11 **INTERROGATORY NO. 200.5:**

12     Was any part of the parties' **EMPLOYMENT** relationship covered by one or more

13 collective bargaining agreements or memorandums of understanding between the

14 **EMPLOYER** (or an association of employers) and any labor union or employee

15 association? If so, for each collective bargaining agreement or memorandum of

16 understanding, state:

17     (a)    the names and **ADDRESSES** of the parties to the collective bargaining

18                agreement or memorandum of understanding;

19     (b)    the beginning and ending dates, if applicable, of the collective bargaining

20                agreement or memorandum of understanding; and

21     (c)    which parts of the collective bargaining agreement or memorandum of

22                understanding, if any, govern (1) any dispute or claim referred to in the

23                **PLEADINGS** and (2) the rules or procedures for resolving any dispute or

24                claim referred to the in the **PLEADINGS.**

25 **RESPONSE TO INTERROGATORY NO. 200.5:**

26     No.

27 **INTERROGATORY NO. 200.6:**

28     Do you contend that the **EMPLOYEE** and the **EMPLOYER** were in a business

1  relationship other than an **EMPLOYMENT** relationship?  If so, for each relationship:

2      (a)    state the names of the parties to the relationship;

3      (b)    identify the relationship; and

4      (c)    state all facts upon which you base your contention that the parties were in

5          a relationship other than an **EMPLOYMENT** relationship.

6  **RESPONSE TO INTERROGATORY NO. 200.6**:

7      No.

8  **INTERROGATORY NO. 208.1:**

9      Did the **EMPLOYEE** file a claim, complaint, or charge with any governmental

10  agency that involved any of the material allegations made in the **PLEADINGS**?  If so, for

11  each claim, complaint, or charge:

12      (a)    state the date on which it was filed;

13      (b)    state the name and **ADDRESS** of the agency with which it was filed;

14      (c)    state the number assigned to the claim, complaint, or charge by the agency;

15      (d)    state the nature of each claim, complaint, or charge made;

16      (e)    state the date on which the **EMPLOYER** was notified of the claim,

17          complaint, or charge;

18      (f)    state the name, **ADDRESS**, and telephone number of all **PERSONS**

19          within the governmental agency with whom the **EMPLOYER** has had any

20          contact or communication regarding the claim, complaint, or charge;

21      (g)    state whether a right to sue notice was issued and, if so, when; and

22      (h)    state whether any findings or conclusions regarding the complaint or charge

23          have been made and, if so, the date and description of the agency's findings

24          or conclusions.

25  **RESPONSE TO INTERROGATORY NO. 208.1**:

26      Yes.

27      (a)    November 1, 2013;

28      (b)    California Department of Fair Employment and Housing 2218 Kausen Dr.,

1            Ste 1001, Elk Grove, CA 95758;

2     ( c)    182781-77169;

3     (d)    disability discrimination, denied a good faith interactive process; denied a

4            work environment free of discrimination and/or retaliation; denied

5            reasonable accommodation; retaliation, terminated;

6     (e)    November 4, 2013;

7     (f)    unknown;

8     (g)    Yes; November 1, 2013;

9     (h)    No, a notice of right to sue was requested upon filing of the complaint.

10 **INTERROGATORY NO. 209.1:**

11     Except for this action, in the past 10 years has the **EMPLOYEE** filed a civil action

12 against any employer regarding the **EMPLOYEE'S** employment? If so, for each civil

13 action:

14     (a)    state the name, **ADDRESS**, and telephone number of each employer

15            against whom the action was filed;

16     (b)    state the court, names of the parties, and case number of the civil action;

17     (c)    state the name, **ADDRESS**, and telephone number of any attorney

18            representing the **EMPLOYEE**; and

19     (d)    state whether the action has been resolved or is pending.

20 **RESPONSE TO INTERROGATORY NO. 209.1:**

21     No.

22 **INTERROGATORY NO. 210.1:**

23     Do you attribute any loss of income, benefits, or earning capacity to any

24 **ADVERSE EMPLOYMENT ACTION**?  (If your answer is "no," do not answer

25 Interrogatories 210.2 through 210.6).

26 **RESPONSE TO INTERROGATORY NO. 210.1:**

27     Yes.

28

**INTERROGATORY NO. 210.2:**

State the total amount of income, benefits, or earning capacity you have lost to date and how the amount was calculated.

**RESPONSE TO INTERROGATORY NO.  210.2:**

Plaintiff  has not yet retained an economist to calculate the total amount of income, benefits or earning capacity she has lost to date.

**INTERROGATORY NO. 210.3:**

Will you lose income, benefits, or earning capacity in the future as a result of any **ADVERSE EMPLOYMENT ACTION**?  If so, state the total amount of income, benefits, or earning capacity you expect to lose, and how the amount was calculated.

**RESPONSE TO INTERROGATORY NO. 210.3:**

Yes.  Plaintiff incorporates her response to interrogatory no. 210.2.

**INTERROGATORY NO. 210.4:**

Have you attempted to minimize the amount of your lost income?  If so, describe how; if not, explain why not.

**RESPONSE TO INTERROGATORY NO. 210.4:**

Yes, Plaintiff is undergoing mental health treatment in order to allow her to return to the workplace without suffering the anxiety, fear, depression and other such symptoms she was suffering while reporting to Store Team Leader, Kevin Holloway.

**INTERROGATORY NO. 210.5:**

Have you purchased any benefits to replace any benefits to which you would have been entitled if the **ADVERSE EMPLOYMENT ACTION** had not occurred?  If so, state the cost for each benefit purchased.

**RESPONSE TO INTERROGATORY NO. 210.5:**

Yes.  Plaintiff purchased COBRA and pays approximately $433 per month.

**INTERROGATORY NO. 210.6:**

Have you obtained other employment since any **ADVERSE EMPLOYMENT ACTION**?  If so, for each new employment:

7

1     (a)    state when the new employment commenced;

2     (b)    state the hourly rate or monthly salary for the new employment; and

3     (c)    state the benefits available from the new employment.

4  **RESPONSE TO INTERROGATORY NO. 210.6:**

5     No.

6  **INTERROGATORY NO. 212.4:**

7     Did you receive any consultation or examination (except from expert witnesses

8  covered by Code of Civil Procedure section 2034) or treatment from a **HEALTH CARE**

9  **PROVIDER** for any injury you attribute to the **ADVERSE EMPLOYMENT ACTION**?

10  If so, for each **HEALTH CARE PROVIDER** state:

11     (a)    the name, **ADDRESS**, and telephone number;

12     (b)    the type of consultation, examination, or treatment provided;

13     (c)    the dates you received consultation, examination, or treatment; and

14     (d)    the charges to date.

15  **RESPONSE TO INTERROGATORY NO. 212.4:**

16     Yes.

17     (a)    mental health treatment with psychologists;

18     (b)    in or about late 2012 until the present;

19     ( c)    co-payments approximately $50 per visit;

20     (d)    Dr. Shaun Chung - UCI Psychology Dept. 101 The City Dr. S, Ste 207

21         Orange, CA 92868 (714) 456-5770; Dr. Steven Aguilar - UCI Psychology

22         Dept., The City Dr. S, Ste 207 Orange, CA 92868 (714) 456-5770.

23  **INTERROGATORY NO. 212.6:**

24     Are there any other medical services not previously listed in response to

25  interrogatory 212.4 (for example, ambulance, nursing, prosthetics) that you received for

26  injuries attributed to the **ADVERSE EMPLOYMENT ACTION**?  If so, for each service

27  state:

28     (a)    the nature;

1    (b)    the date;

2    (c)    the cost; and

3    (d)    the name, **ADDRESS**, and telephone number of each **HEALTH CARE**

4           **PROVIDER**.

5  **RESPONSE TO INTERROGATORY NO. 212.6:**

6    No.

7  **INTERROGATORY NO. 213.1:**

8    Are there any other damages that you attribute to the **ADVERSE**

9  **EMPLOYMENT ACTION**? If so, for each item of damage state:

10   (a)    the nature;

11   (b)    the date it occurred;

12   (c)    the amount; and

13   (d)    the name, **ADDRESS**, and telephone number of each **PERSON** who has

14          knowledge of the nature or amount of the damage.

15 **RESPONSE TO INTERROGATORY NO. 213.1:**

16   Yes.    Subject to and without waiving the foregoing objection with respect to the

17 term "incident," Plaintiff responds: (a) - (c) In addition to claims for damages as stated

18 herein Plaintiff is entitled to damages for her emotional distress according to proof at

19 trial, punitive damages according to proof at trial and attorney fees and cost according to

20 proof at trial; (d) Plaintiff and Allred, Maroko & Goldberg.

21 **INTERROGATORY NO. 213.2:**

22   Do any **DOCUMENTS** support the existence or amount of any item of damages

23 claimed in Interrogatory 213.1?  If so, identify the **DOCUMENTS** and state the name,

24 **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT**.

25 **RESPONSE TO INTERROGATORY NO. 213.2:**

26   Yes.  Plaintiff's medical records, which she does not currently have but have been

27 subpoenaed by Defendant Target Corporation, and documents in the possession of

28 Plaintiff's counsel which are protected by the attorney-client privilege which pertain to

9

1  Plaintiff's attorney fees and costs.

2  **INTERROGATORY NO. 215.1:**

3      Have **YOU OR ANYONE ACTING ON YOUR BEHALF** interviewed any

4  individual concerning the **ADVERSE EMPLOYMENT ACTION**?  If so, for each

5  individual state:

6      (a)    the name, **ADDRESS**, and telephone number of the individual interviewed;

7      (b)    the date of the interview; and

8      (c)    the name, **ADDRESS**, and telephone number of the **PERSON** who

9             conducted the interview.

10  **RESPONSE TO INTERROGATORY NO. 215.1:**

11      In addition to the foregoing objections, Plaintiff objects to this interrogatory on the

12  grounds that it seeks information that is protected from disclosure by the attorney-client

13  privilege and the attorney work product doctrine.  <u>Nacht & Lewis Architects Inc. v.</u>

14  <u>Superior Court</u>, (1996) 47 Cal.App. 4th 214.

15  **INTERROGATORY NO. 215.2:**

16      Have **YOU OR ANYONE ACTING ON YOUR BEHALF** obtained a written or

17  recorded statement from any individual concerning the **ADVERSE EMPLOYMENT**

18  **ACTION**?  If so, for each statement state:

19      (a)    the name, **ADDRESS**, and telephone number of the individual from whom

20             the statement was obtained;

21      (b)    the name, **ADDRESS**, and telephone number of the individual who

22             obtained the statement;

23      (c)    the date the statement was obtained; and

24      (d)    the name, **ADDRESS**, and telephone number of each **PERSON** who has

25             the original statement or a copy.

26  / / /

27  / / /

28  / / /

**RESPONSE TO INTERROGATORY NO. 215.2:**

In addition to the foregoing objections, Plaintiff objects to this interrogatory on the grounds that it seeks information that is protected from disclosure by the attorney-client privilege and the attorney work product doctrine.  <u>Nacht & Lewis Architects Inc. v. Superior Court</u>, (1996) 47 Cal.App. 4th 214.


DATED: April *25*, 2014                           ALLRED, MAROKO & GOLDBERG

                                                By: _____
                                                    DOLORES Y. LEAL
                                                    Attorneys for Plaintiff,
                                                    **CAILYNN PHAM**

11
PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT TARGET CORPORATION'S
FIRST SET OF FORM INTERROGATORIES – EMPLOYMENT

Ex. 9
126

## **VERIFICATION**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I have read the foregoing **OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF FORM INTERROGATORIES - EMPLOYMENT LAW** and know its content.

    I am a party to this action.  The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matter I believe them to be true.

    Executed on this __25__ day of ___APRIL___, 2014 at Los Angeles, California.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

 

Cailynn Pham
TYPE OR PRINT NAME              SIGNATURE

# **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  6300 Wilshire Boulevard, Suite 1500, Los Angeles, California 90048.

On **April 25, 2014**, I served the foregoing document described as **PLAINTIFF CAILYNN PHAM'S OBJECTIONS AND RESPONSES TO DEFENDANT TARGET CORPORATION'S FIRST SET OF FORM INTERROGATORIES - EMPLOYMENT** on interested parties in this action

[ ]     by placing true copies thereof enclosed in sealed  envelopes addressed as stated on the attached mailing list:

[X]     by placing [X] the original [ ] a true copy thereof enclosed in sealed envelopes at Los Angeles, California addressed as follows:

> D. Gregory Valenza, Esq.
> Kelcie M. Gosling, Esq.
> Katie L. Patterson, Esq.
> **SHAW VALENZA LLP**
> 980 Ninth Street, Suite 2300
> Sacramento, CA 95814

[X]     **BY MAIL:**  I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California.

[ ]     **BY E-MAIL:**  I caused such document to be electronically served via email to the email address of the addressee(s).

[ ]     **BY FAX:**  by transmitting a true copy via facsimile transmission from telecopier number (323) 653-1660 located at 6300 Wilshire Blvd., Ste. 1500, Los Angeles, California  90048, to the following fax number:

[ ]     **BY PERSONAL SERVICE:**  I caused such envelope to be personally served on the Addressee(s) to the offices of the addressee(s).

Executed on **April 25, 2014,** at Los Angeles, California.

[X]     **State**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ]     **Federal**  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

ANGIE O. PAZ

# EXHIBIT  10

MAY 0 5 2014

1      DOLORES Y. LEAL, SBN 134176
        dleal@amglaw.com
2      CHRISTINA CHEUNG, SBN 280148
        mspiegel@amglaw.com
3      **ALLRED, MAROKO & GOLDBERG**
        SUITE 1500
4      6300 WILSHIRE BOULEVARD
    LOS ANGELES, CA 90048-5217
5      Telephone No. (323) 653-6530
    Fax No. (323) 653-1660

6

7  **Attorneys for** Plaintiff, **CAILYNN PHAM**

8

9      IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

10          FOR THE COUNTY OF ORANGE

11

12  CAILYNN PHAM,        )  CASE NO: 30-2013-00694890
                )
13      Plaintiff,     )  Hon. Sheila Fell - Dept. C22
                )
14    vs.           )  **PLAINTIFF CAILYNN PHAM'S**
                )  **OBJECTIONS AND RESPONSES TO**
15               )  **DEFENDANT TARGET**
TARGET CORPORATION, a    )  **CORPORATION'S FIRST DEMAND FOR**
16  Corporation; KEVIN HOLLOWAY, an )  **INSPECTION OF DOCUMENTS AND**
individual , and DOES 1 through 25, )  **THINGS**
17  Inclusive         )
                )
18               )
    Defendants    )
19               )
                )
20  _____)

21  PROPOUNDING PARTY  :    Defendant, **TARGET**

22  RESPONDING PARTY   :    Plaintiff, **CAILYNN PHAM**

23      TO DEFENDANT TARGET CORPORATION AND TO ITS  ATTORNEYS OF

24  RECORD:

25      Plaintiff **CAILYNN PHAM** (hereinafter "Plaintiff") states that the documents

26  responses are effective as of the date that this Response was served. As of the date of this

27  response, discovery, investigation and preparation for trial by Plaintiff are incomplete and

28  ongoing. It is anticipated that the discovery process, other investigation and/or trial

1

1    preparation may reveal documents not presently known to Plaintiff but upon which Plaintiff

2    may rely in this matter.  To the extent that any request seeks to require Plaintiff to do more

3    than conduct a reasonable search, Plaintiff objects on the ground that it subjects Plaintiff to

4    oppression, harassment and undue burden and expense.  Plaintiff expressly reserves the right

5    to utilize any document which may be recalled or discovered after the date of this Response

6    for any purpose, including the trial of this matter.

7         The production of documents is not intended and shall not be deemed as a waiver of

8    the right of ability of Plaintiff to make any contention or to rely upon any document at the

9    trial of this matter or for other purposes.  Plaintiff further states that he is under no

10   obligation to voluntarily supplement this Response.

11                          **GENERAL OBJECTIONS**

12        1.    Plaintiff Cailynn Pham reserves all objections or other questions as to the

13   competency, relevance, materiality, privilege or admissibility as evidence in any subsequent

14   proceeding other than those which appear below.  Plaintiff reserves the right to object to

15   other or supplemental requests for production propounded by Defendant involving or related

16   to the subject matter of these requests.

17        2.    Plaintiff objects to each of the categories contained in Defendant Target

18   Corporation's Document Demand  to the extent that such category calls for disclosure of

19   attorney-client communications and/or attorney-work product and any inadvertent

20   production thereof shall not be deemed a waiver of any privilege with respect to such

21   documents or information or of any work product doctrine which may attach thereto.

22        3.    Plaintiff objects generally insofar as any request seeks production of documents

23   or information that is protected from disclosure by the Constitution of the State of California,

24   statutory provisions, and relevant administrative regulations, or any other applicable law.

25   Any inadvertent production thereof shall not be deemed a waiver of any privilege with

26   respect to such documents or information of any other protection which may attach thereto.

27        4.    Plaintiff objects generally insofar as any request seeks production of documents

28   or information which seeks documents which pre-date Plaintiff's employment with YOU.

2

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT TARGET CORPORATION'S
FIRST DEMAND FOR INSPECTION OF DOCUMENTS AND THINGS

Ex. 10
131

5.      Plaintiff hereby incorporates each of these objections into each of the following Responses.  Without waiving any of the foregoing objections, and specifically incorporating each objection, Plaintiff responds as follows:

**REQUEST NO. 1:**

All DOCUMENTS substantiating, relating to or referring to the damages YOU claim to have suffered by reason of the occurrences that form the subject matter of the COMPLAINT.

**RESPONSE TO REQUEST NO. 1:**

Subject to and without waiving the foregoing objections, Plaintiff responds that she will produce non-privileged documents responsive to this request, which are in her possession, custody or control.

**REQUEST NO. 2:**

All DOCUMENTS and COMMUNICATIONS that refer or relate to any medication YOU were prescribed and/or taking from January 2007 to the present for lupus, depression, anxiety, and stress.

**RESPONSE TO REQUEST NO. 2:**

In addition to the foregoing objections, Plaintiff objects to this request on the grounds that it is overbroad as to the time period; seeks documents that are not relevant to the subject matter nor reasonably calculated to lead to the discovery of admissible evidence; and is violative of Plaintiff's constitutional right to privacy.  However, Defendant has issued subpoenas duces tecum seeking Plaintiff's records from Plaintiff's treaters.  Plaintiff is willing to enter into an appropriate Stipulated Protective Order to protect Plaintiff's constitutional right of privacy and if the documents are relevant and do not invade third party privacy rights, Plaintiff will  either produce a copy of the records or provide Defendant with an Authorization for release of the records.

**REQUEST NO. 3:**

All DOCUMENTS and COMMUNICATIONS, including, but not limited to medical and psychological reports and records, prepared by any medical or psychological professional or

3

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT TARGET CORPORATION'S
FIRST DEMAND FOR INSPECTION OF DOCUMENTS AND THINGS

Ex. 10
132

1   health care provider that reflect, relate to or refer to any treatment, opinion, or diagnosis of

2   YOUR purported injuries alleged in YOUR COMPLAINT (whether physical, emotional,

3   nervous, mental, or psychological).

4   **RESPONSE TO REQUEST NO. 3:**

5   In addition to the foregoing objections, Plaintiff objects to this request on the grounds

6   that it is overbroad as to the time period; seeks documents that are not relevant to the subject

7   matter nor reasonably calculated to lead to the discovery of admissible evidence; and is

8   violative of Plaintiff's constitutional right to privacy. Accordingly, Plaintiff will not produce

9   the requested documents for the time period requested. However, Defendant has issued

10  subpoenas duces tecum seeking Plaintiff's records from Plaintiff's treaters. Plaintiff is willing

11  to enter into an appropriate Stipulated Protective Order to protect Plaintiff's constitutional

12  right of privacy and will either produce a copy of the records or provide Defendant with an

13  Authorization for release of the records.

14  **REQUEST NO. 4:**

15  All DOCUMENTS reflecting, relating to, or referring to any and all medical expenses

16  incurred by YOU (or YOUR health insurer or other person) as a result of YOUR purported

17  injuries alleged in YOUR COMPLAINT.

18  **RESPONSE TO REQUEST NO. 4:**

19  In addition to the foregoing objections, Plaintiff objects to this request on the grounds

20  that it is overbroad as to the time period; seeks documents that are not relevant to the subject

21  matter nor reasonably calculated to lead to the discovery of admissible evidence; and is

22  violative of Plaintiff's constitutional right to privacy. Accordingly, Plaintiff will not produce

23  the requested documents for the time period requested. However, Defendant has issued

24  subpoenas duces tecum seeking Plaintiff's records from Plaintiff's treaters. Plaintiff is willing

25  to enter into an appropriate Stipulated Protective Order to protect Plaintiff's constitutional

26  right of privacy and will either produce a copy of the records or provide Defendant with an

27  Authorization for release of the records.

28

**REQUEST NO. 5:**

All DOCUMENTS that YOU contend substantiate, relate or refer to YOUR responses to DEFENDANT's first set of Form Interrogatories - Employment Law served concurrently herewith.

**RESPONSE TO REQUEST NO. 5:**

Subject to and without waiving the foregoing objections, Plaintiff responds that she will produce non-privileged documents responsive to this request, which are in her possession, custody or control.

**REQUEST NO. 6:**

All DOCUMENTS that YOU contend substantiate, relate to or refer to YOUR responses to DEFENDANT's first set of Form Interrogatories - General served concurrently herewith.

**RESPONSE TO REQUEST NO. 6:**

Subject to and without waiving the foregoing objections, Plaintiff responds that she will produce non-privileged documents responsive to this request, which are in her possession, custody or control.

**REQUEST NO. 7:**

All DOCUMENTS reflecting, relating to, or referring to the amount or source of YOUR income (including, but not limited to, earnings, income from a business, disability income, and unemployment insurance) for the period from January 2007 to the present.

**RESPONSE TO REQUEST NO. 7:**

In addition to the foregoing objections, Plaintiff objects to this request on the grounds that it is overbroad as to the time period; seeks documents that are not relevant to the subject matter nor reasonably calculated to lead to the discovery of admissible evidence; and is violative of Plaintiff's constitutional right to privacy. Moreover, responsive to this request are equally available to propounding party who was Plaintiff's employer and has earnings income documentation during Plaintiff's employment with Defendant. Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged responsive

1 documents which are in her possession, custody or control.

2 **REQUEST NO. 8:**

3      All DOCUMENTS including, but not limited to, all wage or other earnings records and

4 pay stubs for the years 2007 to the present, that reflect, relate to or refer to all income earned

5 by YOU while employed by DEFENDANT or any other employer.

6 **RESPONSE TO REQUEST NO. 8:**

7      In addition to the foregoing objections, Plaintiff objects to this request in that it is

8 overly broad as to time, burdensome and harassing inasmuch as the documents responsive

9 to this request are equally available to propounding party who was Plaintiff's employer.

10 Plaintiff was not employed at any other place of business during her employment with

11 Defendant. Subject to and without waiving the foregoing, Plaintiff will produce her W-2's for

12 said time period.

13 **REQUEST NO. 9:**

14      All DOCUMENTS reflecting, relating to, or referring to YOUR efforts to obtain

15 employment since the termination of YOUR employment with DEFENDANT, including, but

16 not limited to, correspondence with prospective employers and employment agencies,

17 referral letters, letters of recommendation, and applications for employment.

18 **RESPONSE TO REQUEST NO. 9:**

19      Subject to and without waiving the foregoing objections, Plaintiff responds that she

20 has no non-privileged documents responsive to this request in her possession, custody or

21 control.

22 **REQUEST NO. 10:**

23      All DOCUMENTS reflecting, relating to, or referring to any offers of employment

24 made to YOU since April 1, 2013.

25 **RESPONSE TO REQUEST NO. 10:**

26      Subject to and without waiving the foregoing objections, Plaintiff responds that she

27 has no non-privileged documents responsive to this request in her possession, custody or

28 control.

6

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT TARGET CORPORATION'S
FIRST DEMAND FOR INSPECTION OF DOCUMENTS AND THINGS

Ex. 10
135

**REQUEST NO. 11:**

All DOCUMENTS reflecting, relating to, or referring to any employment held by YOU (other than with DEFENDANT) since January 1, 2007.

**RESPONSE TO REQUEST NO. 11:**

In addition to the foregoing objections, Plaintiff further objects in that this request is in the improper form, in violation of Code of Civil Procedure§2031.030(c)(1) as it fails to designate the documents requested by either specifically describing each individual item or by reasonably particularizing each category of item. Further, due to its improper form and lack of particularity, this request requires Plaintiff to speculate as to what documents may or may not be responsive to this request. Subject to and without waiving the foregoing objections, Plaintiff responds that she will produce non-privileged documents responsive to this request, which are in her possession, custody or control.

**REQUEST NO. 12:**

All DOCUMENTS reflecting, relating to, or referring to any self-employment by YOU since April 1, 2013.

**RESPONSE TO REQUEST NO. 12:**

Subject to and without waiving the foregoing objections, Plaintiff responds that she has no non-privileged documents responsive to this request in her possession, custody or control.

**REQUEST NO. 13:**

All DOCUMENTS concerning any efforts made by YOU to mitigate YOUR alleged damages, including, but not limited to, all DOCUMENTS relating to YOUR attempts to secure employment after YOUR separation from employment with DEFENDANT (e.g., advertisements, applications, and correspondence to or from YOU).

**RESPONSE TO REQUEST NO. 13:**

Subject to and without waiving the foregoing objections, Plaintiff responds that she has no non-privileged documents responsive to this request in her possession, custody or control.

7

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT TARGET CORPORATION'S
FIRST DEMAND FOR INSPECTION OF DOCUMENTS AND THINGS

Ex. 10
136

**REQUEST NO. 14:**

All DOCUMENTS reflecting or constituting any COMMUNICATIONS or meetings between YOU and any employee or former employee of DEFENDANT, or any PERSONS acting in concert with or on behalf of DEFENDANT, that relate in any way to this lawsuit.

**RESPONSE TO REQUEST NO. 14:**

Subject to and without waiving the foregoing objections, Plaintiff responds that she will produce non-privileged documents responsive to this request, which are in her possession, custody or control.

**REQUEST NO. 15:**

All written statements rendered by any PERSON contacted or interviewed in connection with this matter at YOUR direction.

**RESPONSE TO REQUEST NO. 15:**

Subject to and without waiving the foregoing objections, Plaintiff responds that she has no non-privileged documents responsive to this request in her possession, custody or control.

**REQUEST NO. 16**

All written or recorded statements rendered by PERSONS who have knowledge of relevant facts relating to this lawsuit (including but not limited to the claims and factual allegations set forth in YOUR COMPLAINT).

**RESPONSE TO REQUEST NO. 16**

Subject to and without waiving the foregoing objections, Plaintiff responds that she has no non-privileged documents responsive to this request in her possession, custody or control.

**REQUEST NO. 17:**

All DOCUMENTS reflecting any COMMUNICATIONS or meetings between DEFENDANT and YOU that relate in any way to this lawsuit, including but not limited to the claims and factual allegations set forth in YOUR COMPLAINT.

8

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT TARGET CORPORATION'S
FIRST DEMAND FOR INSPECTION OF DOCUMENTS AND THINGS

Ex. 10
137

**RESPONSE TO REQUEST NO. 17:**

Subject to and without waiving the foregoing objections, Plaintiff responds that she will produce non-privileged documents responsive to this request, which are in her possession, custody or control.

**REQUEST NO. 18:**

All DOCUMENTS and COMMUNICATIONS reflecting, relating to, or referring to any COMMUNICATIONS or meetings between YOU and any non-parties to this action (other than your attorneys) that relate in any way to this lawsuit (including but not limited to the claims and factual allegations set forth in YOUR COMPLAINT).

**RESPONSE TO REQUEST NO. 18:**

In addition to the foregoing objections, Plaintiff further objects to this request on the grounds that it is vague, ambiguous and unintelligible. Subject to and without waiving the foregoing objections, and as Plaintiff understands the request, responds that she will produce non-privileged documents responsive to this request, which are in her possession, custody or control.

**REQUEST NO. 19:**

All DOCUMENTS, except COMMUNICATIONS between YOU and YOUR attorneys, related to or reflecting any lawsuits, written demands for compensation filed by YOU or on YOUR behalf against any individual or entity, including, but not limited to, any claims YOU have made against any PERSON or entity within last ten (10) years.

**RESPONSE TO REQUEST NO. 19:**

Subject to and without waiving the foregoing objections, Plaintiff responds that with the exception of this action, she has no non-privileged documents responsive to this request in her possession, custody or control.

**REQUEST NO. 20:**

All DOCUMENTS, except COMMUNICATIONS between YOU and YOUR attorneys, concerning lawsuits filed by YOU against any employer or individual other than DEFENDANT.

9

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT TARGET CORPORATION'S
FIRST DEMAND FOR INSPECTION OF DOCUMENTS AND THINGS

Ex. 10
138

1 **RESPONSE TO REQUEST NO. 20:**

2       Subject to and without waiving the foregoing objections, Plaintiff responds that with

3 the exception of this action, she has no non-privileged documents responsive to this request

4 in her possession, custody or control.

5 **REQUEST NO. 21:**

6       All DOCUMENTS relating to or reflecting COMMUNICATIONS between YOU or on

7 YOUR behalf and any federal, state or local agency, board or commission, including without

8 limitation the Division of Labor Standards and Enforcement, the Employment Development

9 Department, the Department of Labor, the California Unemployment Insurance Appeals

10 Board, the Equal Employment Opportunity Commission and the Department of Fair

11 Employment and Housing, that relate in any way to this lawsuit (including but not limited

12 to the claims and factual allegations set forth in YOUR COMPLAINT).

13 **RESPONSE TO REQUEST NO. 21:**

14       Subject to and without waiving the foregoing objections, Plaintiff responds that she

15 will produce non-privileged documents responsive to this request, which are in her

16 possession, custody or control.

17 **REQUEST NO. 22:**

18       All DOCUMENTS, except COMMUNICATIONS between you and your attorneys, that

19 reflect, memorialize, refer to or otherwise relate to any Worker's Compensation claims YOU

20 have filed with any employer, including DEFENDANT, in the last 10 years.

21 **RESPONSE TO REQUEST NO. 22:**

22       Subject to and without waiving the foregoing objections, Plaintiff responds that she

23 has no non-privileged documents responsive to this request in her possession, custody or

24 control.

25 **REQUEST NO. 23:**

26       All DOCUMENTS related to YOUR performance as an employee for DEFENDANT,

27 including without limitation DOCUMENTS related to or reflecting evaluation of YOUR

28 performance, and notes of any meetings or telephone conversations with anyone regarding

10

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT TARGET CORPORATION'S
FIRST DEMAND FOR INSPECTION OF DOCUMENTS AND THINGS

Ex. 10
139

1   YOUR performance.

2   **RESPONSE TO REQUEST NO. 23:**

3        Subject to and without waiving the foregoing objections, Plaintiff responds that she

4   will produce non-privileged documents responsive to this request, which are in her

5   possession, custody or control.

6   **REQUEST NO. 24:**

7        All DOCUMENTS constituting, relating to, or referring to any disciplinary action YOU

8   received while employed by DEFENDANT.

9   **RESPONSE TO REQUEST NO. 24:**

10       Subject to and without waiving the foregoing objections, Plaintiff responds that she

11   will produce non-privileged documents responsive to this request, which are in her

12   possession, custody or control.

13   **REQUEST NO. 25:**

14       All DOCUMENTS constituting, relating to, or referring to any request for leave from

15   work made by YOU between January 2007 and April 2013.

16   **RESPONSE TO REQUEST NO. 25:**

17       Subject to and without waiving the foregoing objections, Plaintiff responds that she

18   will produce non-privileged documents responsive to this request, which are in her

19   possession, custody or control.

20   **REQUEST NO. 26:**

21       All DOCUMENTS that reflect, memorialize, refer to or otherwise relate to the terms

22   and conditions of YOUR employment with DEFENDANT.

23   **RESPONSE TO REQUEST NO. 26:**

24       In addition to the foregoing objections, Plaintiff further objects to this request on the

25   grounds that it is vague, ambiguous and unintelligible as to "terms and conditions." Subject

26   to and without waiving the foregoing objections, and as Plaintiff understands the request, she

27   will produce non-privileged documents responsive to this request, which are in her

28   possession, custody or control.

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT TARGET CORPORATION'S
FIRST DEMAND FOR INSPECTION OF DOCUMENTS AND THINGS

**REQUEST NO. 27:**

All DOCUMENTS created, received, or obtained by YOU while YOU were employed by DEFENDANT that constitute, evidence, relate to, or refer to the practices, procedures or policies, if any, for the termination of employees by DEFENDANT.

**RESPONSE TO REQUEST NO. 27:**

Subject to and without waiving the foregoing objections, Plaintiff responds that she will produce non-privileged documents responsive to this request, which are in her possession, custody or control.

**REQUEST NO. 28:**

All DOCUMENTS that YOU obtained from DEFENDANT at any time, including but not limited to employee handbooks, manuals of policies and procedures, and internal correspondence relating to policies regarding non-exempt employees working outside of their scheduled shifts.

**RESPONSE TO REQUEST NO. 28:**

Subject to and without waiving the foregoing objections, Plaintiff responds that she will produce non-privileged documents responsive to this request, which were given to her by DEFENDANT which are in her possession, custody or control.

**REQUEST NO. 29:**

All DOCUMENTS that YOU obtained from DEFENDANT at any time, including, but not limited to, employee handbooks, manuals of policies and procedures and internal correspondence.

**RESPONSE TO REQUEST NO. 29:**

Subject to and without waiving the foregoing objections, Plaintiff responds that she will produce non-privileged documents responsive to this request, which were given to her by DEFENDANT which are in her possession, custody or control.

**REQUEST NO. 30:**

All DOCUMENTS reflecting, relating to or referring to YOUR termination of employment by DEFENDANT.

12

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT TARGET CORPORATION'S
FIRST DEMAND FOR INSPECTION OF DOCUMENTS AND THINGS

Ex. 10
141

1  **RESPONSE TO REQUEST NO. 30:**

2         Subject to and without waiving the foregoing objections, Plaintiff responds that she

3  will produce non-privileged documents responsive to this request, which are in her

4  possession, custody or control.

5  **REQUEST NO. 31:**

6         All correspondence in YOUR possession, custody, or control that YOU sent to or

7  received from DEFENDANT.

8  **RESPONSE TO REQUEST NO. 31:**

9         In addition to the foregoing objections, Plaintiff further objects to this request in

10  that it is in the improper form, in violation of Code of Civil Procedure§2031.030(c)(1) as it

11  fails to designate the documents requested by either specifically describing each

12  individual item or by reasonably particularizing each category of item. Further, due to its

13  improper form and lack of particularity, this request requires Plaintiff to speculate as to

14  what documents may or may not be responsive to this request.  However, as Plaintiff

15  understands this request, she will produce non-privileged documents responsive to this

16  request, which are in her possession, custody or control.

17  **REQUEST NO. 32:**

18         All text messages in YOUR possession, custody, or control that YOU sent to or

19  received from any current or former employee of DEFENDANT.

20  **RESPONSE TO REQUEST NO. 32:**

21         Subject to and without waiving the foregoing objections, Plaintiff responds that she

22  has no non-privileged documents responsive to this request in her possession, custody or

23  control.

24  **REQUEST NO. 33:**

25         All electronic mail messages in YOUR possession, custody, or control that YOU

26  sent to or received from any current or former employee of DEFENDANT.

27  **RESPONSE TO REQUEST NO. 33:**

28         Subject to and without waiving the foregoing objections, Plaintiff responds that she

13

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT TARGET CORPORATION'S
FIRST DEMAND FOR INSPECTION OF DOCUMENTS AND THINGS

Ex. 10
142

1  will produce non-privileged documents responsive to this request, which are in her

2  possession, custody or control.

3  **REQUEST NO. 34:**

4      All DOCUMENTS and files YOU took from DEFENDANT or copied from

5  DEFENDANT.

6  **RESPONSE TO REQUEST NO. 34:**

7      In addition to the foregoing objections, Plaintiff further objects to this request in

8  that it is in the improper form, in violation of Code of Civil Procedure §2031.030(c)(1) as it

9  fails to designate the documents requested by either specifically describing each

10  individual item or by reasonably particularizing each category of item. Further, due to its

11  improper form and lack of particularity, this request requires Plaintiff to speculate as to

12  what documents may or may not be responsive to this request.  However, as Plaintiff

13  understands this request, she will produce non-privileged documents given to her by

14  DEFENDANT responsive to this request, which are in her possession, custody or control.

15  **REQUEST NO. 35:**

16      All DOCUMENTS reflecting, relating to or referring to YOUR termination from

17  any previous employer from whom YOU have been involuntarily terminated or asked

18  directly or indirectly to resign.

19  **RESPONSE TO REQUEST NO. 35:**

20      Subject to and without waiving the foregoing objections, Plaintiff responds that she

21  has no non-privileged documents responsive to this request in her possession, custody or

22  control.

23  **REQUEST NO. 36:**

24      All personal diaries, logs, calendars, notebooks, or other DOCUMENTS or things

25  maintained by YOU that contain any references to or notations concerning events related

26  to the subject matter of this litigation.

27  **RESPONSE TO REQUEST NO. 36:**

28      Subject to and without waiving the foregoing objections, Plaintiff responds that she

14

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT TARGET CORPORATION'S
FIRST DEMAND FOR INSPECTION OF DOCUMENTS AND THINGS

1  will produce non-privileged documents responsive to this request, which are in her

2  possession, custody or control.

3  **REQUEST NO. 37:**

4      All audio tapes, videotapes and recordings of any kind that concern or relate to the

5  allegations set forth in YOUR COMPLAINT.

6  **RESPONSE TO REQUEST NO. 37:**

7      Subject to and without waiving the foregoing objections, Plaintiff invokes her Fifth

8  Amendment self-incrimination privilege.

9  **REQUEST NO. 38:**

10      For each Facebook account maintained by you, please produce your account data

11  for the period of January 2007 through present. (You may download and print your

12  Facebook data by logging onto your Facebook account, going to "General Account

13  Settings," clicking on the "Download a copy of your Facebook data" (it is a hyperlink

14  directly under "Language") and following the directions.)

15  **RESPONSE TO REQUEST NO. 38:**

16      In addition to the foregoing objections, Plaintiff objects to this request on the

17  grounds that it is overbroad as to the time period; seeks documents that are not relevant

18  to the subject matter nor reasonably calculated to lead to the discovery of admissible

19  evidence; and is violative of Plaintiff's constitutional right to privacy. Accordingly, Plaintiff

20  will not produce the requested documents.

21  **REQUEST NO. 39:**

22      All DOCUMENTS not produced in response to a previous request that support

23  YOUR claim for lost wages.

24  **RESPONSE TO REQUEST NO. 39:**

25      Subject to and without waiving the foregoing objections, Plaintiff responds that she

26  has no non-privileged documents responsive to this request in her possession, custody or

27  control.

28

**REQUEST NO. 40:**

All DOCUMENTS not produced in response to any previous request that YOU contend support YOUR claims for general damages.

**RESPONSE TO REQUEST NO. 40:**

Subject to and without waiving the foregoing objections, Plaintiff responds that she has no non-privileged documents responsive to this request in her possession, custody or control.

**REQUEST NO. 41:**

All DOCUMENTS not produced in response to a previous request that YOU contend support YOUR claim for special damages.

**RESPONSE TO REQUEST NO. 41:**

Subject to and without waiving the foregoing objections, Plaintiff responds that she has no non-privileged documents responsive to this request in her possession, custody or control.

**REQUEST NO. 42:**

All DOCUMENTS not produced in response to a previous request that support YOUR claim for punitive damages.

**RESPONSE TO REQUEST NO. 42:**

Subject to and without waiving the foregoing objections, Plaintiff responds that she has no non-privileged documents responsive to this request in her possession, custody or control.

**REQUEST NO. 43:**

All DOCUMENTS not produced in response to a previous request that support YOUR claim for compensatory damages.

**RESPONSE TO REQUEST NO. 43:**

Subject to and without waiving the foregoing objections, Plaintiff responds that she has no non-privileged documents responsive to this request in her possession, custody or control.

16

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT TARGET CORPORATION'S
FIRST DEMAND FOR INSPECTION OF DOCUMENTS AND THINGS

Ex. 10
145

**REQUEST NO. 44:**

All DOCUMENTS and COMMUNICATIONS not responsive to a prior request that reflect, memorialize, refer to or otherwise relate to any emotional, nervous, mental or psychological problems, difficulties, conditions or injuries YOU have or may have had since January 1, 2007.

**RESPONSE TO REQUEST NO. 44:**

In addition to the foregoing objections, Plaintiff objects to this request on the grounds that it is overbroad as to the time period; seeks documents that are not relevant to the subject matter nor reasonably calculated to lead to the discovery of admissible evidence; and is violative of Plaintiff's constitutional right to privacy. Accordingly, Plaintiff will not produce the requested documents for the time period requested.

**REQUEST NO. 45:**

All DOCUMENTS not produced in response to a previous request reflecting, relating to or referring to any claims for disability benefits YOU have made since January 1, 2007.

**RESPONSE TO REQUEST NO. 45:**

In addition to the foregoing objections, Plaintiff objects to this request on the grounds that it is overbroad as to the time period; seeks documents that are not relevant to the subject matter nor reasonably calculated to lead to the discovery of admissible evidence; and is violative of Plaintiff's constitutional right to privacy. Accordingly, Plaintiff will not produce the requested documents for the time period requested.

**REQUEST NO. 46:**

All DOCUMENTS not produced in response to a previous request reflecting, relating to or referring to any claims for unemployment benefits YOU have made since April 1, 2013.

**RESPONSE TO REQUEST NO. 46:**

Subject to and without waiving the foregoing objections, Plaintiff responds that she has no non-privileged documents responsive to this request in her possession, custody or

17

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT TARGET CORPORATION'S
FIRST DEMAND FOR INSPECTION OF DOCUMENTS AND THINGS

Ex. 10
146

1  control.

2  **REQUEST NO. 47:**

3      All DOCUMENTS relating to or referring to YOUR allegations in paragraph 3 of

4  YOUR COMPLAINT that "Mr. Holloway was a Store Manager at Defendant Target's

5  Anaheim store and [YOUR] supervisor."

6  **RESPONSE TO REQUEST NO. 47:**

7      Subject to and without waiving the foregoing objections, Plaintiff responds that she

8  will produce non-privileged documents responsive to this request, which are in her

9  possession, custody or control.

10  **REQUEST NO. 48:**

11      All DOCUMENTS relating or referring to whether your driver's license was

12  suspended as a result of medical inability to drive at any time during the period you were

13  employed by DEFENDANT.

14  **RESPONSE TO REQUEST NO. 48:**

15      Subject to and without waiving the foregoing objections, Plaintiff responds that she

16  has no non-privileged documents responsive to this request in her possession, custody or

17  control.

18  **REQUEST NO. 49:**

19      All DOCUMENTS relating or referring to YOUR allegations in paragraph 6 of

20  YOUR COMPLAINT that YOU were "hired in January 2007 at Defendant's Anaheim store

21  as an Executive Team Leader for Softlines."

22  **RESPONSE TO REQUEST NO. 49:**

23      Subject to and without waiving the foregoing objections, Plaintiff responds that she

24  will produce non-privileged documents responsive to this request, which are in her

25  possession, custody or control.

26  **REQUEST NO. 50:**

27      All DOCUMENTS relating or referring to YOUR allegations in paragraph 7 of

28  YOUR COMPLAINT that YOU were "a hard-working, dedicated, and loyal Supervisor who

18

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT TARGET CORPORATION'S
FIRST DEMAND FOR INSPECTION OF DOCUMENTS AND THINGS

Ex. 10
147

1   gave 110% to Target."

2   **RESPONSE TO REQUEST NO. 50:**

3       Subject to and without waiving the foregoing objections, Plaintiff responds that she

4   will produce non-privileged documents responsive to this request, which are in her

5   possession, custody or control.

6   **REQUEST NO. 51:**

7       All DOCUMENTS relating or referring to YOUR allegations in paragraph 7 of

8   YOUR COMPLAINT that YOUR "first Annual Review was rated "Excellent.""

9   **RESPONSE TO REQUEST NO. 51:**

10      Subject to and without waiving the foregoing objections, Plaintiff responds that she

11   will produce non-privileged documents responsive to this request, which are in her

12   possession, custody or control.

13   **REQUEST NO. 52:**

14      All DOCUMENTS relating or referring to YOUR allegations in paragraph 7 of

15   YOUR COMPLAINT that YOUR "then Manager, Luis Mateos signed [your first annual

16   review] on March 7, 2008 and hand wrote: 'Cailynn, Thanks for being a total team player

17   at the district and store level I am proud of you and see many great things in store for

18   you!!'"

19   **RESPONSE TO REQUEST NO. 52:**

20      Subject to and without waiving the foregoing objections, Plaintiff responds that she

21   will produce non-privileged documents responsive to this request, which are in her

22   possession, custody or control.

23   **REQUEST NO. 53:**

24      All DOCUMENTS relating or referring to YOUR allegations in paragraph 9 of

25   YOUR COMPLAINT that "[f]or Fiscal Year 2009, [YOU] received [YOUR] Annual Review

26   from Mr. Mateos and was again rated 'Outstanding.'"

27   **RESPONSE TO REQUEST NO. 53:**

28      Subject to and without waiving the foregoing objections, Plaintiff responds that she

19

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT TARGET CORPORATION'S
FIRST DEMAND FOR INSPECTION OF DOCUMENTS AND THINGS

Ex. 10
148

1  will produce non-privileged documents responsive to this request, which are in her

2  possession, custody or control.

3  **REQUEST NO. 54:**

4      All DOCUMENTS relating or referring to YOUR allegations in paragraph 9 of

5  YOUR COMPLAINT that "Mr. Mateos' handwritten comments were: 'Cailynn, Thank you

6  for all your hard work and dedication. I am proud of you and your results. I know 2421

7  will accomplish a lot this year and you are a huge part of that. Congrats in being an

8  outstanding performer!'"

9  **RESPONSE TO REQUEST NO. 54:**

10      Subject to and without waiving the foregoing objections, Plaintiff responds that she

11  will produce non-privileged documents responsive to this request, which are in her

12  possession, custody or control.

13  **REQUEST NO. 55:**

14      All DOCUMENTS relating or referring to YOUR allegations in paragraph 10 of

15  YOUR COMPLAINT that "in 2009, [YOU] also received the 'MVP' award for store

16  'Bounce backs' at the end of 4th quarter."

17  **RESPONSE TO REQUEST NO. 55:**

18      Subject to and without waiving the foregoing objections, Plaintiff responds that she

19  will produce non-privileged documents responsive to this request, which are in her

20  possession, custody or control.

21  **REQUEST NO. 56:**

22      All DOCUMENTS relating or referring to YOUR allegations in paragraph 11 of

23  YOUR COMPLAINT that "in January 2010, [YOU] who had previously been diagnosed

24  with Lupus had a flare up."

25  **RESPONSE TO REQUEST NO. 56:**

26      Subject to and without waiving the foregoing objections, Plaintiff responds that she

27  has no non-privileged documents responsive to this request in her possession, custody or

28  control.

20

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT TARGET CORPORATION'S
FIRST DEMAND FOR INSPECTION OF DOCUMENTS AND THINGS

Ex. 10
149

**REQUEST NO. 57:**

All DOCUMENTS relating or referring to YOUR allegations in paragraph 11 of YOUR COMPLAINT that YOU were "required to take a medical leave of absence from January through May 2010."

**RESPONSE TO REQUEST NO. 57:**

Subject to and without waiving the foregoing objections, Plaintiff responds that she has no non-privileged documents responsive to this request in her possession, custody or control.

**REQUEST NO. 58:**

All DOCUMENTS relating or referring to YOUR allegations in paragraph 11 of YOUR COMPLAINT that YOU "advised Mr. Mateos of [YOUR] disability and shared with him that as a result, [YOU were] unable to drive."

**RESPONSE TO REQUEST NO. 58:**

Subject to and without waiving the foregoing objections, Plaintiff responds that she has no non-privileged documents responsive to this request in her possession, custody or control.

**REQUEST NO. 59:**

All DOCUMENTS relating or referring to YOUR allegations in paragraph 13 of YOUR COMPLAINT that "[f]or Fiscal Year 2011, [YOUR] Annual Review was once again rated 'Excellent.'"

**RESPONSE TO REQUEST NO. 59:**

Subject to and without waiving the foregoing objections, Plaintiff responds that she will produce non-privileged documents responsive to this request, which are in her possession, custody or control.

**REQUEST NO. 60:**

All DOCUMENTS relating or referring to YOUR allegations in paragraph 13 of YOUR COMPLAINT that YOUR "District Team Leader, Gabrielle Savage signed the Review on April 2, 2012 and hand wrote: 'Cailynn, Thanks for everything you've done at

21

Ex. 10
150

1  2421. I'm so proud of you.'"

2  **RESPONSE TO REQUEST NO. 60:**

3      Subject to and without waiving the foregoing objections, Plaintiff responds that she

4  will produce non-privileged documents responsive to this request, which are in her

5  possession, custody or control.

6  **REQUEST NO. 61:**

7      All DOCUMENTS relating or referring to YOUR allegations in paragraph 14 of

8  YOUR COMPLAINT that "during the fourth quarter of 2011, [YOU] had been performing

9  the job of two Executive positions . . . ."

10  **RESPONSE TO REQUEST NO. 61:**

11      Subject to and without waiving the foregoing objections, Plaintiff responds that

12  she has no non-privileged documents responsive to this request in her possession,

13  custody or control.

14  **REQUEST NO. 62:**

15      All DOCUMENTS relating or referring to YOUR allegations in paragraph 14 of

16  YOUR COMPLAINT that "during the fourth quarter of 2011 . . . [YOU took] on additional

17  "LOD duties."

18  **RESPONSE TO REQUEST NO. 62:**

19      Subject to and without waiving the foregoing objections, Plaintiff responds that she

20  has no non-privileged documents responsive to this request in her possession, custody or

21  control.

22  **REQUEST NO. 63:**

23      All DOCUMENTS relating or referring to YOUR allegations in paragraph 14 of

24  YOUR COMPLAINT that YOU were "overseeing the 'Front-end' and 'Soflines.'"

25  **RESPONSE TO REQUEST NO. 63:**

26      Subject to and without waiving the foregoing objections, Plaintiff responds that she

27  will produce non-privileged documents responsive to this request, which are in her

28  possession, custody or control.

22

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT TARGET CORPORATION'S
FIRST DEMAND FOR INSPECTION OF DOCUMENTS AND THINGS

Ex. 10
151

**REQUEST NO. 64:**

All DOCUMENTS relating or referring to YOUR allegations in paragraph 15 of YOUR COMPLAINT that "Mr. Mateos told [YOU] that his plan was to promote [YOU] from an Executive Team Leader in Soft Lines to an Executive in Hard Lines after fourth quarter in January 2012."

**RESPONSE TO REQUEST NO. 64:**

Subject to and without waiving the foregoing objections, Plaintiff responds that she has no non-privileged documents responsive to this request in her possession, custody or control.

**REQUEST NO. 65:**

All DOCUMENTS relating or referring to YOUR allegations in paragraph 15 of YOUR COMPLAINT that "Mr. Mateos told [YOU] that with the support of the District Team Leader, Gabrielle Savage, [YOU] would be promoted and trained to be an Executive Team Leader for Hardlines."

**RESPONSE TO REQUEST NO. 65:**

Subject to and without waiving the foregoing objections, Plaintiff responds that she has no non-privileged documents responsive to this request in her possession, custody or control.

**REQUEST NO. 66:**

All DOCUMENTS relating or referring to YOUR allegations in paragraph 16 of YOUR COMPLAINT that "[i]n November 2011, once Mr. Mateos promoted Ms. Karly Mumford to assume [YOUR] position as an Executive Team Leader for Softlines, [YOU were] asked to temporarily assume the Executive Team Leader- Guest Experience position .... "

**RESPONSE TO REQUEST NO. 66:**

Subject to and without waiving the foregoing objections, Plaintiff responds that she has no non-privileged documents responsive to this request in her possession, custody or control.

**REQUEST NO. 67:**

All DOCUMENTS relating or referring to YOUR allegations in paragraph 16 of YOUR COMPLAINT that "[i]n November 2011, once Mr. Mateos promoted Ms. Karly Mumford to assume [YOUR] position as an Executive Team Leader for Softlines, [YOU were] asked to . . . wait for [YOUR] promotion to Executive Team Leader Hardlines, by January 2012."

**RESPONSE TO REQUEST NO. 67:**

Subject to and without waiving the foregoing objections, Plaintiff responds that she has no non-privileged documents responsive to this request in her possession, custody or control.

**REQUEST NO. 68:**

All DOCUMENTS relating or referring to YOUR allegations in paragraph 17 of YOUR COMPLAINT that "circumstances changed in early 2012 when a new Manager, Kevin Holloway was transferred to Anaheim and Mr. Holloway became [YOUR] superior."

**RESPONSE TO REQUEST NO. 68:**

In addition to the foregoing objections, Plaintiff further objects to this request on the grounds that it is vague, ambiguous and unintelligible.  Subject to and without waiving the foregoing objections, and as Plaintiff understands the request, responds that she has no documents responsive to this request.

**REQUEST NO. 69:**

All DOCUMENTS relating or referring to YOUR allegations in paragraph 17 of YOUR COMPLAINT that YOU "asked Mr. Holloway about the plans for [YOUR] promotion to Executive Team Leader Hardlines."

**RESPONSE TO REQUEST NO. 69:**

Subject to and without waiving the foregoing objections, Plaintiff responds that she has no non-privileged documents responsive to this request in her possession, custody or control.

24

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT TARGET CORPORATION'S
FIRST DEMAND FOR INSPECTION OF DOCUMENTS AND THINGS

Ex. 10
153

**REQUEST NO. 70:**

All DOCUMENTS relating or referring to YOUR allegations in paragraph 17 of YOUR COMPLAINT that "Mr. Holloway said he was not aware of the promotion and [YOU] needed to remain as an Executive Team Leader - Guest Experience."

**RESPONSE TO REQUEST NO. 70:**

In addition to the foregoing objections, Plaintiff further objects to this request on the grounds that it is vague, ambiguous, compound and unintelligible. Subject to and without waiving the foregoing objections, and as Plaintiff understands the request, responds that she has no documents responsive to this request.

**REQUEST NO. 71:**

All DOCUMENTS relating or referring to YOUR allegations in paragraph 18 of YOUR COMPLAINT that "[i]n April 2012, [YOU] suffered a Lupus related flare up causing bleeding in [YOUR] eye."

**RESPONSE TO REQUEST NO. 71:**

In addition to the foregoing objections, Plaintiff further objects to this request on the grounds that it is vague, ambiguous, compound and unintelligible. Subject to and without waiving the foregoing objections, and as Plaintiff understands the request, responds that she has no documents responsive to this request.

**REQUEST NO. 72:**

All DOCUMENTS relating or referring to YOUR allegations in paragraph 18 of YOUR 11 COMPLAINT that "[s]ince Mr. Holloway was [YOUR] new supervisor, [YOU] advised him of [YOUR] disability and that [YOU] could not read the screen."

**RESPONSE TO REQUEST NO. 72:**

In addition to the foregoing objections, Plaintiff further objects to this request on the grounds that it is vague, ambiguous, compound and unintelligible. Subject to and without waiving the foregoing objections, and as Plaintiff understands the request, responds that she has no documents responsive to this request.

Ex. 10
154

**REQUEST NO. 73:**

All DOCUMENTS relating or referring to YOUR allegations in paragraph 18 of YOUR COMPLAINT that YOU were "having difficulty seeing faces and needed to go to the doctor."

**RESPONSE TO REQUEST NO. 73:**

In addition to the foregoing objections, Plaintiff further objects to this request on the grounds that it is vague, ambiguous, compound and unintelligible. Subject to and without waiving the foregoing objections, and as Plaintiff understands the request, responds that she has no documents responsive to this request.

**REQUEST NO. 74:**

All DOCUMENTS relating or referring to YOUR allegations in paragraph 18 of YOUR COMPLAINT that "Mr. Holloway was fully aware of [YOUR] disability."

**RESPONSE TO REQUEST NO. 74:**

Subject to and without waiving the foregoing objections, Plaintiff responds that she will produce non-privileged documents responsive to this request, which are in her possession, custody or control.

**REQUEST NO. 75:**

All DOCUMENTS relating or referring to YOUR allegations in paragraph 19 of YOUR COMPLAINT that YOU were "placed on medical leave by [YOUR] doctor until June 2012 during which time [YOU] underwent eye surgeries."

**RESPONSE TO REQUEST NO. 75:**

In addition to the foregoing objections, Plaintiff further objects to this request on the grounds that it is vague, ambiguous, compound and unintelligible. Subject to and without waiving the foregoing objections, and as Plaintiff understands the request, responds that she has no documents responsive to this request.

**REQUEST NO. 76:**

All DOCUMENTS relating to YOUR allegations in paragraph 19 of YOUR COMPLAINT that "[i]mmediately upon [YOUR return to work, [YOUR] work

26

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT TARGET CORPORATION'S
FIRST DEMAND FOR INSPECTION OF DOCUMENTS AND THINGS

Ex. 10
155

1   environment made a 180 degree turn."

2   **RESPONSE TO REQUEST NO. 76:**

3       In addition to the foregoing objections, Plaintiff further objects to this request on

4   the grounds that it is vague, ambiguous, compound and unintelligible. Subject to and

5   without waiving the foregoing objections, and as Plaintiff understands the request,

6   responds that she will produce non-privileged documents responsive to this request,

7   which are in her possession, custody or control.

8   **REQUEST NO. 77:**

9       All DOCUMENTS relating or referring to YOUR allegations in paragraph 19 of

10   YOUR COMPLAINT that "Mr. Holloway was nitpicking and being overly critical of

11   [YOUR] work."

12   **RESPONSE TO REQUEST NO. 77:**

13       In addition to the foregoing objections, Plaintiff further objects to this request on

14   the grounds that it is vague, ambiguous, compound and unintelligible. Subject to and

15   without waiving the foregoing objections, and as Plaintiff understands the request,

16   responds that she will produce non-privileged documents responsive to this request,

17   which are in her possession, custody or control.

18   **REQUEST NO. 78:**

19       All DOCUMENTS relating or referring to YOUR allegations in paragraph 19 of

20   YOUR COMPLAINT that "[Mr. Holloway] began giving [YOU] harsh coachings telling

21   [YOU] 'you don't know what's going on at the store.'"

22   **RESPONSE TO REQUEST NO. 78:**

23       In addition to the foregoing objections, Plaintiff further objects to this request on

24   the grounds that it is vague, ambiguous, compound and unintelligible. Subject to and

25   without waiving the foregoing objections, and as Plaintiff understands the request,

26   responds that she will produce non-privileged documents responsive to this request,

27   which are in her possession, custody or control.

28

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT TARGET CORPORATION'S
FIRST DEMAND FOR INSPECTION OF DOCUMENTS AND THINGS

**REQUEST NO. 79:**

All DOCUMENTS relating or referring to YOUR allegations in paragraph 20 of YOUR COMPLAINT that YOU "began to observe that Mr. Holloway was treating [YOU] differently in comparison to other Executive Team Leads .... "

**RESPONSE TO REQUEST NO. 79:**

Subject to and without waiving the foregoing objections, Plaintiff responds that she has no non-privileged documents responsive to this request in her possession, custody or control.

**REQUEST NO. 80:**

All DOCUMENTS relating or referring to YOUR allegations in paragraph 20 of YOUR COMPLAINT that "in particular [Mr. Holloway] treated those with whom he was friends to preferential treatment."

**RESPONSE TO REQUEST NO. 80:**

Subject to and without waiving the foregoing objections, Plaintiff responds that she has no non-privileged documents responsive to this request in her possession, custody or control.

**REQUEST NO. 81:**

All DOCUMENTS relating or referring to YOUR allegations in paragraph 21 of YOUR COMPLAINT that YOU "observed that [YOUR] Executive peers were allowed to arrive late and leave the store early .... "

**RESPONSE TO REQUEST NO. 81:**

Subject to and without waiving the foregoing objections, Plaintiff responds that she has no non-privileged documents responsive to this request in her possession, custody or control.

**REQUEST NO. 82:**

All DOCUMENTS relating or referring to YOUR allegations in paragraph 21 of YOUR COMPLAINT that YOU "observed that [YOUR] Executive peers ... did not work the hours allotted for an Executive to work, which is 10 hours a day."

28
PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT TARGET CORPORATION'S
FIRST DEMAND FOR INSPECTION OF DOCUMENTS AND THINGS

Ex. 10
157

**RESPONSE TO REQUEST NO. 82:**

Subject to and without waiving the foregoing objections, Plaintiff responds that she has no non-privileged documents responsive to this request in her possession, custody or control.

**REQUEST NO. 83:**

All DOCUMENTS relating or referring to YOUR allegations in paragraph 22 of YOUR COMPLAINT that "[when YOU were] scheduled to close the store and the Friday through Monday night shift was the busiest, Mr. Holloway assigned [YOU] to close."

**RESPONSE TO REQUEST NO. 83:**

In addition to the foregoing objections, Plaintiff further objects to this request on the grounds that it is vague, ambiguous, compound and unintelligible.  Subject to and without waiving the foregoing objections, and as Plaintiff understands the request, responds that she will produce non-privileged documents responsive to this request, which are in her possession, custody or control.

**REQUEST NO. 84:**

All DOCUMENTS relating or referring to YOUR allegations in paragraph 22 of YOUR COMPLAINT that "[t]he practice was to have an Assistant Team Lead, yet Mr. Holloway, who was responsible for the schedules, did not schedule anyone to work with [YOU]."

**RESPONSE TO REQUEST NO. 84:**

In addition to the foregoing objections, Plaintiff further objects to this request on the grounds that it is vague, ambiguous, compound and unintelligible.  Subject to and without waiving the foregoing objections, and as Plaintiff understands the request, responds that she will produce non-privileged documents responsive to this request, which are in her possession, custody or control.

**REQUEST NO. 85:**

All DOCUMENTS relating or referring to YOUR allegations in paragraph 23 of YOUR COMPLAINT that "when [YOU] complained to Mr. Holloway that [YOU] did not

29

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT TARGET CORPORATION'S
FIRST DEMAND FOR INSPECTION OF DOCUMENTS AND THINGS

Ex. 10
158

1   have anyone scheduled to work with [YOU] during the weekend closing, he assigned a

2   Team member and not a Team Leader."

3   **RESPONSE TO REQUEST NO. 85:**

4        In addition to the foregoing objections, Plaintiff further objects to this request on

5   the grounds that it is vague, ambiguous, compound and unintelligible. Subject to and

6   without waiving the foregoing objections, and as Plaintiff understands the request,

7   responds that she has no non-privileged documents responsive to this request, in her

8   possession, custody or control.

9   **REQUEST NO. 86:**

10       All DOCUMENTS relating or referring to YOUR allegations in paragraph 23 of

11   YOUR COMPLAINT that "when Mr. Holloway closed the store, he assigned himself two

12   individuals to assist him - an Executive Team Leader and a Team Leader."

13   **RESPONSE TO REQUEST NO. 86:**

14       In addition to the foregoing objections, Plaintiff further objects to this request on

15   the grounds that it is vague, ambiguous, compound and unintelligible. Subject to and

16   without waiving the foregoing objections, and as Plaintiff understands the request,

17   responds that she will produce non-privileged documents responsive to this request,

18   which are in her possession, custody or control.

19   **REQUEST NO. 87:**

20       All DOCUMENTS relating or referring to YOUR allegations in paragraph 23 of

21   YOUR COMPLAINT that "when other Executive Team Leaders had closing duty, Mr.

22   Holloway assigned Team Leaders to assist them."

23   **RESPONSE TO REQUEST NO. 87:**

24       In addition to the foregoing objections, Plaintiff further objects to this request on

25   the grounds that it is vague, ambiguous, compound and unintelligible. Subject to and

26   without waiving the foregoing objections, and as Plaintiff understands the request,

27   responds that she will produce non-privileged documents responsive to this request,

28   which are in her possession, custody or control.

30

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT TARGET CORPORATION'S
FIRST DEMAND FOR INSPECTION OF DOCUMENTS AND THINGS

Ex. 10
159

**REQUEST NO. 88:**

All DOCUMENTS relating or referring to YOUR allegations in paragraph 24 of YOUR COMPLAINT that "[d]uring Labor Day weekend, which was supposed to be Mr. Holloway's turn to close the store, he scheduled himself to go on vacation and left [YOU] to close Friday, Saturday, Sunday and Monday, when [YOU] had already closed the previous weekend."

**RESPONSE TO REQUEST NO. 88:**

In addition to the foregoing objections, Plaintiff further objects to this request on the grounds that it is vague, ambiguous, compound and unintelligible.  Subject to and without waiving the foregoing objections, and as Plaintiff understands the request, responds that she will produce non-privileged documents responsive to this request, which are in her possession, custody or control.

**REQUEST NO. 89:**

All DOCUMENTS relating or referring to YOUR allegations in paragraph 25 of YOUR COMPLAINT that "[a]fter working the Labor day weekend, [YOU] suffered joint pain and needed to take time off."

**RESPONSE TO REQUEST NO. 89:**

In addition to the foregoing objections, Plaintiff further objects to this request on the grounds that it is vague, ambiguous, compound and unintelligible.  Subject to and without waiving the foregoing objections, and as Plaintiff understands the request, responds that she has no non-privileged documents responsive to this request in her possession, custody or control.

**REQUEST NO. 90:**

All DOCUMENTS relating or referring to YOUR allegations in paragraph 26 of YOUR COMPLAINT that "[i]t became evident to [YOU] that Mr. Holloway was on a mission to force [YOU] to quit."

**RESPONSE TO REQUEST NO. 90:**

Subject to and without waiving the foregoing objections, Plaintiff responds that she

31

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT TARGET CORPORATION'S
FIRST DEMAND FOR INSPECTION OF DOCUMENTS AND THINGS

Ex. 10
160

1  will produce non-privileged documents responsive to this request, which are in her

2  possession, custody or control.

3  **REQUEST NO. 91:**

4        All DOCUMENTS relating or referring to YOUR allegations in paragraph 26 of

5  YOUR COMPLAINT that "with [YOUR] disability, [YOU] had been able to perform above

6  and beyond the average expectations set by Target."

7  **RESPONSE TO REQUEST NO. 91:**

8        Subject to and without waiving the foregoing objections, Plaintiff responds that she

9  will produce non-privileged documents responsive to this request, which are in her

10 possession, custody or control.

11 **REQUEST NO. 92:**

12       All DOCUMENTS relating or referring to YOUR allegations in paragraph 27 of

13 YOURCOMPLAINT that "Mr. Holloway made several comments to [YOU] which were

14 undoubtedly made to embarrass [YOU]."

15 **RESPONSE TO REQUEST NO. 92:**

16       Subject to and without waiving the foregoing objections, Plaintiff responds that she

17 has no non-privileged documents responsive to this request in her possession, custody or

18 control.

19 **REQUEST NO. 93:**

20       All DOCUMENTS relating or referring to YOUR allegations in paragraph 27 of

21 YOUR COMPLAINT that "[i]n front of other employees, Mr. Holloway asked [YOU] as

22 [YOU were] walking into work, 'You still can't see!?'"

23 **RESPONSE TO REQUEST NO. 93:**

24       Subject to and without waiving the foregoing objections, Plaintiff responds that she

25 has no non-privileged documents responsive to this request in her possession, custody or

26 control.

27 **REQUEST NO. 94:**

28       All DOCUMENTS relating or referring to YOUR allegations in paragraph 27 of

32

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT TARGET CORPORATION'S
FIRST DEMAND FOR INSPECTION OF DOCUMENTS AND THINGS

Ex. 10
161

1   YOUR COMPLAINT that "[o]n another occasion on Inventory Day, Mr. Holloway saw

2   [YOU] squinting while working on the PDA and he remarked, 'You still haven't gotten

3   your glasses? You're taking your time huh.'"

4   **RESPONSE TO REQUEST NO. 94:**

5          Subject to and without waiving the foregoing objections, Plaintiff responds that she

6   has no non-privileged documents responsive to this request in her possession, custody or

7   control.

8   **REQUEST NO. 95:**

9          All DOCUMENTS relating or referring to YOUR allegations in paragraph 28 of

10  YOUR COMPLAINT that "Mr. Holloway [was] treating [YOU] disparately in comparison

11  to other managers .... "

12  **RESPONSE TO REQUEST NO. 95:**

13         Subject to and without waiving the foregoing objections, Plaintiff responds that she

14  has no non-privileged documents responsive to this request in her possession, custody or

15  control.

16  **REQUEST NO. 96:**

17         All DOCUMENTS relating or referring to YOUR allegations in paragraph 28 of

18  YOUR COMPLAINT that "Mr. Holloway ... intentionally embarrassed [YOU] in front of

19  other employees . ... "

20  **RESPONSE TO REQUEST NO. 96:**

21         Subject to and without waiving the foregoing objections, Plaintiff responds that she

22  has no non-privileged documents responsive to this request in her possession, custody or

23  control.

24  **REQUEST NO. 97:**

25         All DOCUMENTS relating or referring to YOUR allegations in paragraph 28 of

26  YOUR COMPLAINT that "Mr. Holloway ... was overly critical of [YOU] ... . "

27  **RESPONSE TO REQUEST NO. 97:**

28         Subject to and without waiving the foregoing objections, Plaintiff responds that she

33

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT TARGET CORPORATION'S
FIRST DEMAND FOR INSPECTION OF DOCUMENTS AND THINGS

Ex. 10
162

1    has no non-privileged documents responsive to this request in her possession, custody or

2    control.

3    **REQUEST NO. 98:**

4         All DOCUMENTS relating or referring to YOUR allegations in paragraph 28 of

5    YOUR COMPLAINT that "Mr. Holloway ... made demands of [YOU] that he did not ask of

6    other Managers."

7    **RESPONSE TO REQUEST NO. 98:**

8         Subject to and without waiving the foregoing objections, Plaintiff responds that she

9    has no non-privileged documents responsive to this request in her possession, custody or

10   control.

11   **REQUEST NO. 99:**

12        All DOCUMENTS relating or referring to YOUR allegations in paragraph 28 of

13   YOUR COMPLAINT that" ... on one occasion, Mr. Holloway told [YOU] that [YOU]

14   needed to complete the 'Urgent News' before the due date."

15   **RESPONSE TO REQUEST NO. 99:**

16        Subject to and without waiving the foregoing objections, Plaintiff responds that she

17   has no non-privileged documents responsive to this request in her possession, custody or

18   control.

19   **REQUEST NO. 100:**

20        All DOCUMENTS relating or referring to YOUR allegations in paragraph 28 of

21   YOUR COMPLAINT that "[y]et when handing off LOD duties to other leaders [Mr.

22   Holloway] did not clear the Urgent News before the due date .... "

23   **RESPONSE TO REQUEST NO. 100:**

24        Subject to and without waiving the foregoing objections, Plaintiff responds that she

25   has no non-privileged documents responsive to this request in her possession, custody or

26   control.

27   **REQUEST NO. 101:**

28        All DOCUMENTS relating or referring to YOUR allegations in paragraph 28 of

34

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT TARGET CORPORATION'S
FIRST DEMAND FOR INSPECTION OF DOCUMENTS AND THINGS

Ex. 10
163

1  YOUR COMPLAINT that "[y]et when handing off LOD duties to other leaders [Mr.

2  Holloway] ... told them that it did not need to be cleared until the due date."

3  **RESPONSE TO REQUEST NO. 101:**

4      Subject to and without waiving the foregoing objections, Plaintiff responds that she

5  has no non-privileged documents responsive to this request in her possession, custody or

6  control.

7  **REQUEST NO. 102:**

8      All DOCUMENTS relating or referring to YOUR allegations in paragraph 29 of

9  YOUR COMPLAINT that "[t]he harassment by Mr. Holloway was taking a physical and

10  emotional toll on [YOU]."

11  **RESPONSE TO REQUEST NO. 102:**

12      Subject to and without waiving the foregoing objections, Plaintiff responds that she

13  will produce non-privileged documents responsive to this request, which are in her

14  possession, custody or control.

15  **REQUEST NO. 103:**

16      All DOCUMENTS relating or referring to YOUR allegations in paragraph 29 of

17  YOUR COMPLAINT that "[i]n August 2012, [YOUR] doctor placed [YOU] on a medical

18  leave of absence for a month, returning in September 2012."

19  **RESPONSE TO REQUEST NO. 103:**

20      Subject to and without waiving the foregoing objections, Plaintiff responds that she

21  will produce non-privileged documents responsive to this request, which are in her

22  possession, custody or control.

23  **REQUEST NO. 104:**

24      All DOCUMENTS relating or referring to YOUR allegations in paragraph 30 of

25  YOUR COMPLAINT that "[b]y September 2012, [YOU] knew that Mr. Holloway was

26  doing everything in his power to force [YOU] to resign and [YOU] needed to ask Human

27  Resources to intervene."

28

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT TARGET CORPORATION'S
FIRST DEMAND FOR INSPECTION OF DOCUMENTS AND THINGS

**RESPONSE TO REQUEST NO. 104:**

In addition to the foregoing objections, Plaintiff further objects to this request on the grounds that it is vague, ambiguous, compound and unintelligible. Subject to and without waiving the foregoing objections, and as Plaintiff understands the request, responds that she has no non-privileged documents responsive to this request in her possession, custody or control.

**REQUEST NO. 105:**

All DOCUMENTS relating or referring to YOUR allegations in paragraph 30 of YOUR COMPLAINT that "[i]n September 2012, [YOU] called the Employee Hotline and reached out to corporate to resolve [YOUR] issues."

**RESPONSE TO REQUEST NO. 105:**

In addition to the foregoing objections, Plaintiff further objects to this request on the grounds that it is vague, ambiguous, compound and unintelligible. Subject to and without waiving the foregoing objections, and as Plaintiff understands the request, responds that she has no non-privileged documents responsive to this request in her possession, custody or control.

**REQUEST NO. 106:**

All DOCUMENTS relating or referring to YOUR allegations in paragraph 30 of YOUR COMPLAINT that "in October 2012 [YOU] reached out to Human Resources Manager, Melissa [sic] Kirwood."

**RESPONSE TO REQUEST NO. 106:**

In addition to the foregoing objections, Plaintiff further objects to this request on the grounds that it is vague, ambiguous, compound and unintelligible. Subject to and without waiving the foregoing objections, and as Plaintiff understands the request, responds that she has no non-privileged documents responsive to this request in her possession, custody or control.

**REQUEST NO. 107:**

All DOCUMENTS relating or referring to YOUR allegations in paragraph 30 of

36

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT TARGET CORPORATION'S
FIRST DEMAND FOR INSPECTION OF DOCUMENTS AND THINGS

Ex. 10
165

1  YOUR COMPLAINT that YOU "explained to Ms. Kirwood that [YOU] wanted to be

2  treated fairly by Mr. Holloway."

3  **RESPONSE TO REQUEST NO. 107:**

4      Subject to and without waiving the foregoing objections, Plaintiff responds that she

5  has no non-privileged documents responsive to this request in her possession, custody or

6  control.

7  **REQUEST NO. 108:**

8      All DOCUMENTS relating or referring to YOUR allegations in paragraph 30 of

9  YOUR COMPLAINT that YOU "explained to Ms. Kirwood that Mr. Holloway was 'less

10  patient with me because of my eye sight issues.'"

11  **RESPONSE TO REQUEST NO. 108:**

12      Subject to and without waiving the foregoing objections, Plaintiff responds that she

13  has no non-privileged documents responsive to this request in her possession, custody or

14  control.

15  **REQUEST NO. 109:**

16      All DOCUMENTS relating or referring to YOUR allegations in paragraph 31 of

17  YOUR COMPLAINT that "[t]he only accommodation [YOU] needed was for Mr. Holloway

18  to be patient with [YOU] - it took [YOU] longer to read."

19  **RESPONSE TO REQUEST NO. 109:**

20      Subject to and without waiving the foregoing objections, Plaintiff responds that she

21  has no non-privileged documents responsive to this request in her possession, custody or

22  control.

23  **REQUEST NO. 110:**

24      All DOCUMENTS relating or referring to YOUR allegations in paragraph 31 of

25  YOUR COMPLAINT that YOU "also asked to be treated equally like any other Executive

26  who had changed positions ..."

27  **RESPONSE TO REQUEST NO. 110:**

28      Subject to and without waiving the foregoing objections, Plaintiff responds that she

1  has no non-privileged documents responsive to this request in her possession, custody or

2  control.

3  **REQUEST NO. 111:**

4      All DOCUMENTS relating or referring to YOUR allegations in paragraph 31 of

5  YOUR COMPLAINT that YOU "also asked ... to be given the opportunity to be fully

6  trained."

7  **RESPONSE TO REQUEST NO. 111:**

8      Subject to and without waiving the foregoing objections, Plaintiff responds that she

9  has no non-privileged documents responsive to this request in her possession, custody or

10  control.

11  **REQUEST NO. 112:**

12      All DOCUMENTS relating or referring to YOUR allegations in paragraph 32 of

13  YOUR COMPLAINT that "[d]uring the 4th quarter weekends, two Managers were

14  required to work together to support the anticipated increase of guests and work."

15  **RESPONSE TO REQUEST NO. 112:**

16      Subject to and without waiving the foregoing objections, Plaintiff responds that she

17  has no non-privileged documents responsive to this request in her possession, custody or

18  control.

19  **REQUEST NO. 113:**

20      All DOCUMENTS relating or referring to YOUR allegations in paragraph 32 of

21  YOUR COMPLAINT that "[w]hen [YOU were] scheduled to work, Mr. Holloway would

22  schedule himself to 'partner' with [YOU]."

23  **RESPONSE TO REQUEST NO. 113:**

24      Subject to and without waiving the foregoing objections, Plaintiff responds that she

25  has no non-privileged documents responsive to this request in her possession, custody or

26  control.

27  **REQUEST NO. 114:**

28      All DOCUMENTS relating or referring to YOUR allegations in paragraph 32 of

38

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT TARGET CORPORATION'S
FIRST DEMAND FOR INSPECTION OF DOCUMENTS AND THINGS

Ex. 10
167

1  YOUR COMPLAINT that "instead of truly being [YOUR] 'partner' he would follow [YOU]

2  around and check [YOUR] work trying to nitpick and find fault."

3  **RESPONSE TO REQUEST NO. 114:**

4       Subject to and without waiving the foregoing objections, Plaintiff responds that she

5  has no non-privileged documents responsive to this request in her possession, custody or

6  control.

7  **REQUEST NO. 115:**

8       All DOCUMENTS relating or referring to YOUR allegations in paragraph 33 of

9  YOUR COMPLAINT that "Mr. Holloway's harassment continued to take a toll on [YOUR]

10  physical well-being."

11  **RESPONSE TO REQUEST NO. 115:**

12       Subject to and without waiving the foregoing objections, Plaintiff responds that she

13  will produce non-privileged documents responsive to this request in her possession,

14  custody or control.

15  **REQUEST NO. 116:**

16       All DOCUMENTS relating or referring to YOUR allegations in paragraph 33 of

17  YOUR COMPLAINT that YOUR "doctor again placed [YOU] on medical leave for a month

18  from December 23,2012 until January 20, 2013."

19  **RESPONSE TO REQUEST NO. 116:**

20       Subject to and without waiving the foregoing objections, Plaintiff responds that she

21  will produce non-privileged documents responsive to this request, which are in her

22  possession, custody or control.

23  **REQUEST NO. 117:**

24       All DOCUMENTS relating or referring to YOUR allegations in paragraph 34 of

25  YOUR COMPLAINT that "[u]pon [YOUR] retUl11 to work, Mr. Holloway 'coached' [YOU]

26  that [YOU were] not managing [YOUR] store appropriately."

27  **RESPONSE TO REQUEST NO. 117:**

28       Subject to and without waiving the foregoing objections, Plaintiff responds that she

39

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT TARGET CORPORATION'S
FIRST DEMAND FOR INSPECTION OF DOCUMENTS AND THINGS

Ex. 10
168

1   has no non-privileged documents responsive to this request in her possession, custody or

2   control.

3   **REQUEST NO. 118:**

4      All DOCUMENTS relating or referring to YOUR allegations in paragraph 34 of

5   YOUR COMPLAINT that "[Mr. Holloway] continued to give [YOU] 'counselings' telling

6   [YOU] that [YOU] 'could not drive results .... ,,,

7   **RESPONSE TO REQUEST NO. 118:**

8      Subject to and without waiving the foregoing objections, Plaintiff responds that she

9   has no non-privileged documents responsive to this request in her possession, custody or

10   control.

11   **REQUEST NO. 119:**

12      All DOCUMENTS relating or referring to YOUR allegations in paragraph 34 of

13   YOUR COMPLAINT that " [Mr. Holloway] continued to give [YOU] 'counselings' telling

14   [YOU] ...[YOU] 'could not manage . .. . '"

15   **RESPONSE TO REQUEST NO. 119:**

16      Subject to and without waiving the foregoing objections, Plaintiff responds that

17   she has no non-privileged documents responsive to this request in her possession,

18   custody or control.

19   **REQUEST NO. 120:**

20      All DOCUMENTS relating or referring to YOUR allegations in paragraph 34 of

21   YOUR COMPLAINT that "[Mr. Holloway] continued to give [YOU] 'counselings' telling

22   [YOU] ... [YOU] 'could not execute.'"

23   **RESPONSE TO REQUEST NO. 120:**

24      Subject to and without waiving the foregoing objections, Plaintiff responds that she

25   has no non-privileged documents responsive to this request in her possession, custody or

26   control.

27   **REQUEST NO. 121:**

28      All DOCUMENTS relating or referring to YOUR allegations in paragraph 34 of

40

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT TARGET CORPORATION'S
FIRST DEMAND FOR INSPECTION OF DOCUMENTS AND THINGS

Ex. 10
169

1  YOUR COMPLAINT that "[Mr. Holloway] had not provided [YOU] with the necessary

2  support."

3  **RESPONSE TO REQUEST NO. 121:**

4      Subject to and without waiving the foregoing objections, Plaintiff responds that

5  she has no non-privileged documents responsive to this request in her possession,

6  custody or control.

7  **REQUEST NO. 122:**

8      All DOCUMENTS relating or referring to YOUR allegations in paragraph 35 of

9  YOUR COMPLAINT that "[o]ver the next several weeks [Mr. Holloway] continued to find

10 ways to convince [YOU] to resign."

11 **RESPONSE TO REQUEST NO. 122:**

12     In addition to the foregoing objections, Plaintiff further objects to this request on

13 the grounds that it is vague, ambiguous, compound and unintelligible. Subject to and

14 without waiving the foregoing objections, Plaintiff responds that she has no non-

15 privileged documents responsive to this request in her possession, custody or control.

16 **REQUEST NO. 123:**

17     All DOCUMENTS relating or referring to YOUR allegations in paragraph 35 of

18 YOUR COMPLAINT that "[Mr. Holloway] asked [YOU] 'are you tired of Target? Are you

19 burnt out?'"

20 **RESPONSE TO REQUEST NO. 123:**

21     In addition to the foregoing objections, Plaintiff further objects to this request on

22 the grounds that it is vague, ambiguous, compound and unintelligible. Subject to and

23 without waiving the foregoing objections, Plaintiff responds invokes her Fifth

24 Amendment self-incrimination privilege.

25 **REQUEST NO. 124:**

26     All DOCUMENTS relating or referring to YOUR allegations in paragraph 35 of

27 YOUR COMPLAINT that "Mr. Holloway [did not] provide [YOU] the needed

28 accommodation which [YOU] had been previously requesting- i.e. provide [YOU] with

41

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT TARGET CORPORATION'S
FIRST DEMAND FOR INSPECTION OF DOCUMENTS AND THINGS

Ex. 10
170

1   assistance (as he did with others); not make unnecessary demands on [YOU]; and allow

2   [YOU] the necessary time to read through the necessary documents."

3   **RESPONSE TO REQUEST NO. 124:**

4       In addition to the foregoing objections, Plaintiff further objects to this request on

5   the grounds that it is vague, ambiguous, compound and unintelligible.  Subject to and

6   without waiving the foregoing objections, and as Plaintiff understands the request,

7   responds that she has no non-privileged documents responsive to this request in her

8   possession, custody or control.

9   **REQUEST NO. 125:**

10       All DOCUMENTS relating or referring to YOUR allegations in paragraph 36 of

11   YOUR COMPLAINT that "Mr. Holloway continued to prod [YOU] [asking], "What if you

12   go on a leave of absence?"

13   **RESPONSE TO REQUEST NO. 125:**

14       In addition to the foregoing objections, Plaintiff further objects to this request on

15   the grounds that it is vague, ambiguous, compound and unintelligible. Subject to and

16   without waiving the foregoing objections, Plaintiff responds invokes her Fifth

17   Amendment self-incrimination privilege.

18   **REQUEST NO. 126:**

19       All DOCUMENTS relating or referring to YOUR allegations in paragraph 36 of

20   YOUR COMPLAINT that "[Mr. Holloway] tried to convince [YOU to resign] in various

21   ways asking [YOU] if the work was 'stressing her out.'"

22   **RESPONSE TO REQUEST NO. 126:**

23       In addition to the foregoing objections, Plaintiff further objects to this request on

24   the grounds that it is vague, ambiguous, compound and unintelligible. Subject to and

25   without waiving the foregoing objections, Plaintiff responds invokes her Fifth

26   Amendment self-incrimination privilege.

27   **REQUEST NO. 127:**

28       All DOCUMENTS relatiiig or referring to YOUR allegations in paragraph 36 of

42

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT TARGET CORPORATION'S
FIRST DEMAND FOR INSPECTION OF DOCUMENTS AND THINGS

Ex. 10
171

1  YOUR COMPLAINT that "[Mr. Holloway] also said he had talked to Human Resources

2  and would allow [YOU] to put in [YOUR] two weeks and on [YOUR] last two weeks,

3  [YOU] really didn't have to do anything."

4  **RESPONSE TO REQUEST NO. 127:**

5       In addition to the foregoing objections, Plaintiff further objects to this request on

6  the grounds that it is vague, ambiguous, compound and unintelligible. Subject to and

7  without waiving the foregoing objections, Plaintiff responds invokes her Fifth

8  Amendment self-incrimination privilege.

9  **REQUEST NO. 128:**

10      All DOCUMENTS relating or referring to YOUR allegations in paragraph 36 of

11  YOUR COMPLAINT that "[Mr. Holloway] also said he had talked to Human Resources

12  and would allow [YOU] to put in [YOUR] two weeks .... "

13  **RESPONSE TO REQUEST NO. 128:**

14      In addition to the foregoing objections, Plaintiff further objects to this request on

15  the grounds that it is vague, ambiguous, compound and unintelligible. Subject to and

16  without waiving the foregoing objections, Plaintiff responds invokes her Fifth

17  Amendment self-incrimination privilege.

18  **REQUEST NO. 129:**

19      All DOCUMENTS relating or referring to YOUR allegations in paragraph 36 of

20  YOUR COMPLAINT that "[Mr. Holloway said] if [YOU] quit he would make sure Target

21  did not contest [YOUR] unemployment benefits."

22  **RESPONSE TO REQUEST NO. 129:**

23      In addition to the foregoing objections, Plaintiff further objects to this request on

24  the grounds that it is vague, ambiguous, compound and unintelligible. Subject to and

25  without waiving the foregoing objections, Plaintiff responds invokes her Fifth

26  Amendment self-incrimination privilege.

27  **REQUEST NO. 130:**

28      All DOCUMENTS relating or referring to YOUR allegations in paragraph 37 of

43

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT TARGET CORPORATION'S
FIRST DEMAND FOR INSPECTION OF DOCUMENTS AND THINGS

Ex. 10
172

1  YOUR COMPLAINT that "[a]fter these several conversations when [YOU] made it clear to

2  Mr. Holloway that [YOU were] not resigning, it became evident that he was on a mission

3  to 'paper' [YOU] to cause [YOUR] termination."

4  **RESPONSE TO REQUEST NO. 130:**

5      In addition to the foregoing objections, Plaintiff further objects to this request on

6  the grounds that it is vague, ambiguous, compound and unintelligible.  Subject to and

7  without waiving the foregoing objections, and as Plaintiff understands the request,

8  responds that she will produce non-privileged documents responsive to this request in

9  her possession, custody or control.

10  **REQUEST NO. 131:**

11      All DOCUMENTS relating or referring to YOUR allegations in paragraph 37 of

12  YOUR COMPLAINT that "before [Mr. Holloway] rarely sent [YOU] e-mails, he then

13  began sending [YOU] emails almost on a daily basis."

14  **RESPONSE TO REQUEST NO. 131:**

15      In addition to the foregoing objections, Plaintiff further objects to this request on

16  the grounds that it is vague, ambiguous, compound and unintelligible.  Subject to and

17  without waiving the foregoing objections, and as Plaintiff understands the request,

18  responds that she has no non-privileged documents responsive to this request in her

19  possession, custody or control.

20  **REQUEST NO. 132:**

21      All DOCUMENTS relating or referring to YOUR allegations in paragraph 37 of

22  YOUR COMPLAINT that "[Mr. Holloway] was on a mission to make [YOU] feel slow and

23  useless."

24  **RESPONSE TO REQUEST NO. 132:**

25      Subject to and without waiving the foregoing objections, Plaintiff responds that she

26  has no non-privileged documents responsive to this request in her possession, custody or

27  control.

28

44

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT TARGET CORPORATION'S
FIRST DEMAND FOR INSPECTION OF DOCUMENTS AND THINGS

Ex. 10
173

**REQUEST NO. 133:**

All DOCUMENTS relating or referring to YOUR allegations in paragraph 37 of YOUR COMPLAINT that "Mr. Holloway also ordered [YOU] to send him emails confirming [YOUR] understanding of his directives to [YOU]."

**RESPONSE TO REQUEST NO. 133:**

Subject to and without waiving the foregoing objections, Plaintiff responds that she will produce non-privileged documents responsive to this request, which are in her possession, custody or control.

**REQUEST NO. 134:**

All DOCUMENTS relating or referring to YOUR allegations in paragraph 38 of YOUR COMPLAINT that "[i]n early April 2013, Mr. Holloway gave [YOU] a 'final' written warning because a transient was found left in the building."

**RESPONSE TO REQUEST NO. 134:**

Subject to and without waiving the foregoing objections, Plaintiff responds that she will produce non-privileged documents responsive to this request, which are in her possession, custody or control.

**REQUEST NO. 135:**

All DOCUMENTS relating or referring to YOUR allegations in paragraph 38 of YOUR COMPLAINT that YOU "informed Mr. Holloway that [YOU] also knew of another Executive who had not followed procedures to clear the building and had left a team member in the building, and was not given a final warning."

**RESPONSE TO REQUEST NO. 135:**

Subject to and without waiving the foregoing objections, Plaintiff responds that she has no non-privileged documents responsive to this request in her possession, custody or control.

**REQUEST NO. 136:**

All DOCUMENTS relating or referring to YOUR allegations in paragraph 38 of YOUR COMPLAINT that "[c]onfronted with this information, Mr. Holloway ultimately

45

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT TARGET CORPORATION'S
FIRST DEMAND FOR INSPECTION OF DOCUMENTS AND THINGS

Ex. 10
174

1  rescinded it."

2  **RESPONSE TO REQUEST NO. 136:**

3        Subject to and without waiving the foregoing objections, Plaintiff responds that she

4  has no non-privileged documents responsive to this request in her possession, custody or

5  control.

6  **REQUEST NO. 137:**

7        All DOCUMENTS relating or referring to YOUR allegations in paragraph 39 of

8  YOUR COMPLAINT that "[i]n the month of April, Mr. Holloway reorganized his schedule

9  to shadow [YOUR] scheduled shifts."

10  **RESPONSE TO REQUEST NO. 137:**

11        Subject to and without waiving the foregoing objections, Plaintiff responds that she

12  will produce non-privileged documents responsive to this request, which are in her

13  possession, custody or control.

14  **REQUEST NO. 138:**

15        All DOCUMENTS relating or referring to YOUR allegations in paragraph 39 of

16  YOUR COMPLAINT that "[Mr. Holloway] said he wanted to 'develop' [YOU] as a leader."

17  **RESPONSE TO REQUEST NO. 138:**

18        Subject to and without waiving the foregoing objections, Plaintiff responds that she

19  has no non-privileged documents responsive to this request in her possession, custody or

20  control.

21  **REQUEST NO. 139:**

22        All DOCUMENTS relating or referring to YOUR allegations in paragraph 39 of

23  YOUR COMPLAINT that "[Mr. Holloway] constantly micro-managed [YOU] . . .. "

24  **RESPONSE TO REQUEST NO. 139:**

25        Subject to and without waiving the foregoing objections, Plaintiff responds that she

26  will produce non-privileged documents responsive to this request, which are in her

27  possession, custody or control.

28

**REQUEST NO. 140:**

All DOCUMENTS relating or referring to YOUR allegations in paragraph 39 of YOUR COMPLAINT that "[Mr. Holloway] continued to be unsupportive by not giving [YOU] enough resources to accomplish projects."

**RESPONSE TO REQUEST NO. 140:**

Subject to and without waiving the foregoing objections, Plaintiff responds that she has no non-privileged documents responsive to this request in her possession, custody or control.

**REQUEST NO. 141:**

All DOCUMENTS relating or referring to YOUR allegations in paragraph 40 of YOUR COMPLAINT that "on April 23, 2013, Mr. Holloway called [YOU] to the office and advised [YOU] that [YOU were] being terminated because [YOU] sent a text message to a Team Lead when the Team Lead was not working."

**RESPONSE TO REQUEST NO. 141:**

Subject to and without waiving the foregoing objections, Plaintiff responds that she has no non-privileged documents responsive to this request in her possession, custody or control.

**REQUEST NO. 142:**

All DOCUMENTS relating or referring to YOUR allegations in paragraph 40 of YOUR COMPLAINT that "[Mr. Holloway] said that [YOU] also talked to a Team Leader about work when the Team Lead was not at work."

**RESPONSE TO REQUEST NO. 142:**

Subject to and without waiving the foregoing objections, Plaintiff responds that she has no non-privileged documents responsive to this request in her possession, custody or control.

**REQUEST NO. 143:**

All DOCUMENTS relating or referring to YOUR allegations in paragraph 40 of YOUR COMPLAINT that YOU "challenged Mr. Holloway explaining that several

47

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT TARGET CORPORATION'S
FIRST DEMAND FOR INSPECTION OF DOCUMENTS AND THINGS

Ex. 10
176

1  Executives do the same, and also give directions to their Team Leaders through text

2  messages/phone when the Team Leader was not working."

3  **RESPONSE TO REQUEST NO. 143:**

4      Subject to and without waiving the foregoing objections, Plaintiff responds that she

5  has no non-privileged documents responsive to this request in her possession, custody or

6  control.

7  **REQUEST NO. 144:**

8      All DOCUMENTS relating or referring to YOUR allegations in paragraph 41 of

9  YOUR COMPLAINT that "[a]pproximately one week before the event, [YOU] informed

10  Human Resource Manager Jamie Blanco and Mr. Holloway that [YOU] needed to take a

11  medical leave of absence due to a possible eye surgery."

12  **RESPONSE TO REQUEST NO. 144:**

13      Subject to and without waiving the foregoing objections, Plaintiff responds that

14  she has no non-privileged documents responsive to this request in her possession,

15  custody or control.

16  **REQUEST NO. 145:**

17      All DOCUMENTS relating or referring to YOUR allegations in paragraph 41 of

18  YOUR COMPLAINT that "Ms. Blanco gave an ADA questionnaire for [YOUR] doctor to

19  complete."

20  **RESPONSE TO REQUEST NO. 145:**

21      Subject to and without waiving the foregoing objections, Plaintiff responds that she

22  will produce non-privileged documents responsive to this request, which are in her

23  possession, custody or control.

24  **REQUEST NO. 146:**

25      All DOCUMENTS relating or referring to YOUR allegations in paragraph 41 of

26  YOUR COMPLAINT that YOU were "fired before [YOU] had the opportunity to return

27  [YOUR] ADA questionnaire."

28

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT TARGET CORPORATION'S
FIRST DEMAND FOR INSPECTION OF DOCUMENTS AND THINGS

**RESPONSE TO REQUEST NO. 146:**

Subject to and without waiving the foregoing objections, Plaintiff responds that she will produce non-privileged documents responsive to this request, which are in her possession, custody or control.

**REQUEST NO. 147:**

All DOCUMENTS relating or referring to YOUR allegations in paragraph 42 of YOUR COMPLAINT that "[a]fter [YOUR] termination, [YOU] called the Employee Hotline and talked to 'Julie' about [YOUR] termination."

**RESPONSE TO REQUEST NO. 147:**

Subject to and without waiving the foregoing objections, Plaintiff responds that she will produce non-privileged documents responsive to this request, which are in her possession, custody or control.

**REQUEST NO. 148:**

All DOCUMENTS relating or referring to YOUR allegations in paragraph 42 of YOUR COMPLAINT that "Julie never responded to [YOUR] complaint of discrimination/harassment."

**RESPONSE TO REQUEST NO. 148:**

Subject to and without waiving the foregoing objections, Plaintiff responds that she has no non-privileged documents responsive to this request in her possession, custody or control.

**REQUEST NO. 149:**

All DOCUMENTS relating or referring to YOUR allegations in paragraph 43 of YOUR COMPLAINT that "Target brought in Mr. Holloway who . . . was insensitive to [YOUR] disability."

**RESPONSE TO REQUEST NO. 149:**

In addition to the foregoing objections, Plaintiff further objects to this request on the grounds that it is vague, ambiguous, compound and unintelligible. Subject to and without waiving the foregoing objections, and as Plaintiff understands the request,

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT TARGET CORPORATION'S
FIRST DEMAND FOR INSPECTION OF DOCUMENTS AND THINGS

Ex. 10
178

1  responds that she will produce non-privileged documents responsive to this request,

2  which are in her possession, custody or control.

3  **REQUEST NO. 150:**

4      All DOCUMENTS relating or referring to YOUR allegations in paragraph 43 of

5  YOUR COMPLAINT that "[Mr. Holloway] refused to accommodate [YOUR] disability."

6  **RESPONSE TO REQUEST NO. 150:**

7      Subject to and without waiving the foregoing objections, Plaintiff responds that she

8  will produce non-privileged documents responsive to this request, which are in her

9  possession, custody or control.

10  **REQUEST NO. 151:**

11      All DOCUMENTS relating or referring to YOUR allegations in paragraph 44 of

12  YOUR COMPLAINT that "Target's actions have dealt a serious blow to [YOUR] self-

13  worth."

14  **RESPONSE TO REQUEST NO. 151:**

15      Subject to and without waiving the foregoing objections, and as Plaintiff

16  understands the request, responds that she will produce non-privileged documents

17  responsive to this request, which are in her possession, custody or control.

18  **REQUEST NO. 152:**

19      All DOCUMENTS relating or referring to YOUR allegations in paragraph 44 of

20  YOUR COMPLAINT that YOU are "suffering from significant physical . . . injuries."

21  **RESPONSE TO REQUEST NO. 152:**

22      Subject to and without waiving the foregoing objections, Plaintiff responds that she

23  will produce non-privileged documents responsive to this request, which are in her

24  possession, custody or control.

25  **REQUEST NO. 153:**

26      All DOCUMENTS relating or referring to YOUR allegations in paragraph 44 of

27  YOUR COMPLAINT that YOU are "suffering from significant . . .psychological injuries."

28

**RESPONSE TO REQUEST NO. 153:**

Subject to and without waiving the foregoing objections, Plaintiff responds that she will produce non-privileged documents responsive to this request, which are in her possession, custody or control.

**REQUEST NO. 154:**

All DOCUMENTS relating or referring to YOUR allegations in paragraph 44 of YOUR COMPLAINT that YOU are "suffering financially . . . ."

**RESPONSE TO REQUEST NO. 154:**

Subject to and without waiving the foregoing objections, Plaintiff responds that she will produce non-privileged documents responsive to this request, which are in her possession, custody or control.

**REQUEST NO. 155:**

All DOCUMENTS relating or referring to YOUR allegations in paragraph 44 of YOUR COMPLAINT that YOU are "depressed. . . ."

**RESPONSE TO REQUEST NO. 155:**

Subject to and without waiving the foregoing objections, Plaintiff responds that she will produce non-privileged documents responsive to this request, which are in her possession, custody or control.

**REQUEST NO. 156:**

All DOCUMENTS relating or referring to YOUR allegations in paragraph 44 of YOUR COMPLAINT that YOU are "anxious . . . ."

**RESPONSE TO REQUEST NO. 156:**

Subject to and without waiving the foregoing objections, Plaintiff responds that she will produce non-privileged documents responsive to this request, which are in her possession, custody or control.

**REQUEST NO. 157:**

All DOCUMENTS relating or referring to YOUR allegations in paragraph 44 of YOUR COMPLAINT that YOU have "difficulty sleeping . . . ."

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT TARGET CORPORATION'S
FIRST DEMAND FOR INSPECTION OF DOCUMENTS AND THINGS

Ex. 10
180

**RESPONSE TO REQUEST NO. 157:**

Subject to and without waiving the foregoing objections, Plaintiff responds that she will produce non-privileged documents responsive to this request, which are in her possession, custody or control.

**REQUEST NO. 158:**

All DOCUMENTS relating or referring to YOUR allegations in paragraph 44 of YOUR COMPLAINT that YOU have "difficulty . . . eating . . . ."

**RESPONSE TO REQUEST NO. 158:**

Subject to and without waiving the foregoing objections, Plaintiff responds that she will produce non-privileged documents responsive to this request, which are in her possession, custody or control.

**REQUEST NO. 159:**

All DOCUMENTS relating or referring to YOUR allegations in paragraph 44 of YOUR COMPLAINT that "the stress associated with [YOUR] termination has had a deleterious effect on [YOUR] disability."

**RESPONSE TO REQUEST NO. 159:**

Subject to and without waiving the foregoing objections, Plaintiff responds that she will produce non-privileged documents responsive to this request, which are in her possession, custody or control.

**REQUEST NO. 160:**

All DOCUMENTS relating or referring to YOUR allegations in paragraph 51 of YOUR COMPLAINT that, as a result of Defendants' discrimination, "[YOU have] suffered and will continue to suffer pain and suffering . . . ."

**RESPONSE TO REQUEST NO. 160:**

Subject to and without waiving the foregoing objections, Plaintiff responds that she will produce non-privileged documents responsive to this request, which are in her possession, custody or control.

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT TARGET CORPORATION'S
FIRST DEMAND FOR INSPECTION OF DOCUMENTS AND THINGS

Ex. 10
181

**REQUEST NO. 161:**

All DOCUMENTS relating or referring to YOUR allegations in paragraph 51 of YOUR COMPLAINT that, as a result of Defendants' discrimination, "[YOU have] suffered and will continue to suffer . . . extreme and severe mental anguish."

**RESPONSE TO REQUEST NO. 161:**

Subject to and without waiving the foregoing objections, Plaintiff responds that she will produce non-privileged documents responsive to this request, which are in her possession, custody or control.

**REQUEST NO. 162:**

All DOCUMENTS relating or referring to YOUR allegations in paragraph 51 of YOUR COMPLAINT that, as a result of Defendants' discrimination, "[YOU have] suffered and will continue to suffer . . . emotional distress . . . ."

**RESPONSE TO REQUEST NO. 162:**

Subject to and without waiving the foregoing objections, Plaintiff responds that she will produce non-privileged documents responsive to this request, which are in her possession, custody or control.

**REQUEST NO. 163:**

All DOCUMENTS relating or referring to YOUR allegations in paragraph 52 of YOUR COMPLAINT that, as a result of Defendants' discrimination, "[YOU have] suffered and will continue to suffer a loss of earnings and other employment benefits . . . ."

**RESPONSE TO REQUEST NO. 163:**

Subject to and without waiving the foregoing objections, Plaintiff responds that she will produce non-privileged documents responsive to this request, which are in her possession, custody or control.

**REQUEST NO. 164:**

All DOCUMENTS relating or referring to YOUR allegations in paragraph 52 of YOUR COMPLAINT that, as a result of Defendants' discrimination, "[YOU have] suffered and will continue to suffer a loss of . . . job opportunities . . . ."

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT TARGET CORPORATION'S
FIRST DEMAND FOR INSPECTION OF DOCUMENTS AND THINGS

Ex. 10
182

**RESPONSE TO REQUEST NO. 164:**

Subject to and without waiving the foregoing objections, Plaintiff responds that she will produce non-privileged documents responsive to this request, which are in her possession, custody or control.

**REQUEST NO. 165:**

All DOCUMENTS relating or referring to YOUR allegations in paragraph 79 of YOUR COMPLAINT that "Defendants did not engage in the statutorily required interactive process. . ."

**RESPONSE TO REQUEST NO. 165:**

Subject to and without waiving the foregoing objections, Plaintiff responds that she has no non-privileged documents responsive to this request in her possession, custody or control.

**REQUEST NO. 166:**

All DOCUMENTS relating or referring to YOUR allegations in paragraph 79 of YOUR COMPLAINT that "Defendants did ... not make a reasonable accommodation for [YOUR] disability."

**RESPONSE TO REQUEST NO. 166:**

Subject to and without waiving the foregoing objections, Plaintiff responds that she has no non-privileged documents responsive to this request in her possession, custody or control.

**REQUEST NO. 167:**

All DOCUMENTS relating or referring to YOUR allegations in paragraph 89 of YOUR COMPLAINT that YOU "oppos[ed] what [YOU] believed to be discriminatory treatment by Defendant Holloway to Defendants' Human Resources personnel."

**RESPONSE TO REQUEST NO. 167:**

Subject to and without waiving the foregoing objections, Plaintiff responds that she will produce non-privileged documents responsive to this request, which are in her possession, custody or control.

**REQUEST NO. 168:**

All DOCUMENTS relating or referring to YOUR allegations in paragraph 89 of YOUR COMPLAINT that after YOU opposed what YOU believed to be discriminatory treatment, "that the harassment intensified ...."

**RESPONSE TO REQUEST NO. 168:**

Subject to and without waiving the foregoing objections, Plaintiff responds that she will produce non-privileged documents responsive to this request, which are in her possession, custody or control.

**REQUEST NO. 169:**

All DOCUMENTS relating or referring to YOUR allegations in YOUR COMPLAINT that "Defendants may have engaged in other discriminatory practices against [YOU] ...."

**RESPONSE TO REQUEST NO. 169:**

Subject to and without waiving the foregoing objections, Plaintiff responds that she has no non-privileged documents responsive to this request in her possession, custody or control.

**REQUEST NO. 170:**

All DOCUMENTS relating or referring to YOUR allegations in YOUR COMPLAINT that "[o]n November 1,2012, [YOU] filed a timely complaint of discrimination against Defendant with the California Department of Fair Employment and Housing (hereinafter referred to as 'DFEH')."

**RESPONSE TO REQUEST NO. 170:**

Subject to and without waiving the foregoing objections, Plaintiff responds that she will produce non-privileged documents responsive to this request, which are in her possession, custody or control.

DATED: April 30, 2014                    ALLRED, MAROKO & GOLDBERG

By: _____
DOLORES Y. LEAL
Attorneys for Plaintiff,
**CAILYNN PHAM**

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT TARGET CORPORATION'S
FIRST DEMAND FOR INSPECTION OF DOCUMENTS AND THINGS

Ex. 10
184

## VERIFICATION

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I have read the foregoing **OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST DEMAND FOR INSPECTION OF DOCUMENTS AND THINGS** and know its content.

I am a party to this action.  The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matter I believe them to be true.

Executed on this ___30___ day of ___APRIL___, 2014 at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Cailynn Pham
TYPE OR PRINT NAME

SIGNATURE

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

        I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  6300 Wilshire Boulevard, Suite 1500, Los Angeles, California 90048.

        On **April 30, 2014**, I served the foregoing document described as **PLAINTIFF CAILYNN PHAM'S OBJECTIONS AND RESPONSES TO DEFENDANT TARGET CORPORATION'S FIRST DEMAND FOR INSPECTION OF DOCUMENTS AND THINGS**  on interested parties in this action

[ ]     by placing true copies thereof enclosed in sealed  envelopes addressed as stated on the attached mailing list:

[X]     by placing [X] the original [ ] a true copy thereof enclosed in sealed envelopes at Los Angeles, California addressed as follows:

                D. Gregory Valenza, Esq.
                Kelcie M. Gosling, Esq.
                Katie L. Patterson, Esq.
                **SHAW VALENZA LLP**
                980 Ninth Street, Suite 2300
                Sacramento, CA 95814

[X]     **BY MAIL:**  I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California.

[ ]     **BY E-MAIL:**  I caused such document to be electronically served via email to the email address of the addressee(s).

[ ]     **BY FAX:**  by transmitting a true copy via facsimile transmission from telecopier number (323) 653-1660 located at 6300 Wilshire Blvd., Ste. 1500, Los Angeles, California  90048, to the following fax number:

[ ]     **BY PERSONAL SERVICE:**  I caused such envelope to be personally served on the Addressee(s) to the offices of the addressee(s).

        Executed on **April 30, 2014**, at Los Angeles, California.

[X]     **State**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ]     **Federal**  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

                                ANGIE O. PAZ

| | 1 Wages, tips, other compensation | 2 Federal income tax withheld |
|---|---|---|
| | 51626.41 | 4039.58 |

| b Employer identification number (EIN) | 3 Social security wages | 4 Social security tax withheld |
|---|---|---|
| 41-0215170 | 54475.34 | 2287.96 |

| a Employee's social security number | 5 Medicare wages and tips | 6 Medicare tax withheld |
|---|---|---|
| | 54475.34 | 789.89 |

c Employer's name, address and ZIP code

TARGET CORPORATION
NCD-0280
7000 TARGET PARKWAY NORTH
BROOKLYN PARK MN  55445

| 7 Social security tips | 8 Allocated tips | 9 |
|---|---|---|
| | | |

| 10 Dependent care benefits | 11 Nonqualified plans | 12a Code C  10.89 |
|---|---|---|

| 12b Code D  2848.93 | 12c Code DD  7763.67 | 12d Code |
|---|---|---|

| 13 Statutory employee | Retirement plan | Third-party sick pay | 14 Other |
|---|---|---|---|
| | X | | CASDI  544.64 |
| | | | UNW  500.00 |

e Employee's name, address and ZIP code

CAILYNN KIM PHAM
10652 HARCOURT AVE
ANAHEIM CA  92804

| 2012 | 15 State | Employer's state I.D. no. | 16 State wages, tips, etc. |
|---|---|---|---|
| Form W-2 | CA | 282-9255-5 | 51626.41 |

Wage and Tax Statement

Copy 2 To Be Filed With
Employee's State, City, or
Local Income Tax Return.

| 17 State income tax | 18 Local wages, tips, etc. |
|---|---|
| 1967.10 | |

| 19 Local income tax | 20 Locality name |
|---|---|

Department of the Treasury –
Internal Revenue Service

# **PROOF OF SERVICE**

I, Kathryn A. DeLisle, declare that I am employed with the law firm of Shaw Valenza LLP, whose address is 980 9th Street, Sacramento, California 95814; I am over the age of eighteen (18) years and am not a party to this action.

On May 19, 2014, I served the attached: (1) NOTICE OF REMOVAL; and (2) CERTIFICATE OF INTERESTED PARTIES in this action by placing true and correct copies thereof, enclosed in a sealed envelope addressed as follows:

> Dolores Y. Leal, Esq.
> Christina Cheung, Esq.
> Law Offices of Allred, Maroko & Goldberg
> 6300 Wilshire Blvd., Suite 1500
> Los Angeles, CA 90048-5217
> Tele:  323-653-6530
> Fax: 323-653-1660
> **Attorneys for Plaintiff**

**[ X ]**   **BY MAIL**:  United States Postal Service by placing sealed envelopes with the postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at Sacramento, California.

[ ]   BY HAND DELIVERY:  I caused such envelope(s) to be delivered by hand to the above address (via _____).

[ ]   BY HAND DELIVERY:  I delivered by hand to the address below.

[ ]   BY OVERNIGHT DELIVERY:  I enclosed the documents in an envelope or package provided by an overnight delivery carrier, FEDEX, and addressed to the persons at the addresses list above.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery.

1  [ ]   <u>BY FACSIMILE</u>:  I caused such documents to be transmitted by facsimile
from fax number (916) 497-0708 to the fax number(s) indicated above.

2

3         I declare under penalty of perjury under the laws of the State of California that

4  the above is true and correct; executed on May 19, 2014, at Sacramento, California.

5

6

7                                    /s/Kathryn A. DeLisle_____

8                                    Kathryn A. DeLisle

9  338120.1.00104.054

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28